IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY F. FROMPOVICZ, JR., CAROL FRAMPOVICZ, t/a FAR AWAY SPRINGS, Of RD #2, Box 4418 Jonestown, Pennsylvania 17038 | ) ) ) ) ) 1: CV00-1750 |
| Vs. | ) ) ) |
| UNION TOWNSHIP Municipal Building RD #1 Jonestown, Pennsylvania 17038 | ) ) ) CIVIL ACTION NO. ) ) |
| UNION TOWNSHIP BOARD OF SUPERVISORS Municipal Building RD #1, Box 1940 Jonestown, Pennsylvania 17038 | ) ) ) ) ) |
| SUPERVISOR BARRY L. SWANGER UNION TOWNSHIP BOARD OF SUPERVISORS Municipal Building RD #1, Box 1940 Jonestown, Pennsylvania 17038 | ) ) ) ) ) ) |
| SUPERVISOR KENNETH A. KINDT UNION TOWNSHIP BOARD OF SUPERVISORS Municipal Building RD #1, Box 1940 Jonestown, Pennsylvania 17038 | ) ) ) ) ) ) |
| SUPERVISOR DAVID A. CARBAUGH UNION TOWNSHIP BOARD OF SUPERVISORS Municipal Building RD #1, Box 1940 Jonestown, Pennsylvania 17038 | ) ) ) ) ) ) ) ) |

FILED
SCRANTON

OCT 0 3 2000

PER _____
DEPUTY CLERK

```
ZONING OFFICER DONALD TSHUDY        )
Municipal Building                  )
RD #1                               )
Jonestown, Pennsylvania 17038       )
                                    )
ZONING OFFICER WILSON JONES         )
Municipal Building                  )
RD #1                               )
Jonestown, Pennsylvania 17038       )
                                    )
DAVID MILLER/ASSOCIATES, INC.       )
1976 Cenerville Road                )
Lancaster, PA 17601                 )
                                    )
```

## CIVIL ACTION COMPLAINT

**AND NOW** comes Plaintiffs, by and through their attorneys, TERI B. HIMEBAUGH, ESQ. and TOM SCOTT, ESQ. and bring this complaint against the Defendants and in support thereof avers as follows:

### PARTIES

1. Plaintiffs, STAN and CAROL FRAMPOVICZ t/a FAR AWAY SPRINGS are the owners of property that sits one mile north of S.R. 443 on the northern side of Ridge Road, Lot #45 (hereafter "the property").

2. Defendant, UNION TOWNSHIP, is a governmental entity established and operated pursuant to the statutes and authority of the Commonwealth of Pennsylvania which funds, oversees and operates the Township's Zoning Code Enforcement Office (hereafter referred to as the "Zoning Office") and its' employees and ensures that it operates pursuant to law.

3. Defendant, UNION TOWNSHIP BOARD OF SUPERVISORS is an administrative body functioning under the authority and supervision of UNION TOWNSHIP. SUPERVISORS SWANGER, KINDT and CARBAUGH are the Board's agents and employees and at all times material acted within the course and scope of their respective authority and employment and for the benefit of their respective principals and employers.

4. Defendants DONALD TSHUDY and WILSON JONES were Zoning Officers/Code Enforcement Officers employed directly by or as agents of the Zoning Office and Union Township. TSHUDY for a period of time during the course of the conduct complained upon herein was employed by co-Defendant, DAVID MILLER/ASSOCIATES. Defendants acted at all times within the course and scope of their

respective authority and employment and for the benefit of their respective principals and employers.

5. Defendant DAVID MILLER/ASSOCIATES is a civil engineering and land-planning firm who acted under color of state authority as the agent and/or employee of UNION TOWNSHIP responsible in part for evaluating zoning requests. Defendant, its agents, employees and servants acted within the course and scope of their respective authority and employment and for the benefit of their respective principals and employers.

6. Defendants are all state actors and are sued in both their official and individual capacities, jointly and separately.

### JURISDICTION AND VENUE

7. Plaintiffs bring this action pursuant to 42 U.S.C. 1983 alleging violations of their constitutional rights under the Fourteenth Amendment. All actions complained of in this compliant occurred within Lebanon County and all parties are located within Lebanon County, therefore jurisdiction and venue are proper before the U.S.

District Court for the Middle District. 28 U.S.C. §§ 1331 and 1334.

## FACTS

8.  On or about April 12, 1997 Plaintiffs purchased a property at issue in the instant case.

9.  At the time of its purchase, the property has been zoned under Union Township Zoning Ordinance 402.1 as Agricultural, which included a permitted use of intensive animal husbandry (pig farming).

10. The plaintiffs purchased the property at auction from Esther Rauch who, had been a Union Township Zoning Officer from March 1989 to February 1997.

11. There were two bidders at the sale: Plaintiffs and Farmer Boy Ag.

12. At the time of sale, Defendants were aware that Plaintiffs' intended to use the property to collect and sell spring water. Farmer Boy Ag's intended use of the property, had they been the high bid, was a pig farm.

13. In August, 1997 TSCHUDY advised the Plaintiffs that the water operation was an acceptable use of the property under the applicable zoning code and that they may proceed.

14. TSCHUDY subsequently left the Zoning Office but was and remained still employed by DAVID MILLER/ASSOCIATES. JONES was hired to replace him.

15. Subsequently, on March 4, 1998 Plaintiffs were advised that the water operation was not an approved use of the property and they would have to apply for a zoning variance in order to use the property for the proposed water operation.

16. In June, 1998 Plaintiffs request for a variance related to the water operation was denied.

17. Plaintiffs thereupon advised JONES that they intended to operate a pig farm on the property instead of the water operation. At that time JONES verbally confirmed to Plaintiffs that the property was already zoned for high intensity pig farming under § 402.1(c) of the Union Township Zoning Ordinances.

18. In June 1998 out of caution and because there would be a change of use (the property had previously been used for crops/trees) Plaintiffs applied for a zoning permit (not a building permit) be issued to confirm that the property could be used for high intensity pig farming.

19. On June 24, 1998 JONES advised the Plaintiffs that they would need to submit E&S, building, manure, subdivision and other plans before a building permit would be issued.

20. At a June 30, 1998 meeting with JONES, Plaintiffs explained that they were not seeking a building permit at that time but rather only a zoning permit confirming that the property was approved for use as a high intensity pig farm. Plaintiffs wanted written assurance of the properties approved use before investing significant additional sums of money for preparation of the multitude of plans Defendants indicated they required.

21. Plaintiffs aver that at all times material other similarly situated and zoned property owners requested and routinely received from Defendants zoning permits, without the prior issuance of a building permit, in order to confirm the accepted use of their property.

22. In August, 1998 Plaintiffs repeated their request that they be issued a zoning permit (as opposed to a building permit) to TSCHUDY, who had now replaced JONES as Zoning Officer. TSCHUDY reassured the Plaintiffs that the pig farm operation they proposed was in fact an approved use, however he agreed to take the matter up with the Township Solicitor.

23. Defendants subsequently prepared a letter to the Plaintiffs confirming that the Plaintiffs' property was approved for use as a high intensity pig farm but Defendants intentionally delayed and refused to issue said letter.

24. On September 30, 1998, Plaintiffs zoning application was denied on the basis that they had not filed all the required plans. Plaintiff avers that the denial was deliberate in order to delay Plaintiffs application long

enough for the Defendants to pass changes to the Zoning Ordinances which would prevent Plaintiff from operating a pig farm entirely, regardless of whether or not he submitted all the appropriate plans.

25. During the same general time period, landholders within the township including but not limited to I.C. Farms/George Christiansen were given written confirmation of the accepted use of their property for high intensity pig farming without being first required to file an E&S plan, a manure plan, a development plan etc. This confirmation of accepted use was based in part on evaluations done by DAVID MILLER/ASSOCIATES.

26. It is further averred that Defendants did not as vigorously or strictly enforce or seek enforcement of the zoning code on other similarly situated and sometimes significantly larger projects with more potential environmental impact than Plaintiffs project.

27. On November 11, 1998 at a Township meeting, a six month moratorium on development of intensive animal husbandry within the Township was passed.

28. On April 14, 1999 Ordinance No. 75, 1999 was enacted by the BOARD OF SUPERVISORS wherein Township Ordinances were amended to specifically define intensive animal husbandry to include pig farming and to eliminate intensive animal husbandry as a permitted use.

29. Plaintiffs also filed an Application for Rezoning to permit the adjacent property they leased to be used as a Sawmill. While the adjacent property in question had been zoned OSTC, it had been operating, with full knowledge of the Defendants as a commercial sawmill for over 25 years prior to the Plaintiffs request for rezoning.

30. Plaintiff's Rezoning request was similar in nature to requests made by other similarly situated property owners within the Township, including but not limited to properties owned by David Carbaugh, Richard Sidle, Ellwood Hoover and Lebanon Valley Honda. Those Rezoning Requests were promptly processed and granted by the Defendants.

31. At the Township meeting held on August 9, 2000, Plaintiff's Applications related to the pig farm and Rezoning request related to the Sawmill were tabled until some unspecified later date. When questioned why Plaintiffs applications were not being expeditiously processed and granted as other businesses applications were, it was indicated that the reason Plaintiffs were being treated differently was because Defendants had an acrimonious history with the Plaintiffs and held personal animosity toward them.

32. As a direct and proximate result of Defendants acts, Plaintiffs have been injured. They have suffered monetary damages and they have been denied the use of their properties. They have also incurred legal fees and other such costs and expenses. Furthermore, they have suffered significant emotional distress, pain and anxiety.

## COUNT I
## DENIAL OF FOURTEENTH AMENDMENT DUE PROCESS RIGHTS

33. Plaintiff incorporates herein as if set forth in full paragraphs 1 through 32 of the instant complaint.

34. Plaintiffs have a property interest subject to substantive due process protections.

35. Defendants did recklessly, intentionally, deliberately, maliciously and willfully act in an arbitrary and capricious manner for personal reasons unrelated to the merits of the proposed use of the property and to otherwise deny the Plaintiffs due process of law when they treated Plaintiffs in a significantly different manner than other similarly situated landholders.

36. Defendants deprived Plaintiffs of their procedural due process rights in that they had a protected property interest and there are no reasonable remedies available to the Plaintiffs to rectify the acts of the Defendants.

## COUNT II
## CONSPIRACY TO DENY DUE PROCESS RIGHTS

37. Plaintiff incorporates herein as if set forth in full paragraphs 1 through 36 of the instant complaint.

38. Defendants did recklessly, intentionally, deliberately, maliciously and willfully conspire with each other to deny Plaintiffs their Due Process rights and to prevent the Plaintiffs from using their property for any purpose.

## COUNT III
## MUNICIPAL POLICY, PRACTICE AND CUSTOM/ FAILURE TO TRAIN AND SUPERVISE

39. Plaintiff incorporates herein as if set forth in full paragraphs 1 through 38 of the instant complaint.

40. Defendant municipality adopted, maintained and/or acquiesced to a custom, policy and practice, which permitted the arbitrary and capricious actions of the individual Defendants, thereby denying landholders such as the Plaintiffs due process.

41. Defendants did recklessly, knowingly, outrageously and maliciously fail to properly train and supervise the employees, including the named Defendants, within the Township Zoning Office.

42. Defendants did recklessly, knowingly, outrageously and maliciously fail to ensure that the Zoning Code was

literally, uniformly and correctly interpreted and enforced in an unbiased and non-discriminatory manner.

43. Defendants did recklessly, knowingly, outrageously and maliciously fail to ensure that the Zoning Office maintained accurate and complete records and observed uniform, unbiased and non-discriminatory procedures and policies.

**WHEREFORE,** Plaintiffs are entitled as a matter of law to compensatory and punitive damages for any injury stemming from the above actions of Defendants. Plaintiffs also seek injunctive relief to permit them full use of the property.

                              Respectfully submitted,

                              Teri B. Himebaugh, Esq.
                              220 Stallion Lane
                              Schwenksville, PA 19473
                              (610) 287-0216
                              PA ID 53603

                              Attorney for the Plaintiffs

## VERIFICATION

We, the Plaintiffs named herein and having express authorization to enter into this Verification, verifies the foregoing and avers that the statements of fact therein contained are made subject to the penalties of 18 Pa. C.S. sec 4904, relating to unsworn falsifications to authorities, and that the same are true and correct upon the signer's personal knowledge, information and belief.

PLAINTIFFS:

_____          9-15-00
STANLEY FROMPOVICZ, JR.                 DATE

_____          9-16-00
CAROL FROMPOVICZ                        DATE