## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STANLEY F. FROMPOVICZ, JR., CAROL :
FROMPOVICZ, t/a FAR AWAY SPRINGS, : NO. 1:CV00-1750
    Plaintiffs :
     :
   v.   :
     :
UNION TOWNSHIP, UNION TOWNSHIP :
BOARD OF SUPERVISORS, SUPERVISOR :
BARRY L. SWANGER, SUPERVISOR : JURY TRIAL DEMANDED
KENNETH A. KINDT, SUPERVISOR :
DAVID A. CARBAUGH, ZONING OFFICER :
DONALD TSHUDY, ZONING OFFICER :
WILSON JONES, and DAVID MILLER/ :
ASSOCIATES, INC., :
    Defendants :

**FILED**
**HARRISBURG**

Caldwell — JAN 3 - 2001

MARY E. D'ANDREA, CLERK

Per _____
DEPUTY CLERK

## BRIEF IN SUPPORT OF UNION TOWNSHIP DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

I. STATEMENT OF FACTS AND PROCEDURAL HISTORY:

In April, 1997, Plaintiffs purchased a 120-acre farm in Union Township located

within the agricultural zoning district for purposes of drawing water from wells on the

property and transporting it to another location to be bottled and distributed to various

retailers. Plaintiffs commenced construction of the commercial water use upon the

property without applying for any permits within the Township. A cease and desist

order was issued, but Plaintiffs refused to abide by it. The Township then applied for

and obtained an injunction directing Plaintiffs to stop construction on the property. See

Exhibit "F". Plaintiffs then applied to the Township Zoning Hearing Board for a finding

that the commercial water operation was a permitted use under the Union Township Zoning Ordinance. In that proceeding, Plaintiffs contended that water is an agricultural product and that they should be permitted to "harvest" water in the agricultural zone of the Township.

The Zoning Hearing Board denied Plaintiffs' request and the Lebanon County Court of Common Pleas upheld the Board's findings. See Exhibit "B". Plaintiffs appealed to the Commonwealth Court which upheld the Zoning Hearing Board and the Pennsylvania Supreme Court denied Plaintiffs' Petition for Allowance of Appeal. See Exhibit "D". The courts all found that a commercial water use was not a permitted use in the Township's agricultural district.

In June, 1998, Plaintiffs applied for a zoning permit to change the use of the property from crop production to intensive animal husbandry. The Zoning Officer denied the issuance of the "use permit" because Plaintiffs had failed to present any necessary plans or supporting documents as required by the Township Zoning Ordinance. Plaintiffs appealed to the Union Township Zoning Hearing Board which affirmed the Zoning Officer's decision. On appeal, the Lebanon County Court of Common Pleas rejected Plaintiffs' contention that they were subjected to disparate treatment from similarly situated property owners and concluded that the Zoning Hearing Board did not err as a matter of law nor abuse its discretion and denied Plaintiffs' appeal. See Exhibit "C". Plaintiffs then appealed to the Commonwealth Court of Pennsylvania which affirmed the trial court's decision. See Exhibit "E".

In November, 1998, the Township passed a six-month moratorium on development of intensive animal husbandry within the Township. The moratorium was put in place while Plaintiffs were still pursuing appeals of the denial of the use permit and the moratorium had ceased by the time Plaintiffs had exhausted their appeals. On April 14, 1999, Ordinance No. 75, 1999 was enacted by the Board of Supervisors and it still permits Mr. Frompovicz to have an intensive animal husbandry use upon the property. See Exhibit "A". Plaintiffs and other interested property owners are only now required to apply for a special exception and present evidence of a nutrient management plan which is required for intensive animal husbandry uses in the State of Pennsylvania. To date, Plaintiffs have never applied for the special exception under the new ordinance.

Plaintiffs, Stanley F. Frompovicz, Jr. and Carol Frompovicz, t/a Far Away Springs, initiated this civil action by filing a Complaint pursuant to 42 U.S.C. § 1983 on October 3, 2000. Plaintiffs' Complaint contains three counts and purports to assert claims for denial of Plaintiffs' Fourteenth Amendment due process rights (Count I); conspiracy to deny due process rights (Count II); and the failure to train and/or supervise/unconstitutional municipal policy, practice and custom claim (Count III). On December 18, 2000, the Union Township Defendants filed a Motion to Dismiss Plaintiffs' Complaint. Contemporaneously with the filing of this Brief, the Union Township Defendants have filed an Appendix of Exhibits in support of their dispositive

motion. This Brief is in support of the Union Township Defendants' Motion to Dismiss Plaintiffs' Complaint.

II.    QUESTIONS PRESENTED:

      A.    **STANDARD OF REVIEW.**

      B.    **WHETHER PLAINTIFFS' COMPLAINT FAILS TO STATE CLAIMS OR CAUSES OF ACTION AGAINST THE UNION TOWNSHIP DEFENDANTS UPON WHICH RELIEF CAN BE GRANTED?**

            [SUGGESTED ANSWER: YES]

      C.    **WHETHER PLAINTIFFS' COMPLAINT FAILS TO ASSERT ANY COGNIZABLE CLAIMS AGAINST THE INDIVIDUAL TOWNSHIP DEFENDANTS?**

            [SUGGESTED ANSWER: YES]

III.    ARGUMENT:

      A.    **STANDARD OF REVIEW.**

The standard to be applied in consideration of a motion to dismiss pursuant to Rule 12(b)(6) is well established in our jurisprudence. The court is to accept as true as well-pleaded allegations in the complaint along with the reasonable inferences that can be drawn therefrom and view them in the light most favorable to the non-moving party. Jordan v. Fox, Rothschild, O'Brien and Frankel, 20 F.3d 1250, 1661 (3d Cir. 1994). Although the court must, for purposes of such a motion, accept all factual allegations as true, it is not bound as such to accept conclusory allegations of law, unsupported conclusions and unwarranted inferences or deductions set forth in the Complaint. Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997). Furthermore,

"conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss." Morse, 132 F.3d at 906, n.8.

When presented with a motion to dismiss, the court is not limited to evaluating the Complaint, but it can also consider public records and "indisputably authentic document[s] that a [moving party] attaches as an exhibit to a motion to dismiss if the [non-moving party's] claims are based on the [attached] documents." Pension Benefits Guarantee Corp. v. White Consolidated Industries, 998 F.2d 1192, 1196 (3d Cir. 1993). The question before the court on a motion to dismiss is whether the plaintiff can prove any set of facts in support of his claim which entitles the plaintiff to relief. Hartford Fire Ins. Co. v. California, 113 S.Ct. 2891, 2817 (1993).

**B.    PLAINTIFFS' COMPLAINT FAILS TO ALLEGE ANY FACTS ESTABLISHING ANY COGNIZABLE CLAIMS AGAINST THE UNION TOWNSHIP DEFENDANTS.**

In their Complaint, Plaintiffs assert claims pursuant to § 1983 for deprivation of substantive due process rights, procedural due process rights and conspiracy.   To succeed on a substantive due process claim pursuant to § 1983, a plaintiff must establish that he or she has a property interest protected by the Fourteenth Amendment's due process clause. Woodwind Estates, Ltd. v. Gretkowski, 205 F.3d 118, 123 (3d Cir. 2000). In addition to demonstrating a protected property interest, the plaintiff must show that "it was a victim of 'governmental action [that] was arbitrary, irrational or tainted by improper motive.' " Id. at 124 (quoting, Bello v. Walker, 840 F.2d 1124, 1129 (3d Cir.

1980). Plaintiffs' Complaint fails to allege any facts satisfying either essential element of a cognizable substantive due process claim.

In a procedural due process claim, the court must determine whether (1) "the asserted individual interests are encompassed within the Fourteenth Amendment's protection of life, liberty or property" and (2) the procedures available provided the plaintiff with "due process of law." Alvin v. Suzuki, No. 99-3245, 2000 WL 1281478, at *7 (3d Cir. 9/12/00), quoting, Robb v. City of Philadelphia, 733 F.2d 286, 299 (3d Cir. 1984). Before a plaintiff may state a claim for failure to provide procedural due process, he or she must have taken advantage of the processes available, unless the processes are "clearly unavailable or patently inadequate." Alvin at *7. If there is adequate state process available, a plaintiff cannot circumvent that process and "use the federal courts as a means to get back what he wants." Id., see also, Zinerman v. Burch, 494 U.S. 115, 126 (1990); McDaniels v. Flick, 59 F.3d 446, 460 (3d Cir. 1995).

As a threshold matter, moving Defendants asserted that some of Plaintiffs' claims are time barred. The Third Circuit has held that Pennsylvania's two-year statute of limitations for personal injury claims is applicable to federal civil rights claims. Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998); Smith v. City of Pittsburgh, 764 F.2d 188, 194 (3d Cir. 1985). The Third Circuit has noted, where the conduct complained of occurred outside the two-year statute of limitations, then § 1983 claims based on that conduct are time barred. Bougher v. University of Pittsburgh, 882 F.2d 74, 78 (3d Cir. 1989).

In this case, Plaintiffs' Complaint was filed on October 3, 2000. Consequently, to the extent that the Plaintiffs' Complaint is predicated upon claims which arose on or before October 3, 1998 (two years prior to the filing of the Complaint), said claims are time barred and must be dismissed with prejudice. To the extent that the Plaintiffs' claims are predicated upon actions taken by Union Township Defendants between March 4, 1998 and September 30, 1998 (Complaint ¶¶ 15 through 26), those claims are barred by application of the two-year statute of limitations.

In their dispositive motion, moving Defendants also assert that Plaintiffs' claims, or some of them, are not ripe for adjudication by this Honorable Court.  As the Third Circuit noted, "ripeness is 'peculiarly a question of timing.' " Taylor Investment, Ltd. v. Upper Darby Township, 983 F.2d 1285, 1290 (3d Cir. 1993) (quoting, Thomas v. Union Carbide Agricultural Products Company, 473 U.S. 568, 580 (1985).  "Because ripeness affects justiciability, we believe that unripe claims should ordinarily be disposed of on a motion to dismiss, not summary judgment." Id. "The doctrine is essentially viewed as a prudential offshoot of the case or controversy requirement under Article 3 of the Constitution." Binker v. Commonwealth of Pennsylvania, 977 F.2d 738, 753 (3d Cir. 1992).  It has also, however, been characterized as a prudential limitation on federal jurisdiction.  Taylor, 983 F.2d at 1290.  Regardless of which interpretation is more appropriate, it is clear that the primary issue that the ripeness doctrine addresses is when a proper party may bring an action.  Armstrong World Industries, Inc. v. Adams, 961 F.2d 405, 411 (3d Cir. 1992).

In this case, the six-month moratorium which was imposed did no harm to the Plaintiffs. They did not attempt to obtain any kind of permit or establish a use upon their property while the moratorium lasted. To the contrary, during that time, Plaintiffs were in the process of appealing the Township's previous decisions through the state courts. Moreover, the Township Supervisors eventually passed an Ordinance which permits Plaintiffs and other property owners to have an intensive animal husbandry use upon their property. Plaintiffs and other property owners are only now required to apply for a special exception at which time they would have to present evidence of a nutrient management plan which is required for intensive animal husbandry uses in the Commonwealth of Pennsylvania. Since Plaintiffs have not applied for the special exception under the new Ordinance, their case is not ripe for consideration by this Honorable Court. In short, there is no case or controversy to be resolved by this Honorable Court.

In the event that this Honorable Court finds that the claims arising out of the prior land use decisions (Complaint ¶¶ 15-26) made by the Township are not time barred, then Plaintiffs' due process claims must fail as a matter of law because Plaintiffs have adequate post-deprivation remedies available under state law. In Bello v. Walker, 840 F.2d 1124 (3d Cir. 1988), the Third Circuit held that procedural due process was satisfied and the building permit denied where judicial review was available under state law. See also, Creative Environments, Inc. v. Estabrook, 680 F.2d 822 (1st Cir.), cert. denied, 459 U.S. 989 (1982); Sylvia Development Corp. v. Calvert County, 48 F.3d 810

(4th Cir. 1995). It is readily apparent from the face of Plaintiffs' Complaint and the court decisions attached as Exhibits "B" through "F" of the Appendix of Exhibits that the procedural due process requirements have been satisfied in this case.

As to the substantive due process claims, Plaintiffs must demonstrate that the actions taken by Moving Defendants were arbitrary and capricious acts that deprived Plaintiffs of a protected property interest. Taylor Investments, Ltd., 983 F.2d at 1291. Typically, zoning decisions and regulations are reviewed under the rational basis test since they do not involve fundamental rights or suspect classification and consist of essentially economic restrictions. City of Claburne, Texas v. Claburne Living Center, 473 U.S. 432, 440 (1985). In that regard, zoning decisions and/or zoning land use legislation will not be disturbed if rationally related to a legitimate governmental interest. Pace Resources, Inc. v. Shrewsbury Township, 808 F.2d 1023, 1035 (3d Cir. 1987). Clearly, the enactment of an ordinance based upon the finding that it was in the best interest of the Township that an intensive animal husbandry operation be limited to areas and in ways which will cause the least interference and interruption of the surrounding Township residents and businesses, without hindering the important trade in agriculture, is rationally related to a legitimate governmental interest. See Exhibit "A". In enacting that Ordinance, the Township Supervisors had to exercise legislative discretion in balancing the competing interests of Township residents who favored stringent controls on animal husbandry uses within the Township and farmers who

opposed such controls.  Consequently, Plaintiffs' substantive due process claims fail as a matter of law.

Moving Defendants further contend that the doctrines of collateral estoppel and/or res judicata prevent Plaintiffs from re-litigating matters which were decided adverse to Plaintiffs' position by the Pennsylvania courts.  The federal court must give preclusive effect to a state court judgement whenever the state's court would do so. Allen v. McCurry, 449 U.S. 90, 96 (1980); Bailey v. Ness, 733 F.2d 279, 281 (3d Cir. 1984). In that regard, the Lebanon County Court of Common Pleas has already upheld the Township's land use decision with respect to Plaintiffs' proposed commercial water use project and the request for change of use for the property.  Since the Pennsylvania trial and appellate courts have already ruled as a matter of law that the Township acted reasonably, appropriately and lawfully with respect to the regulation of Plaintiffs' use of their property, the doctrine of collateral estoppel precludes Plaintiffs from re-litigating those judicial determinations in this proceeding under the guise of a due process claim.  Under these circumstances, Plaintiffs have not and cannot establish the requisite, arbitrary and capricious action on the part of the Township Defendants to establish a cognizable substantive due process claim.

In order to plead and prove a cognizable civil conspiracy claim, the Plaintiffs must allege facts showing "a combination of two or more persons to do a criminal act, or to do a lawful act by unlawful means or for an unlawful purpose."  Panayotides v. Rabenold, 35 F. Supp. 2d 411 (E.D. Pa. 1999); Hammond v. Creative Financial Planning,

800 F. Supp. 1244, 1248 (E.D. Pa. 1992).  In <u>Ammulung v. City of Chester</u>, 494 F.2d 811, 814 (3d Cir. 1974), the court ruled that the plaintiff must make specific factual allegations of combination, agreement or understanding among all or between any of the defendants to plot, plan or conspire to carry out the alleged chain of events.

In the context of a 12(b)(6) motion, the court in <u>Panayotides</u> noted as follows:

> " 'Only allegations of conspiracy which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain other actions of the alleged conspirators taken to achieve that purpose will be deemed sufficient. . . .' " <u>Dutton</u>, 1997 wl 7-2856 at *2 (<u>quoting</u>, <u>Rose v. Bartle</u>, 871 F.2d 331, 366 (3d Cir. 1989) (internal citations omitted))  Further, 'agreement' is the sine qua non of a conspiracy.  <u>Spencer v. Stineman</u>, 96 _____, F. Supp. 1011, 1020 (E.D. Pa. 1997).
>
> It is not enough that the end result of the parties' independent conduct caused plaintiff harm or even that the perpetrators of the harm acted in conscious parallelism."

<u>Panayotides</u>. 35 F. Supp. 2d at 419.

In this case, Plaintiffs' Complaint is totally devoid of any factual averments establishing either the existence of a conspiracy and/or a resultant deprivation of a federally protected right.  Pursuant to the holding in <u>Panayotides</u>, <u>supra</u>.  Plaintiffs' Complaint fails to state cognizable claims for civil conspiracy and must be dismissed with prejudice as a matter of law.

**C.    PLAINTIFFS' COMPLAINT AGAINST THE INDIVIDUAL TOWNSHIP DEFENDANTS MUST BE DISMISSED WITH PREJUDICE AS A MATTER OF LAW FOR FAILURE TO STATE CLAIMS OR CAUSES OF ACTION UPON WHICH RELIEF CAN BE GRANTED.**

Plaintiffs' Complaint names the individual Township officials as Defendants in both their individual and official capacities.  A suit under § 1983 against a municipal officer in his official capacity is in actuality a suit directed against the municipality that the officer represents.  Kentucky v. Graham, 473 U.S. 159, 165 (1985).  Because a suit against one is the functional equivalent of the other, there is no reason for plaintiff to pursue official capacity defendants if the municipality itself is a party.  Graham, 473 U.S. at 166; Brandon v. Holt, 469 U.S. 464, 471-72 (1985).  A number of courts have ruled that it is redundant to allow lawsuits to proceed against both the municipality and the individuals in their official capacity.  See, Busby v. City of Orlando, 930 F.2d 764 (11th Cir. 1991); Orange v. County of Suffolk, 830 F. Supp. 701, 707 (E.D.N.Y. 1993); and Kohn v. Mucia, 776 F. Supp. 348 (N.D. Ill. 1991).  Consequently, the claims asserted against the individual Township Defendants in their official capacities in Plaintiff's Complaint merge as a matter of law with the civil rights complaint against the municipal defendants.  Moreover, to the extent that Plaintiffs' Complaint attempts to assert claims for punitive damages against the individual Township Defendants in their official capacities, said claims are barred as a matter of law.  See, City of Newport News v. Fact Concepts, Inc., 453 U.S. 247, 271 (1981); Agresta v. Goode, 694 F. Supp. 117 (E.D. Pa. 1988).

Plaintiffs' Complaint also names the three Township Supervisors and two Zoning Officers as Defendants in their individual capacities.  To state a viable § 1983 claim, the Plaintiffs must set forth facts in their Complaint showing how each named

12

Defendant was personally involved in the alleged deprivation of Plaintiffs' federally protected rights. In this case, as set forth in Count III(B), the Plaintiffs have not established any cognizable constitutional claims against the Defendants. Moreover, the Complaint does not allege any facts alleging that the individual Defendants acted other than in their official capacities as Township Supervisors and/or Zoning Officers. Consequently, the Complaint fails to state cognizable claims against the Township Defendants acting in their individual capacities.

The Township Supervisors further assert that they enjoy absolute legislative immunity from liability with respect to the enactment of Ordinance No. 75 of 1999. In Tenney v. Brandhove, 341 U.S. 367, 376 (1951), the Supreme Court recognized absolute immunity for state legislators from civil rights actions for acts taken "in the sphere of legitimate legislative activity." In Tenney, the court recognized that "the exercise of legislative discretion should not be inhibited by judicial interference or distorted by the fear of personal liability." Tenney, 341 U.S. at 377. Moreover, the court noted that the time and energy required to defend against a lawsuit are of particular concern at the local level, where the part-time citizen legislature remains commonplace. Id. Legislative immunity was extended by the Supreme Court in Lake Country Estates, Inc. v. Tahoe Regional Planning Agency, 440 U.S. 391, 406 (1979) to members of state-created local regional agencies for acts performed "in the capacity comparable to that to members of the state legislature."

Based upon the holdings in <u>Tenney</u>, and <u>Lake Country Estates</u>, the Third Circuit extended absolute immunity to local/municipal legislators from § 1983 actions for acts performed in a legislative capacity in <u>Aitchison v. Raffiani</u>, 708 F.2d 96, 99 (3d Cir. 1983). Absolute immunity exists if the conduct challenged was legislative or judicial in nature, rather than administrative, executive or managerial. If absolute immunity applies, the subjective motivation of the defendant is irrelevant. All that matters is the nature of the acts performed and whether they fall within the scope of legislative activity. <u>Aitchison</u>, 708 F.2d at 98. The United States Supreme Court in <u>Bogan v. Harris</u>, 119 S. Ct. 966 (1998) ruled that absolute legislative immunity from suit under § 1983 attaches to all actions of local officials (such as the individually named Township Supervisors) taken in the sphere of legitimate legislative activity.

The Township Supervisors contend that the enactments of the moratorium and Ordinance No. 75 of 1999, as set forth in Plaintiffs' Complaint, fall within the sphere of legitimate legislative activity for which the Township Supervisors enjoy an absolute legislative immunity from suit under § 1983. Clearly, both the moratorium and Ordinance No. 75 applied to any and all individuals and/or entities who owned property within Union Township and desired to engage in intensive animal husbandry operations. These enactments represent a core legislative function which cannot be characterized as administrative, executive and/or managerial in nature. Moreover, the Ordinance does not preclude the operation of intensive animal husbandry uses within the Township, rather it simply requires the property owner to apply for a special

exemption and submit the requisite nutrient management plan. It is readily apparent from the allegations of the Complaint that the individual Township Supervisors enjoy an absolute legislative immunity from liability with respect to the claims arising out of the enactments of the moratorium and Ordinance No. 75 of 1999.

IV.    CONCLUSION:

For the reasons advanced herein, the Union Township Defendants respectfully request this Honorable Court dismiss Plaintiffs' Complaint with prejudice.

Respectfully submitted,

LAVERY, FAHERTY, YOUNG & PATTERSON, P.C.

Date: 01/03/2001

By: _____
Frank J. Lavery, Jr., Esquire
Attorney I.D. 42870
James D. Young, Esquire
Attorney I.D. 53904
P. O. Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633
Attorney for Union Township
Defendants

## CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this ___3nd___ day of January, 2001, I served a true and correct copy of the foregoing BRIEF IN SUPPORT OF UNION TOWNSHIP DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT via U.S. First Class mail, postage prepaid, addressed as follows:

Teri B. Himebaugh, Esquire
220 Stallion Lane
Schwenksville, PA 19473

David Miller/Associates, Inc.
1976 Cenerville Road
Lancaster, PA 17601

_Linda L. Gustin_
Linda L. Gustin