FILED
HARRISBURG

JAN 3 - 2001

MARY E. D'ANDREA, CLERK

PER _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STANLEY F. FROMPOVICZ, JR., CAROL     :
FROMPOVICZ, t/a FAR AWAY SPRINGS,     :     NO. 1:CV00-1750
      Plaintiffs     :
                                    :
                v.     :
                                      :
UNION TOWNSHIP, UNION TOWNSHIP     :
BOARD OF SUPERVISORS, SUPERVISOR     :
BARRY L. SWANGER, SUPERVISOR     :     JURY TRIAL DEMANDED
KENNETH A. KINDT, SUPERVISOR     :
DAVID A CARBAUGH, ZONING OFFICER     :
DONALD TSHUDY, ZONING OFFICER     :
WILSON JONES, and DAVID MILLER/     :
ASSOCIATES, INC.,     :
      Defendants     :

## APPENDIX OF EXHIBITS IN SUPPORT OF
## UNION TOWNSHIP DEFENDANTS'
## MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Exhibit "A"     Ordinance No. 75, 1999 Union Township, Lebanon County.

Exhibit "B"     Opinion and Order dated January 13, 1999, No. 1998-01024, Court of Common Pleas of Lebanon County, Pennsylvania.

Exhibit "C"     Opinion and Order dated April 7, 1999, No. 99-00142, Court of Common Pleas of Lebanon County, Pennsylvania.

Exhibit "D"     Opinion and Order dated October 6, 1999, No. 316 C.D. 1999, Commonwealth Court of Pennsylvania.

Exhibit "E"    Opinion and Order dated October 18, 1999, No. 1182
C.D. 1999, Commonwealth Court of Pennsylvania.

Exhibit "F"    Order dated May 8, 1998, No. 1998-00535, Court of
Common Pleas of Lebanon County.

Respectfully submitted,

LAVERY, FAHERTY, YOUNG &
PATTERSON, P.C.

Date: 01/03/2001

By:
Frank J. Lavery, Jr., Esquire
Attorney I.D. 42370
James D. Young, Esquire
Attorney I.D. 53904
P. O. Box 1245
Harrisburg, PA  17108-1245
(717) 233-6633
Attorney for Union Township
Defendants

UNION TOWNSHIP, LEBANON COUNTY

ORDINANCE NO. ___75___, 1999

WHEREAS, there has been a proliferation of intensive animal husbandry throughout the country and in Lebanon county; and

WHEREAS, the Board of Supervisors believes it is in the best interest of the township that intensive animal husbandry operations be limited to areas and in ways which will cause the least interference and interruption of the surrounding township residents and businesses, without hindering the important trade in agriculture.

THEREFORE, BE AND IT IS HEREBY ORDAINED AND ENACTED this 14th day of ___April___, 1999, by the Union Township Board of Supervisors as follows:

1.  The Township Zoning Ordinance is hereby amended to



delete the current definition for Animal Husbandry, Intensive and include in the definition of Animal Husbandry, Intensive, the following language:

Animal husbandry, intensive shall be defined as:

(a) an operation defined as a concentrated animal operation (CAO) under the Pennsylvania Nutrient Management Act (Act 6)(as amended); or

(b) an operation which exceeds 100 animal equivalent units as animal equivalent units are calculated and defined under the Pennsylvania Nutrient Management Act (Act 6)(as amended).

For purposes of this section the zoning officer shall refer to the regulations promulgated pursuant to Act 6 for the necessary calculations.

2. Section 402.1 of the Township Zoning Ordinance is hereby amended by the deletion of sections (c)(1-3) eliminating intensive animal husbandry as a permitted use. Intensive Animal Husbandry shall be included under 402.3 as a special exception subject to the following mandatory conditions:

(a) an approved nutrient management plan by the Pennsylvania Department of Environmental Protection, as required by the Nutrient Management Act regulations located

at Title 25, Chapter 83, as amended which shall be demonstrated in writing.

(b) the operation shall not be permitted within 500 feet of any residentially zoned property line or 300 feet of any lot line or road right-of-way.

(c) solid or liquid waste facilities associated with the operation must be permitted in writing under Title 25, Chapter 83, as amended.

(d) the applicant shall demonstrate that he has received all state and local highway occupancy permits as required by the various regulations governing the same.

(e) applicant must demonstrate that there shall be no liquid run off or contamination from the storage of animal waste resulting from the operation.

(f) applicant must demonstrate suitable financial responsibility for any manure spills or the closing out of the manure storage facility.

3. Piggeries for the feeding of garbage to pigs are specifically prohibited.

4. Section 402.5 of the Union Township Zoning Ordinance is amended to provide that the minimum lot area required for a

residential single family detached use shall be one acre.    All other requirements of §402.5 shall remain the same.

5.    This Ordinance is to become effective immediately upon passage by the Board of Supervisors as permitted by law.

6.    If any part or subpart or section or subsection of this Ordinance is declared to be unconstitutional or otherwise legally ineffective, such declaration will have no effect upon the remaining parts of the Ordinance.

ORDAINED AND ENACTED into law this __14th__ day of __April__, 1999.

TOWNSHIP OF UNION

_____
Chairman

_____
Vice Chairman

[Township Seal]
Attest:

_____
Township Secretary

- 4 -

IN THE COURT OF COMMON PLEAS OF LEBANON COUNTY
PENNSYLVANIA

CIVIL

STANLEY F. FROMPOVICZ, JR. and :
P.F. INC., a Pennsylvania Corporation, :
    Plaintiff :
     :
     :
vs.      :   No. 1998–01024
     :
UNION TOWNSHIP ZONING :
HEARING BOARD, :
    Apellee :
     :
UNION TOWNSHIP, :
    Intervenor :

'ENTERED & FILED'
Jan 14   9 25 AM '99
PROTHONOTARY
LEBANON, PA.

FILED
699 | 616

## ORDER

    AND NOW this 13th day of January, 1999, after careful consideration of the arguments of Counsel and the Briefs filed by the respective parties, for the reasons set forth in the attached Opinion, the appeal of Stanley F. Frompovicz, Jr. and P.F. INC. to the decision of the Union Township Zoning Hearing Board is DENIED.

BY THE COURT,

_____, J.
JOHN C. TYLWALK



# IN THE COURT OF COMMON PLEAS OF LEBANON COUNTY PENNSYLVANIA

## CIVIL

| | | |
|---|---|---|
| STANLEY F. FROMPOVICZ, JR. and P.F. INC., a Pennsylvania Corporation, **Plaintiff** | : : : : | |
| **vs.** | : : | No. 1998-01024 |
| UNION TOWNSHIP ZONING HEARING BOARD, **Apellee** | : : : | |
| UNION TOWNSHIP, **Intervenor** | : : : | |

### APPEARANCES:

CHARLES E. ZALESKI, ESQUIRE
JOHN R. KACHUR, ESQUIRE
Eckert, Seamans, Cherin &
Mellott, LLC

For Stanley F. Frompovicz, Jr.,
and P.F. INC.

SAMUEL A. SCOTT, ESQUIRE

For Stanley F. Frompovicz, Jr., and
P.F., INC.

KEITH L. KILGORE, ESQUIRE

For Union Township Zoning
Hearing Board

PAUL R. BAMETZREIDER, ESQUIRE
Reilly, Wolfson, Sheffey, Schrum &
Lundberg

For Union Township

### OPINION, TYLWALK, J., JANUARY 13, 1999.

Before this Court is the appeal of Plaintiff's, Stanley F. Frompovicz (Frompovicz), to

the decision of the Union Township Zoning Hearing Board. Frompovicz and his wife own a

1

0352a

120 acre farm in Union Township located within the Agricultural Zoning District. Their largest adjoining neighbor is the Indiantown Gap Military Reservation. Frompovicz proposes to "harvest" approximately 125,000 gallons of water a day from the two wells and three springs located on the property.

On March 10, 1998, Frompovicz filed an Application to the Union Township Zoning Hearing Board (Board) challenging their denial by the Zoning Officer of:

    a. a building permit to erect a small, accessory building on the property, and

    b. a request to extract water from the property

On April 16, 1998, and May 21, 1998, two public hearings were held. On June 25, 1998, the Board held a public meeting to vote on the Application and on July 28, 1998, the Board denied the above requests in a written decision.

Frompovicz filed a Land Use Appeal from the Board's Decision on August 26, 1998. On September 3, 1998, Union Township intervened in the action as a matter of right. Frompovicz had already commenced construction upon the property prior to obtaining proper permits.

The scope of our review of the Decision of the Board is limited. In a case where the trial court takes no additional evidence in a zoning case, the scope of review is whether the zoning hearing board committed abuse of discretion or error of law. *Ruprecht v. Zoning Hearing Bd. of Hampton Tp.*, 680 A.2d 1214 (Pa. Commw. 1996), *appeal denied*, 548 Pa. 684, 699 A.2d 737 (1997). An abuse of discretion is present when the findings of the zoning board are not supported by "substantial evidence." *Bernie Enter. V. Hilltown Township Zoning Hearing Board*, 657 A.2d 1364 (Pa. Commw. 1995), *alloc. denied*

0353a

542 Pa. 650, 666 A.2d 1058 (1995). If a zoning board's decision is legally sound and supported by substantial evidence, it must be upheld. *D'Amato v. Zoning Bd. of Adjustment of City of Philadelphia*, 137 Pa.Commw. 157, 585 A.2d 580 (1991).

The basis for the Board's Decision denying Frompovicz's request is that the extraction of water from the earth does not constitute a permitted use within the agricultural zone of Union Township. The Township maintains extraction of water from the earth does not fall within the definition of agriculture. "Agriculture" is defined in §201.4 of the Zoning Ordinance as "[t]he cultivation of the soil and the raising and harvesting of the products of the soil, including, but not limited to nursery, horticulture, forestry and animal husbandry." The Township asserts water is more like a mineral in that it is an extractive resource such as salt, and this is not an agricultural product.

Frompovicz argues that harvesting water is a similar agricultural use to those listed under §402.1 of the Zoning Ordinance. These include: "[a]gricultural, crop and truck farming, pasturing, truck gardening, including greenhouses, nurseries, aviaries, hatcheries, apiaries, and similar agricultural uses." Frompovicz suggests that the use of water for human consumption is more closely related to an agricultural use since bottled water is considered a food product. We disagree. We find water to be more like a mineral than an agricultural product and its extraction is not a permitted use in an agricultural zone.

Frompovicz also asserts that if the proposed use is not subject to §402.1, it should be considered a special exception under 402.3 of the Zoning Ordinance as an Agriculturally-Oriented commercial establishment. However, the Township maintains that Frompozicz is not entitled to a special exception under §402.3(4) because the proposed use

0354a

of harvesting water is not specifically authorized in the agricultural district as is required within this exception.

Additionally, Frompovicz argues that under §803.1(b) whenever a use is not specifically permitted or denied in any zoning district, the "Zoning Hearing Board shall have the authority to permit the use or deny the use . . . if it is similar to and compatible with permitted uses in the district." The Township argues that this section does not apply because this use is permitted in the flood plain zone of the Union Township Zoning Ordinance.

Frompovicz also asserts a municipal or township ordinance may not exclude a legitimate use from a municipality or township unless there is some legitimate reason for excluding such use based upon the effects on the public's health, safety and morals and no such reason exists in this case. Frompovicz points out water can only be harvested where it is available. The Township asserts that the zoning ordinance explicitly provides at §407.3(A)(4)(d) for the special exception use of the "extraction of sand, gravel and other materials." Water falls under the category of "other materials" and; therefore, this use is provided for in the Township's Zoning Ordinance. Moreover, §803.1(d) states such permission is not mandatory but rather permissive and within the discretion of the Zoning Hearing Board. The Board found the requested use to be compatible with and permissible within the commercial district rather than the agricultural district; thus, the Ordinance is not exclusionary.

Alternatively, Frompovicz asserts that any municipal zoning power to regulate the extraction of ground water is pre-empted by the Susquehanna River Basin Commission (SRBC) Regulations. However, the Township maintains it is permitted under the

4

provisions of the MPC and the Union Township Zoning Ordinance to regulate where water is extracted from the earth in the Township. The Township has the right to regulate the withdrawal of water to the surface, the processing and filtering of the water upon the surface of the land and the loading of the water onto trucks which remove the water for bottling elsewhere. The Township agrees that the SRBC regulates how much water is withdrawn and the wells where the water is extracted; however, nothing in the SRBC's regulations indicates that it is the intention of the legislature to remove from townships the traditional power to determine where the commercial extraction of water is permitted within the township.

In, *Levin v. Board of Supervisors of Benner Township*, 669 A.2d 1063 (Pa. Commw. 1995), *aff'd*, 689 A.2d 224 (Pa. 1997), the Court refers to the "conditions imposed by the SRBC on the approval of the Authority's application to withdraw ground-water in the Township, . . ." which provides that the SRBC's action does not obviate the need to obtain any other federal, state or local approvals required. *Levin*, 669 A.2d at 1077. Therefore, Frompovicz still needs to get the Board's approval in addition to the approval of the SRBC.

We agree with the Township that the SRBC does not totally pre-empt the power of the Township to regulate under the Ordinance. This conclusion was supported, during oral argument before this Court on December 18, 1998, when the question of whether the SRBC has made a decision in regard to this matter was asked and Frompovicz's attorney responded that the SRBC's decision was pending, awaiting this Courts decision.

Finally, Frompovicz argues that he is entitled to deemed approval under the MPC for the Board's failure to timely render a written decision. Section 10908(9) of the MPC

5

0356a

provides the Zoning Board must render its written decision within forty-five (45) days of the last hearing. Because no evidence or oral argument was presented on June 25, 1998, Frompovicz claims May 21, 1998 was the date of the last hearing and more than forty-five (45) days elapsed when the Board's issued its Decision on July 28, 1998.

The Township asserts that the rendering of a written decision by the Union Township Zoning Hearing Board on July 28, 1998, does not constitute a deemed decision under 53 P.S. §10908(9). The failure to take substantial evidence at the final hearing on June 25, 1998 does not result in that hearing not being considered a hearing for purposes of calculating the forty-five (45) day time limit. It was stated that the record would be kept open due to the complexity of the issues. In addition, written arguments were presented at the final hearing so argument and summation did occur at the hearing. Extensive discussion occurred prior to the final hearing regarding the extension of the hearing and no one objected to the continuation when asked. Moreover, counsel for Frompovicz requested the record be kept open. There is a recorded agreement between all parties and counsel that the record remain open.

We find Frompovicz's argument based on §10908(9) without merit. The Commonwealth Court held in *Hogan, Lepore & Hofan v. Pequea Tp.*, 162 Pa. Commw. 282, 638 A.2d 464 (1994), *alloc. denied*, 538 Pa. 651, 647 A.2d 905 (1994), that the "last" hearing was the date the parties agreed to hear subsequent testimony, if necessary, despite having closed the record of testimony on an earlier date ant that appellant had waived his right to a deemed decision by not objecting to additional hearings. In this case, Frompovicz's attorney did not object to the continuance of the hearing scheduled for June 25, 1998 at which time the Board would render a decision and/or take additional testimony,

6

0357a

rather it was he who requested that the record remain open in order to submit a deposition. For the purposes of §10908(9), the last hearing date in this case was June 25, 1998 and the Board's decision of July 28, 1998 was rendered within the required forty-five (45) days.

In conclusion, we find that the Zoning Board's Decision is legally sound and supported by substantial evidence; thus, the Board did not commit an abuse of discretion or an error of law in its decision denying Frompovicz's proposed land use.  Therefore, we uphold the decision of the Board and deny Frompovicz's appeal.

0358a

IN THE COURT OF COMMON PLEAS OF LEBANON COUNTY
PENNSYLVANIA
CIVIL

STANLEY F. FROMPOVICZ, JR. and    :
CAROL FROMPOVICZ,                  :
       Appellants                 :
                      :
       vs.                         :     No. 99-00142
                      :
UNION TOWNSHIP ZONING             :
HEARING BOARD,                    :
       Apellee                    :
                      :
UNION TOWNSHIP,                   :
       Intervenor                 :



FILMED
614 | 451

### ORDER

    AND NOW, this 7th day of April, 1999, in consideration of arguments of Counsel and the Briefs filed by the respective parties, for the reasons set forth in the attached Opinion, the Appellants' Land Use Appeal of the Union Township Zoning Hearing Board's decision is DENIED.

                                          BY THE COURT,

                                          _____, J.
                                      JOHN C. TYLWALK

IN THE COURT OF COMMON PLEAS OF LEBANON COUNTY
PENNSYLVANIA
CIVIL

STANLEY F. FROMPOVICZ, JR. and    :
CAROL FROMPOVICZ,                  :
        Appellants                 :
                                   :
        vs.                        :        No. 1999-00142
                                   :
UNION TOWNSHIP ZONING              :
HEARING BOARD,                     :
        Apellee                    :
                                   :
UNION TOWNSHIP,                    :
        Intervenor                 :

APPEARANCES:

CHARLES E. ZALESKI, ESQUIRE          For Stanley F. Frompovicz, Jr.,
JOHN R. KACHUR, ESQUIRE              and Carol Frompovicz
Eckert, Seamans, Cherin &
Mellott, LLC

SAMUEL A. SCOTT, ESQUIRE             For Stanley F. Frompovicz, Jr.,
                                     and Carol Frompovicz

KEITH L. KILGORE, ESQUIRE            For Union Township Zoning
                                     Hearing Board

PAUL R. BAMETZREIDER, ESQUIRE        For Union Township
Reilly, Wolfson, Sheffey, Schrum &
Lundberg

OPINION, TYLWALK, J., APRIL 7, 1999.

Before this Court is an Appeal from a Union Township Zoning Hearing Board's

(Board) Decision of January 6, 1999, filed by Appellants, Stanley F. and Carol

Frompovicz (the Frompoviczs). The Frompoviczs own a 120 acre farm in Union

Township. In the summer of 1998, the Frompoviczs discussed a proposed operation of intensive animal husbandry, specifically a pig farm, on their property with Wilson Jones (Jones), former Zoning Officer of Union Township. According to the Frompoviczs, Jones said this operation was an approved use and would provide written confirmation of this, but he never did. In September 1998, the Frompoviczs submitted an application for a use permit to use the property for intensive animal husbandry pursuant to Section 402.1.C of the Union Township Zoning Ordinance (Ordinance). This application was denied. On October 16, 1998, the Frompoviczs filed a zoning appeal challenging the denial. A hearing was held on November 23, 1998, and a written decision followed denying the appeal on January 6, 1999. On February 5, 1999, the Frompoviczs filed a land use appeal with this Court. For the reasons that follow, we deny the Frompoviczs' land use appeal.

The scope of our review of the Decision of the Board is limited. In a case where the trial court takes no additional evidence in a zoning case, the scope of review is whether the zoning hearing board committed abuse of discretion or error of law. *Ruprecht v. Zoning Hearing Bd. of Hampton Tp.*, 680 A.2d 1214 (Pa. Commw. 1996), *appeal denied*, 548 Pa. 684, 699 A.2d 737 (1997). An abuse of discretion is present when the findings of the zoning board are not supported by "substantial evidence." *Bernie Enter. V. Hilltown Township Zoning Hearing Board*, 657 A.2d 1364 (Pa. Commw. 1995), *alloc. denied*, 542 Pa. 650, 666 A.2d 1058 (1995). If a zoning board's decision is legally sound and supported by substantial evidence, it must be upheld. *D'Amato v. Zoning Bd. of Adjustment of City of Philadelphia*, 137 Pa.Commw. 157, 585 A.2d 580 (1991).

2

75a

The Frompoviczs' land is located in an agricultural district of Union Township. The Frompoviczs assert that although their land is in an agricultural district and extensive animal husbandry is a permitted use within that district, according to Section 402.1.C of the Ordinance, Section 702 of the Ordinance requires them to get a use permit to use their land as a pig farm. There is no dispute in this case that the Frompoviczs' land is in an agricultural district, that extensive animal husbandry is a permitted use for the Frompoviczs' land, and the use of the land as a pig farm is a permitted use. However, the interpretation of Section 702 is in dispute. Section 702 states in pertinent part:

> " [n]o building, including mobile home, structure, swimming pool per section 503.2, or permanent sign shall be erected, constructed, moved, added to or structurally altered, nor shall land be put to any use without a permit therefore, issued by a zoning officer. . . ."

The Frompoviczs interpret this to mean they are required to obtain a permit for approval of a change in use before they can use their land as a pig farm since it is currently used for crop production. However, the Board advised the Frompoviczs that no such change in use permit is required when the use is permitted under the Ordinance.

Section 702, as the Board interprets it, does not require a use permit for a change of use prior to building on the land if the proposed use is one already permitted by the Ordinance, but a building permit is required to erect a new structure before any building can be constructed on the land. It is after the construction of a building that a use permit is required. This interpretation was also explained by Jones at the hearing.

According to Jones, in Union Township "[a] use permit is only required after a building permit and all of the other permits have been issued. The building is standing prior to occupancy." (N.T. 11/23/98 p.7). We agree with the Board's interpretation of Section 702. To further clarify, we find that the language in Section 702, "nor shall land

be put to any use without a permit therefore" refers to the requirement of a use permit after construction is completed.  Therefore, since no change of use permit is required in this case, the Board's denial of the Frompoviczs' appeal was proper.  However, the reason given for the denial of the Frompoviczs' application is not responsive to the Frompoviczs' application for a change of use permit.

There seems to be some confusion in this case between a change in use permit, which is what the Frompoviczs' application requests, and a use permit.  At the hearing when Jones was asked why the Frompoviczs' application was denied, he responded:

> "[b]ecause none of the criteria had been met.  He had not applied for a building permit and had not applied  - - he was talking about intensive animal husbandry and had not applied to the State for his Act 6, had not applied to the County for all of their permits such as a storm water management and things of that nature."

(N.T. p.6, 7).

It appears that the Zoning Officer responded to the Frompoviczs' request for a change of use permit as a request for the use permit required after a building has been constructed.  This explains the reason for the denial of the Frompoviczs' application, which states, "denied per section 702.1 of the Union Township Zoning Ordinance; Required plans and documents were not submitted as required."  This would be the correct reason to deny a use permit, since the Frompoviczs did not obtain the required building permit and other required documents.  However, the Frompoviczs have made it clear that their application was for a change of use permit.  Therefore, the reason for the denial of the Frompoviczs' application, should have been because there is no permit required for a change of use in this case.

77a

We agree with the Frompoviczs that on its face, given the reason for the denial of their application, it could appear that the Frompoviczs were denied the right to use their property as a pig farm despite the fact that it is a permitted use. Of course, it is apparent that this is not the Board's position. The Board has never denied that the use of the Frompoviczs' land as a pig farm is a permitted use under Section 402.1.C of the Ordinance. In fact, at the Hearing, the Board offered the Frompoviczs a decision that would state that intensive animal husbandry is a permitted use within the agricultural district, the Frompoviczs' property is located within an agricultural district, therefore, they can use it for intensive animal husbandry, and finally that they would be entitled to a permit to construct and use the property for intensive animal husbandry provided that the requirements of Union Township ordinances, County of Lebanon ordinances and any State regulations are met. (N.T. p. 26, 27). It was Counsel for the Frompoviczs that replied this would not be sufficient. (N.T. p.27). In conclusion, we find that the Board properly denied the Frompoviczs' appeal for the denial of their application for a change in use permit because such a permit is not required since their proposed use is permitted under the Ordinance.

The Frompoviczs also argue that the Zoning Officer's application of the Zoning Ordinance was discriminatorily applied against the Frompoviczs because an application submitted just months prior, also seeking placement of a pig farm, was treated differently by the same Zoning Officer. The Frompoviczs claim that since the prior application was just "held" until all the required documentation was submitted, and theirs was denied, there was discriminatory treatment against them. However, the prior petitioner's application was for a permit to erect a new structure for the purpose of conducting

intensive animal husbandry and the Frompoviczs' application was for a change in use permit for the use of their property as a pig farm. Since the two applications were not for the same purpose, we do not find that there was discrimination against the Frompoviczs in the Zoning Officer's application of the Zoning Ordinance.

We find that the Union Township Zoning Hearing Board did not commit an abuse of its discretion or an error of law in its decision to deny the Frompoviczs' appeal of the Zoning Officer's denial of their change of use application. Therefore, the Frompoviczs' land use appeal of the Board's decision is denied.

79a

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

STANLEY F. FROMPOVICZ, JR. and  :
P.F., INC., a Pennsylvania corporation,  :
              Appellants  :
                             :
              v.  :    No. 316 C.D. 1999
                             :    ARGUED: September 13, 1999
UNION TOWNSHIP ZONING HEARING  :
BOARD and UNION TOWNSHIP  :
                             :

BEFORE:    HONORABLE DORIS A. SMITH, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
               HONORABLE JESS S. JIULIANTE, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**               **FILED:** October 6, 1999

       Stanley F. Frompovicz, Jr. appeals from the order of the Court of Common Pleas of Lebanon County, which affirmed the decision of the Union Township Zoning Hearing Board (ZHB). The ZHB denied Frompovicz's application to extract water from a spring on his property for bulk bottling and to construct a small accessory building.

       Frompovicz and his wife, Carole, own and reside on a 120-acre property located in an agricultural zoning district. Located on the property are two wells and two springs from which they desire to withdraw a total of 125,000 gallons per day. The water would be piped to an adjacent area of the property on which they propose to build a shed for use in the process of loading the water into tanker trucks for transport to a bottling facility. Following hearings on April 16 and



May 21, 1998, the matter was continued until June 25, 1998. The ZHB permitted each side to submit proposed findings of fact and memoranda of law, which Frompovicz submitted on or about June 16. On June 25th, neither side presented additional evidence and the ZHB announced its decision to deny the application. On July 28, the ZHB issued its written findings and conclusions. The ZHB found that the use proposed by Frompovicz was a commercial activity. Therefore, the use did not come within the definition of agricultural uses permitted by right nor was it compatible with agricultural uses so as to be authorized by special exception. Further, the ZHB found that the traffic from heavy tanker trucks "would create undue congestion or hazards prejudicial to the general neighborhood." Consequently, the ZHB denied the Frompovicz's application. Frompovicz appealed to the trial court. Without taking additional evidence, the trial court affirmed the ZHB and Frompovicz filed the instant appeal.

Frompovicz first contends that municipalities are not empowered to regulate ground water withdrawal. Alternatively, he contends that any authority the Township may have to regulate the proposed use under its zoning ordinance is preempted by the water regulation authority assigned to the Susquehanna River Basin Commission pursuant to the Susquehanna River Basin Compact.[1] In addition, Frompovicz contends that under the Township's ordinance bulk water extraction is permitted in the agricultural zone either by right under section 402.1 or by special exception under section 402.3(4), as a sort of "harvesting" of water.

---

[1] Act of July 17, 1968, P.L. 368, *as amended*, 32 P.S. § 820.1. Pursuant to the Compact, the SRBC regulates the withdrawal of subsurface water for consumptive use in excess of 20,000 gallons per day and the withdrawal of ground or surface water in excess of 100,000 gallons per day. Frompovicz's application to the SRBC to conduct the bulk water extraction is pending.

Further, Frompovicz contends that if water extraction is not permitted as "harvesting", then it must be permitted in this case to cure the unconstitutional exclusion of the use from all zoning districts in the Township. Finally, Frompovicz argues that he was entitled to deemed approval under Subsection 908(9) of the Pennsylvania Municipalities Planning Code,[2] because the ZHB rendered a written decision on July 28, more than 45 days after the May 21 hearing.

There is no merit to these contentions. The trial court has fully and properly addressed each of the issues in its opinion dated January 13, 1999. Accordingly, on the basis of the trial court's opinion we affirm.


B. Leadbetter
_____
**BONNIE BRIGANCE LEADBETTER**, Judge

_____

[2] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10908(9), which directs, in pertinent part, that:

The Board . . . shall render a written decision or, when no decision is called for, make written findings on the application within 45 days after the last hearing before the Board or hearing officer. . . . Where the Board fails to render the decision within the period required by this subsection . . . the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing or on the record to an extension of time.

3

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY F. FROMPOVICZ, JR. and | : | |
| P.F., INC., a Pennsylvania corporation, | : | |
| Appellants | : | |
| | : | |
| v. | : | No. 316 C.D. 1999 |
| | : | |
| UNION TOWNSHIP ZONING HEARING | : | |
| BOARD and UNION TOWNSHIP | : | |

## ORDER

AND NOW, this 6th day of October, 1999, the order
of the Court of Common Pleas of Lebanon County in the above captioned matter is
hereby affirmed.

_____

B. Leadbest

**BONNIE BRIGANCE LEADBETTER**, Judge

CERTIFIED FROM THE RECORD
AND ORDER EXIT

OCT 6 1999

Deputy Prothonotary - Chief Clerk

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

STANLEY F. FROMPOVICZ and          :
CAROL FROMPOVICZ,                  :
                    Appellants     :
                                   :
            v.                     :    NO. 1182 C.D. 1999
                                   :
UNION TOWNSHIP ZONING              :    ARGUED: September 13, 1999
HEARING BOARD and UNION            :
TOWNSHIP                           :


BEFORE:    HONORABLE DORIS A. SMITH, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
           HONORABLE JESS S. JIULIANTE, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE JIULIANTE          FILED:    October 18, 1999

    Stanley F. Frompovicz and Carol Frompovicz (Owners) appeal from
the April 7, 1999 order of the Court of Common Pleas of Lebanon County (trial
court) that denied Owners' appeal from a decision of the Union Township Zoning
Hearing Board (Board) denying Owners' appeal from the Township Zoning
Officer's denial of their "change of use" permit application. Owners contend that
their permit application was improperly denied where the proposed use of the
property, intensive animal husbandry, is a permitted use under the Township's
Zoning Ordinance (Ordinance) and that the Zoning Officer impermissibly
interpreted the Ordinance in a discriminatory manner in that a similarly situated
applicant was treated differently. For the reasons that follow, we affirm.

    Owners own a 120-acre farm located in the Township's Agricultural
Zoning District. The land is currently being used for crop production. During the



contention that the Zoning Officer discriminatorily applied the Ordinance against them by treating them differently from a previous applicant whose application was held until he was able to submit the required documentation. The trial court noted that the prior applicant's application was for a permit to erect a new structure for the purpose of conducting intensive animal husbandry as opposed to Owners' application, which was solely for a "change in use" permit to use their property for intensive animal husbandry.

Owners appealed to this Court. On review, where, as here, the trial court takes no additional evidence, this Court is limited to determining whether the Board abused its discretion or committed an error of law. *Bernie Enters. v. Hilltown Township Zoning Hearing Board*, 657 A.2d 1364 (Pa. Cmwlth. 1995). An abuse of discretion is present if the zoning hearing board's findings of fact are not supported by substantial evidence. *Id.*

Owners' first argument is that the Board improperly denied their application for a change in use permit to use their property for intensive animal husbandry when said use is permitted in the Agricultural Zoning District under Section 402.1C of the Ordinance. Owners claim that their application was submitted in accordance with the requirements and directives of Section 702 of the Ordinance, which provides:

> No building, including mobile home, structure, swimming pool per section 503.2, or permanent sign shall be erected, constructed, moved, added to, or structurally altered, *nor shall land be put to any use without a permit therefore, issued by the Zoning Officer*. No such permit shall be issued except in conformity with the provisions of this Ordinance, or upon written order from the Zoning Hearing Board in the form of a special exception, variance, or as otherwise provided for by this

"[e]very statute shall be construed, if possible, to give effect to all of its provisions." Pursuant to Section 1921(a), we believe that the proper interpretation of Section 702 of the Ordinance is that a zoning permit is *only* required where the erection, construction, movement or alteration to some type of building or structure is contemplated. Such an interpretation is supported by a review of Sections 701.1 and 701.2.

Section 702.1 requires that all applications contain the following information: a) actual dimensions and shape of the lot to be "built upon;" b) the exact size and location on the lot of the "buildings, structures, or sign;" c) number of dwelling units, if applicable; d) parking spaces provided and/or loading facilities; e) statement of proposed use; f) height of "structure, building, or sign;" g) all other information necessary in order for the Zoning Officer to determine if the application is in compliance with the Ordinance; h) a statement indicating the type of construction and manner of installation for signs; i) a written agreement indicating that the applicant is the owner of the premises on which the sign will be erected; and j) and approved permit for sewage disposal. Likewise, Section 702.2 provides that if work has not begun within three months of the issuance of the permit or has not been completed within two years of the issuance of the permit, said permit shall expire and all work shall cease.

As indicated by Sections 702.1 and 702.2, a zoning permit under Section 702 is needed when a landowner is going to construct, erect, alter or move some structure, building or sign. The documentation required in Section 702.1 concerns the use of land when buildings, other structures or signs are going to be constructed on it. This is also indicated by Section 702.2, which requires that construction begin within three months of the issuance of the permit and not extend beyond two years after the issuance of said permit unless a new permit has been obtained.

5

Owners' second argument is that the Ordinance was discriminatorily applied against them in that they were treated differently from a prior applicant, George E. Christianson, who allegedly submitted a virtually identical application months earlier.    Owners claim that Christianson's application seeking the placement of a pig farm in the Agricultural Zoning District was not denied but was held until certain plans and additional information was received.

To support their position, Owners cite *Knipple v. Geistown Borough Zoning Hearing Board*, 624 A.2d 766 (Pa. Cmwlth. 1993), where the Court recognized that a single zoning applicant's constitutional right to equal protection may be violated where said applicant is treated differently than others under a zoning ordinance.    In *Knipple*, the Court found that the zoning hearing board consciously discriminated against an applicant for a variance by, *inter alia*, imposing more stringent requirements than were imposed upon other property owners in close proximity who also had requested similar variances.

In response, the Township contends that the Christianson application is factually distinguishable from Owners' application and has no bearing on the instant case.    We agree.

A comparison of Christianson's permit application and Owners' permit application clearly reveals that they were significantly different.    As the Township maintains, Christianson applied in writing for a permit to construct a new structure on his property for the purpose of conducting intensive animal husbandry.    *See* Christianson's Building & Zoning Permit Application; R.R. 4a.    Owners, however, did not request a permit to construct a building to conduct a particular use.    Instead, they requested a permit only for a "change in use."    *See* Owners' Building & Zoning Permit Application; R.R. 11a.    As discussed above, the Board correctly determined that no building/zoning permit is needed for a change in use where that

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

STANLEY F. FROMPOVICZ and          :
CAROL FROMPOVICZ,                  :
                    Appellants     :
                                   :
          v.                       :     NO. 1182 C.D. 1999
                                   :
UNION TOWNSHIP ZONING              :
HEARING BOARD and UNION            :
TOWNSHIP                           :

**O R D E R**

AND NOW, this **18th** day of **October**, 1999, the April 7, 1999 order of the Court of Common Pleas of Lebanon County is hereby affirmed.

JESS S. JIULIANTE, Senior Judge

JAN-03-2001 WED 02:17 PM RWSS&L                FAX NO. 7172731533                P. 02

IN THE COURT OF COMMON PLEAS OF LEBANON COUNTY,
PENNSYLVANIA

CIVIL ACTION - LAW

THE BOARD OF SUPERVISORS OF  :   No. 1998-00535
THE TOWNSHIP OF UNION, A SECOND :
CLASS TOWNSHIP                :
                             :
        v.                   :
                             :
STANLEY F. FROMPOVICZ, JR. and :   Motion for Rule to Show
CAROL FROMPOVICZ, DUI Jutid   :   Cause Why A Preliminary
Individuals, and PRIME FUNDING, :  Injunction Should Not Be Issued
INC., A Pennsylvania Corp.    :

O R D E R

AND NOW, to wit, May 8, 1998, after hearing, and in

consideration of the testimony produced and the comments of

counsel, the Preliminary Injunction issued in this case on April

27, 1998, shall continue in effect; specifically:

1.    The Defendants are enjoined from conducting any

further activities upon the property located in Union Township in

furtherance of the water extraction operation, including

excavating, drilling and the construction of accessory uses for

that use until they have obtained the proper approvals from the

Union Township Zoning Hearing Board.

2.    The Defendants are enjoined from conducting any

further activities upon the property, including but not limited

to the excavating of soil until they have obtained the proper

00 0327

Erosion and Sedimentation Plan approvals.

        3.   The Defendants are enjoined from developing the
property in furtherance of the water extraction use until they
have filed and obtained the necessary land development approvals
required by the Union Township Subdivision and Land Development
Ordinance.

                                        BY THE COURT:

                                        _____,J.
                                        JOHN C. TYLWALK

cc:  Paul C. Bametzreider, Esq.
     Samuel A. Scott, Esq.
maa

                        - 2 -

## CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this ___3 nd___ day of January, 2001, I served a true and correct copy of the foregoing APPENDIX OF EXHIBITS IN SUPPORT OF UNION TOWNSHIP DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT via U.S. First Class mail, postage prepaid, addressed as follows:

Teri B. Himebaugh, Esquire
220 Stallion Lane
Schwenksville, PA 19473

David Miller/Associates, Inc.
1976 Cenerville Road
Lancaster, PA 17601

_Linda L. Gustin_
Linda L. Gustin