IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY F. FROMPOVICZ, JR., CAROL FRAMPOVICZ, t/a FAR AWAY SPRINGS<br><br>v.<br><br>UNION TOWNSHIP,<br>UNION TOWNSHIP BOARD OF SUPERVISORS,<br>SUPERVISOR BARRY L. SWANGER UNION TOWNSHIP BOARD OF SUPERVISORS,<br>SUPERVISOR KENNETH A. KINDT UNION TOWNSHIP BOARD OF SUPERVISORS,<br>SUPERVISOR DAVID A. CARBAUGH UNION TOWNSHIP BOARD OF SUPERVISORS,<br>ZONING OFFICER DONALD TSHUDY, ZONING OFFICER WILSON JONES,<br>DAVID MILLER/ASSOCIATES, INC. | Civil Action No. 00-1750<br><br>**FILED**<br>**HARRISBURG**<br><br>JAN 1 2 2001<br><br>MARY E. D'ANDREA, CLERK<br>Per_____<br>DEPUTY CLERK |

**DEFENDANT, DAVID MILLER ASSOCIATES, INC.'S BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)**

I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiffs Stanley F. Frompovicz, Jr., Carol Frampovicz, T/a Far Away instituted a 42 U.S.C. 1983; civil rights action on October 3, 2000 against Union Township; Union Township Board of Supervisors; Supervisor Barry L. Swanger, Supervisor Kenneth A. Kindt, Supervisor David A. Carbaugh, Zoning Officer Donald Tshudy, Zoning Officer Wilson Jones, (collectively "Municipal Defendants") and David Miller Associates, Inc.("Miller Associates"). The three Count Complaint purports to allege Counts for Section 1983 due process violations, municipal

KOP:179350.13445-03

liability and conspiracy.

Plaintiffs complain that in September 1998, Union Township denied their request to allow them to use a property they purchased in 1997 as a pig farm (complaint paragraph 17 and 24). Additionally, they allege that Union Township subsequently changed the zoning laws to preclude pig farms (complaint paragraph 28) and then "tabled" plaintiffs request for rezoning (complaint paragraph 31). The complaint is silent concerning any appeals taken of the complained of decisions/actions.

The entire Complaint contains only three specific references to Miller Associates. Miller Associates is identified as civil engineering and land planning firm "responsible in part for evaluating zoning requests" for Union Township (Complaint paragraph 5) which hired the former Township Zoning/Code Enforcement Officer (Complaint paragraph 14) and was subsequently consulted with by the Township in connection with a proposed development plan, which plan did *not* involve plaintiffs' property (Complaint paragraph 25). While Miller Associates is charged with violating Section 1983, there is no allegation it was a "state actor" nor any allegation describing how, if at all, Miller Associates was allegedly involved in any alleged constitutional violations perpetuated by the Municipal Defendants. Similarly, although Count II of the Complaint charges Miller Associates with engaging in a conspiracy with the Municipal Defendants to violate the plaintiffs' civil rights, there is no allegation that an illegal agreement was entered into by Miller Associates, what the purpose of the alleged illegal agreement was or any overt acts taken by Miller Associates in furtherance thereof. In short, there is a complete absence of any allegations to support a conspiracy claim against Miller Associates.

Plaintiffs continually refer to the defendants as an undifferentiated mass despite their

number (i.e. eight (8)).  Thus, for instance, the municipal liability Count (III Municipal Policy Practice and Custom/Failure to Train and Supervise) seeks relief from all the "Defendants", which, presumably, or possibly, includes Miller Associates despite the fact that Miller Associates cannot possibly be liable as a municipality given the fact that it is not one.

Plaintiffs' Complaint insofar as it relates to Miller Associates is wholly lacking in the necessary elements needed to adequately plead a cause of action pursuant to Section 1983 for either direct or conspiratorial liability or otherwise.  Accordingly, on or about January 8, 2000 Miller Associates filed a Motion to Dismiss seeking the dismissal of the claims against it or, in the alternative, a more definite statement mandated which would set forth the necessary allegations in support of such claims.

**II. QUESTIONS PRESENTED**

    **A. STANDARD FOR MOTION TO DISMISS**

    **B. WHETHER THE COMPLAINT *FAILS* TO STATE A CLAIM AGAINST MILLER ASSOCIATES, A NON-STATE ACTOR, FOR VIOLATIONS OF SECTION 1983?**

    (Suggested Answer -Yes)

    **C. WHETHER THE COMPLAINT *FAILS* TO STATE A CLAIM AGAINST MILLER ASSOCIATES FOR ENGAGING IN A CONSPIRACY WITH UNION TOWNSHIP TO VIOLATE PLAINTIFFS' FOURTEENTH AMENDMENT RIGHTS IN VIOLATION OF SECTION 1983**

    (Suggested Answer -Yes)

**D. WHETHER THE COMPLAINT *FAILS* TO STATE A CLAIM AGAINST MILLER ASSOCIATES, A NON-STATE, NON-MUNICIPAL ACTOR FOR "MUNICIPAL LIABILITY" UNDER SECTION 1983?**

(Suggested Answer -Yes)

## III. ARGUMENT

### A. Standard for Motion to Dismiss

A motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6) is the proper means by which a defendant challenges the legal sufficiency of a complaint. The onus is on the defendant to show that the plaintiff has failed to set forth a cognizable claim. Kehr, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir.), cert. denied, 501 U.S. 1222 (1991). Although the Court must accept all alleged facts as true, the Court is not required to accept the plaintiff's alleged or implied legal conclusions. Klavan v. Crozer-Chester Medical Center, 60 F.Supp.2d 436 (E.D. Pa. 1999).

### B. 42 U.S.C. §1983 - Confers No Independent Rights - Plaintiffs Must Specify the Allegedly Unconstitutional Conduct and the Defendant Must Be a State Actor

#### 1. Count I Should Be Dismissed as Plaintiffs Have Failed to Allege Any Facts Which Demonstrate that Miller Associates is a State Actor

Plaintiffs' claim in Count I that the "Defendants", presumably including Miller Associates, violated his Fourteenth Amendment Rights. Section 1983 of the Civil Rights Act provides that :

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities

secured by the Constitution and laws, shall be liable to the party injured in an action at law . . .

Although this statute affords a remedy for deprivations of rights created by federal law, redress under this statute is limited and a private person will not be subjected to liability unless the alleged deprivation was committed under color of law. Sherry v. Associates Commercial Corp., 60 F.Supp. 2d 470, 473 (W.D. Pa. 1998); see also, West v. Atkins, 487 U.S. 42, 48, 101 L.Ed. 2d 40, 108 S.Ct. 2250 (1988) (finding that in order to state a claim under §1983 a plaintiff must allege a violation of a right secured by the Constitution and must show that the deprivation was committed by a person acting under color of state law). The Fourteenth Amendment offers no shield against private conduct. Klavan v. Crozer-Chester Medical Center, 60 F.Supp.2d 436, 440 (E.D. Pa. 1999) (dismissing Fourteenth Amendment claim on defendants' motion to dismiss for failure to plead facts sufficient to establish defendant was a state actor). Thus for the Fourteenth Amendment to be applicable to this case, state action is required and potential liability will attach only if Miller Associates' conduct was state action.

In determining whether the defendant was a state actor, the heart of the inquiry is to discern if the defendant exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. Id. at 441.

The Complaint fails to allege any facts which establish that Miller Associates was acting under color of state law. Indeed the only allegations regarding state action are the broad conclusory statements that "[d]efendants are all state actors" (paragraph 6) and Miller Associates "acted under color of state law" (paragraph 5). Similar to the plaintiff in Klavan, plaintiffs have failed to allege any facts which demonstrate the requisite link between Miller Associates and the

KOP:179350.13445-03

5

municipal defendants such that it could be concluded the Miller Associates was acting under color of state law. Consequently, plaintiffs fail to set forth a claim against Miller Associates under §1983 for violation of the Fourteenth Amendment and Count I should be dismissed.

2. **Count I Should Be Dismissed as Plaintiffs Fail to Specify the Allegedly Unconstitutional Conduct of Miller Associates**

In order to state a Section 1983 claim based upon the 14th Amendment the plaintiff must allege he was deprived of a property interest under color of state law without due process. Dykes v. Southeastern Pennsylvania Transportation Authority, 68 F. 3d 1564, 1570 (3d Cir. Pa. 1995). There is no single model of procedural fairness, let alone a particular form of procedure dictated by the Due Process Clause. Id. at 1571. Due Process is flexible and calls for such procedural protections as the particular situation demands. Id. If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants. See Alvin v Suzuki 227 F.3d 107, 116 (3rd Cir. (Pa.) 2000). Plaintiffs do not plead either the absence of procedural safe guards or their exhaustion of same.

Section 1983 "is not itself a source of substantive rights", but merely provides "a method for vindicating federal rights elsewhere conferred." The first step in any such claim is to identify the specific constitutional right allegedly infringed. Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 811 (1994). A plaintiff bringing a claim under 42 U.S.C. §1983 "must make specific allegations of unconstitutional conduct rather than vague and conclusory allegations to state a claim." Hill v. Borough of Swathmore, 4 F. Supp. 2d 395, 397 (E.D. Pa. 1998) citing Darr v. Wolfe, 767 F.2d 79, 80 (3d. Cir. 1985). If a plaintiff intends to seek relief under Section 1983 he

must first specify the grounds upon which it should be granted. A Court cannot act on pure guesswork or speculation. Muhammad v. Hilbert 906 F. Supp. 267, 272 (E.D. Pa. 1995).

In this case plaintiffs have failed to allege facts sufficient to support a cause of action against Miller Associates for alleged violation of the 14th Amendment. The only constitutional rights "identified" by plaintiffs are an alleged deprivation of (a) "a property interest subject to substantive due process protections" and (b) "their procedural due process rights in that they had a protected property interest" (Complaint paragraphs 35 and 36). Plaintiffs do not make *any* allegations describing how, if at all, Miller Associates was involved in any alleged deprivation of due process relating to a protected property interest. Plaintiffs failure to describe an unconstitutional process or aver specific allegations of Miller Associates' allegedly unconstitutional conduct is fatal to plaintiffs' Fourteenth Amendment claim against Miller Associates. Accordingly, Count I should be dismissed at to Miller Associates for failure to state a claim upon which relief can be granted.

C. **There Was No Violation of 42 U.S.C. § 1983 and Plaintiffs Have Failed to Adequately Plead a Conspiracy to Violate Same**

There can be no liability for a conspiracy to violate Section 1983 without an actual violation of Section 1983. Holt Cargo Systems, Inc. v. Delaware River Port Authority, 20 F. Supp. 2d 803, 843 (E.D. Pa. 1998). This is because the "gist of the action is a deprivation and not the conspiracy." Id.

In order to sufficiently allege a conspiracy, plaintiffs must show "a combination of two or more persons to do a criminal act, or do a lawful act by unlawful means or for an unlawful purpose. A plaintiff must make specific factual allegations of combination, agreement or

the conspiracy, the object of the conspiracy and certain other action of the alleged conspirators taken to achieve that purpose will be deemed sufficient." Id. (Internal citations omitted).

Thus, it is not enough that the end result of the parties' independent conduct caused plaintiff harm or even that the alleged perpetrators acted in conscious parallelism. To state a claim for conspiracy under Section 1983, a plaintiff must claim that, "the private actor... wrongfully influenced the state actor's decision through a conspiracy or else the plaintiff must seek his remedy as state tort claim, not a federal section 1983 suit." Id. quoting Spencer v. Steinman, 968 F. Supp. 1011, 1020, (E.D. Pa. 1997)). (dismissing Section 1983 conspiracy claim where amended complaint failed to state specific facts of an agreement between the alleged conspirators, Id.)

The Complaint now before this Court fails to sufficiently plead a conspiracy involving Miller Associates to violate the plaintiffs' constitutional rights. The Complaint does not specify what the alleged agreement was, when it was reached, what was done in furtherance of it or how it resulted in an actionable §1983 claim. In fact the entire Complaint contains only three specific references to Miller Associates. Miller Associates is identified as a "civil" engineering and land planning firm "responsible in part for evaluating zoning requests" for Union Township (Complaint, para 5), which hired the former Township/Code Enforcement Officer (Complaint para 14), and was subsequently consulted with by the Township in connection with a proposed development plan (Complaint para 25). These allegations are insufficient to plead conspiracy.

Accordingly, as a matter of law the conspiracy claim against Miller Associates must be dismissed. Additionally, because the alleged conspiracy is presumably the basis for imputing state action to Miller Associates, who is not otherwise a state actor, the §1983 claims against it,

Accordingly, as a matter of law the conspiracy claim against Miller Associates must be dismissed. Additionally, because the alleged conspiracy is presumably the basis for imputing state action to Miller Associates, who is not otherwise a state actor, the §1983 claims against it, generally, must be dismissed as well.

**D.     Count III Fails to State a Claim Against Miller Associates Based Upon a Theory of Municipal Liability**

Throughout the Complaint, Plaintiffs refer to the defendants as an undifferentiated mass despite their number (i.e. eight (8)). In the municipal liability Count (Count III) entitled "Municipal Policy Practice and Custom/Failure to Train and Supervise," plaintiffs seek relief from all the "Defendants", which, presumably, or possibly, includes Miller Associates. Plaintiffs include Miller Associates in this Count despite the fact that Miller Associates cannot possibly be liable as a municipality given the very basic fact that *it is not one*. See, Section 1983 Litigation, Swartz and Kirklin, V.1B, section 7.3 ("A §1983 claimant who seeks to establish municipal liability must name as a defendant a suable municipal entity."). In paragraph 5 of the Complaint plaintiffs describe Miller Associates as a "civil engineering and land-planning firm" which was "responsible in part for evaluating zoning requests." There are no allegations in the Compliant, nor could there be, that Miller Associates was a municipal entity.

Additionally, Count III fails as plaintiffs fail to aver sufficient facts to set forth a claim against Miller Associates based upon an alleged failure to supervise or train municipal employees. In order to find supervisory liability for the unconstitutional acts of subordinates it must be shown that the named defendant was responsible for supervising the wrongdoer; that a duty to instruct the subordinate to prevent constitutional harm arose from the surrounding

circumstances and that, as a result of the official's failure to instruct, the plaintiff was harmed in the manner threatened. Haynesworth v. Miller, 820 F.2d 1245, 1262 (C.A.D.C. 1987). Moreover, a defendant in a civil rights action must be shown to have personal involvement and allegations of participation or actual knowledge and acquiescence in the unconstitutional conduct of others in order to impose liability must be made with appropriate particularity. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. (Pa.) 1988).

Because of the nature of plaintiffs' pleading it is impossible to determine exactly what plaintiffs have alleged with regard to Miller Associates. Plaintiffs simply aver that "Defendants", without specifying which ones, failed to property train and supervise the employees, including the named "Defendants", again failing to specify which ones, within the Township Zoning Office. (Complaint paragraph 41). There are no allegations as to how Miller Associates, a private party, obtained a supervisory role over municipal employees or that it even had the ability, let alone a duty to train and instruct those employees. Plaintiffs also fail to identify which employees they are referring to, what actions of these employees plaintiffs contend were unconstitutional and how in particular Miller Associates was personally involved in the alleged unconstitutional conduct. Because Miller Associates is not a municipality and because plaintiffs have failed to plead clear and sufficient factual allegations regarding Miller Associates' involvement, they have failed to state a claim upon which relief can be granted in Count III. Accordingly Count III should be dismissed as to Miller Associates.

IV.  **CONCLUSION**

For the foregoing reasons Defendant David Miller Associates, Inc. respectfully requests that the Complaint be dismissed as to it and that the Court award such other relief as deemed appropriate.

                                  Powell, Trachtman, Logan, Carrle,
                                  Bowman & Lombardo, P.C.

                                  By: _____
                                       Jonathan K. Hollin
                                       475 Allendale Road, Suite 200
                                       King of Prussia, PA 19406
                                       (610) 354-9700
                                       Attorneys for David Miller Associates, Inc.

Date: January 9, 2001

## CERTIFICATE OF SERVICE

I, Jonathan K. Hollin, Esquire, hereby certify that a true and correct copy of the foregoing Defendant, David Miller Associates, Inc.'s Brief in Support of Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(6) was served via first class mail, postage prepaid upon the following:

Teri B. Himebaugh, Esquire
Law Offices of Teri B. Himebaugh
220 Stallion Lane
Schwenksville, PA 19473

James D. Young, Esquire
Frank J. Lavery, Jr., Esquire
Lavery, Faherty, Young & Patterson, P.C.
The Kunkel Building
301 Market Street, Suite 800
P.O. Box 1245
Harrisburg, PA 17108-1245

Powell, Trachtman, Logan, Carrle, Bowman,
& Lombardo, P.C.

By: _____
Jonathan K. Hollin
475 Allendale Road, Suite 200
King of Prussia, PA 19406
(610) 354-9700
Attorneys for David Miller Associates, Inc.

Date: January 9, 2001