FILED
HARRISBURG

JAN 26 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STANLEY F. FROMPOVICZ, JR., CAROL
FRAMPOVICZ

    v.

UNION TOWNSHIP
UNION TOWNSHIP BOARD OF SUPERVISORS
SWANGER, KINDT, CARBAUGH, TSHUDY,
JONES and DAVID MILLER/ASSOCIATES,
INC.

)
)
)
)
)
)
)
)
)
)
)
)

NO. 1:CV00-1750

J. Caldwell

---

## PLAINTIFFS' RESPONSE TO
## DEFENDANT DAVID MILLER ASSOCIATES'
## MOTION TO DISMISS

AND NOW, Plaintiffs, by and through their counsel of record, Teri B. Himebaugh, Esquire and Tom Scott, Esquire do hereby respond to Defendant David Miller Associates, Inc.'s Motion to Dismiss.

 1. Admitted.

 2. Admitted.

 3. Admitted.

 4. Denied. Plaintiffs' complaint contains multiple references to Defendants and/or Defendant's employee, Mr. Tshudy. Furthermore, it is the

information gleaned from the complaint read as a whole that is necessary to satisfy the "notice pleading" required under the Federal Rules of Civil Procedure, not the sheer quantity of specific references made in a complaint. By way of further answer, please see Plaintiffs' Memorandum of Law incorporated herein.

5.    Denied. Defendant is a "state actor" under §1983. Lugar v. Edmondsom Oil Co., Inc., 457 U.S. 922, 937 (1982); West v. Atkins, 487 U.S. 42, 48 (1988). By way of further answer, please see Plaintiffs' Memorandum of Law incorporated herein.

6.    Denied. Read as a whole, the complaint provides sufficient facts to give notice of the claim of conspiracy as to the Defendant. Please see Plaintiffs' Memorandum of Law incorporated herein. By way of further answer, should the Court conclude that the complaint is not specific enough, Plaintiffs would request that the Court permit Plaintiff to amend the pleading.

7.    Denied. Read as a whole, the complaint provides sufficient dates to establish the period of time

within which the actions complained of occurred.
Please see Plaintiffs' Memorandum of Law
incorporated herein. By way of further answer,
should the court conclude that the complaint is
not specific enough, Plaintiffs would request
that the Court permit Plaintiff to amend the
pleading.

8.    Admitted. Plaintiffs stipulate that Count III of
the complaint pertaining to Municipal Policy,
Practice and Custom/Failure to Train and
Supervise, does not relate or refer to actions by
Defendant David Miller Associates, Inc.

9.    Denied. Plaintiffs' complaint sets forth
sufficient averments, which if believed, could
entitle them to relief under a claim for
conspiracy. Please see Plaintiffs' Memorandum of
Law incorporated herein. By way of further
answer, should the Court conclude that the
complaint is not specific enough, Plaintiffs
would request that the Court permit Plaintiff to
amend the pleading.

10.  No response required.

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court deny Defendant's Motion to Dismiss Plaintiff's Complaint and permit this matter to proceed. Alternatively, Plaintiffs request that the Court grant them leave to amend their complaint.

Respectfully submitted,

Teri B. Himebaugh, Esq.
PA ID 53603

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANI

| | | |
|---|---|---|
| STANLEY F. FROMPOVICZ, JR., CAROL FRAMPOVICZ | ) ) ) | |
| V. | ) ) ) | NO. 1:CV00-1750 |
| UNION TOWNSHIP UNION TOWNSHIP BOARD OF SUPERVISORS SWANGER, KINDT, CARBAUGH, TSHUDY, JONES and DAVID MILLER/ASSOCIATES, INC. | ) ) ) ) ) ) | |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR RESPONSE TO DEFENDANT DAVID MILLER ASSOCIATES, INC.'S MOTION TO DISMISS

AND NOW, Plaintiffs, by and through their counsel of record, Teri B. Himebaugh, Esquire and Tom Scott, Esquire hereby submit the following Memorandum of Law in Support of their Response to Defendant David Miller Associate's Inc.'s ("Miller Associates") Motion to Dismiss.

## I.    STATEMENT OF THE CASE [1]

On or about April 12, 1997 Plaintiffs purchased a property located within Union Township. At the time of its purchase, the property has been zoned under Union Township

---

[1]    Plaintiffs do not set forth all the factual averments asserted in their Response to the Union Township Defendants' Motion. Rather, Plaintiffs have attempted to limit the factual recitation herein, where possible, to those facts, which relate specifically to Miller Associates or are needed for purposes of continuity.

Zoning Ordinance 402.1 as Agricultural, which included a permitted use of intensive animal husbandry (pig farming).

There were two bidders at the sale: Plaintiffs and Farmer Boy Ag. Several of the Defendants were aware at the time of the sale that Plaintiffs' intended to use the property to collect and sell spring water. Farmer Boy Ag's intended use of the property, had they been the high bid, was a pig farm.

In August, 1997 Zoning Officer Tshudy advised the Plaintiffs that the water operation was an acceptable use of the property under the applicable zoning code and that they may proceed. Mr. Tshudy subsequently left the Zoning Office. Miller Associates thereupon employed him. Mr. Tshudy remained employed by Miller Associates even after he became reemployed as a Zoning Officer with Union Township. (Complaint ¶ 4, 14, 22).

Miller Associates is a civil engineering and land planning firm under contract with Defendant Union Township. During all times material, Miller Associates was responsible in part for evaluating zoning requests including those of Plaintiffs' and businesses similarly situated to Plaintiffs'. (Complaint ¶8, 25).

After Plaintiffs request to rezone to permit water harvesting was denied on March 4, 1998, Plaintiffs advised

Zoning Officer Jones, who had replaced Mr. Tshudy, that they intended to operate a pig farm on the property instead of the water operation. At that time Mr. Jones verbally confirmed to the Plaintiffs that the property was already zoned to permit high intensity pig farming, as contemplated by the Plaintiffs, under § 402.1(c) of the Union Township Zoning Ordinances.

In June 1998, out of caution and because there would be a change of use (the property had previously been used for crops/trees), Plaintiffs applied for a *zoning* permit (<u>not</u> a *building* permit) to confirm what they had been told by Zoning Officer Jones: that the property could be used for high intensity pig farming.

On June 24, 1998, Mr. Jones advised the Plaintiffs that they would need to submit E&S, building, manure, subdivision and other plans before a *building* permit would be issued. It is believed and averred that Mr. Jones based this at least in part upon information obtained by Miller Associates and/or its' employee, Mr. Tshudy.

At a June 30, 1998 meeting with Mr. Jones, Plaintiffs explained that they were <u>not</u> seeking a *building* permit at that time, but rather only a *zoning* permit confirming that the property was approved for use as a high intensity pig farm. Plaintiffs explained that they wanted written assurance

of the properties' approved use before they invested the significant additional sums of money that would be necessary for preparation of the multitude of plans Defendants indicated they would ultimately require in order for Plaintiffs to obtain a building permit.

In August 1998 Plaintiffs repeated their request for a *zoning* permit to Mr. Tshudy, who had become re-employed by the Township as Zoning Officer. Mr. Tshudy remained, however simultaneously employed by Miller Associates during this same period of time. (Complaint ¶4, 14, 22) Mr. Tshudy reassured the Plaintiffs that the pig farm operation that they proposed was in fact an approved use, however, he agreed to discuss the matter with the Township Solicitor. (Complaint ¶22).

The Union Township Defendants subsequently prepared a letter to the Plaintiffs confirming that the Plaintiffs' property was approved for use as a high intensity pig farm. The letter went on to specifically state that the various above referenced plans would have to be submitted before a *building* permit would be issued. This was the exact type of confirmation of use that Miller Associates had given approval to Union Township to issue with regard to I.C. Farms. It was also the same type of confirmation of use that all the Defendants knew that Plaintiffs were seeking before

committing them financially further and seeking a building permit.

Union Township Defendants intentionally, however, never sent this letter to the Plaintiffs. Had Plaintiffs received this letter, they could have immediately gone forward and obtained the plans required for submission in order for them to ultimately obtain the building permit. Defendants knew that not having this confirmation would delay the Plaintiffs long enough for the Union Township Defendants to change the zoning laws sufficiently to hinder, frustrate and ultimately prevent the Plaintiffs from ever using their property as intended.

On September 30, 1998, Plaintiffs' zoning application was denied because Plaintiffs had not filed all the required plans to obtain a *building* permit as of that date. (Complaint ¶ 24).

On November 11, 1998 at a Township meeting, a six-month moratorium on development of intensive animal husbandry within the Township was passed. Plaintiffs reasonably, could take no further action by filing additional applications during that time as it would have done them no good due to the moratorium. On April 14, 1999 Ordinance No. 75, 1999 was enacted by the Union Township Board of Supervisors wherein Township Ordinances were amended to specifically define

intensive animal husbandry to include pig farming and to eliminate intensive animal husbandry as a permitted use, except upon the granting of a "special exception".

At a Township meeting held on August 9, 2000, Plaintiff's Applications related to the Pig Farm and Sawmill Rezoning request related to the Sawmill were tabled. When questioned why Plaintiffs' applications were not being expeditiously processed and granted as other businesses' applications were, it was specifically and publicly indicated that the reason Plaintiffs were being treated differently, was because Defendants, including employees of Miller Associates, had an acrimonious history with the Plaintiffs and held personal animosity toward them. The Frompovich's were specifically identified.

Plaintiffs aver that they have been denied their due process rights in that they have been treated in an arbitrary and capricious manner by Miller Associates and the Union Township defendants. Plaintiffs also aver that Miller Associates and its employees and agents conspired with Union Township Defendants to deprive Plaintiffs of their constitutional right to due process.

As a direct and proximate result of Defendants acts, Plaintiffs have been injured. They have suffered monetary damages and they have been denied the use of their

properties. They have also incurred legal fees and other such costs and expenses. Furthermore, they have suffered significant emotional distress, pain and anxiety.

## II.  LEGAL STANDARD

The law provides that a civil rights suit should not be dismissed at the pleading stage unless it appears to a certainty that the Plaintiffs are entitled to *no* relief under *any* state of facts which could be proved in support of their claim. 42 USCA 1981; Conley v. Gibson, 355 U.S. 41 (1957); Cubellis v. Costar, 65 F.R.D. 49; Husbands v. Com. of Pa., 359 F. Supp 925; Ammlunmg v. City of Chester, 355 F.Supp. 1300. The burden to prove this is on the moving party. Liem Duc Nguyen v. U.S. Catholic Conference, 548 F. Supp. 1333.

Averments of the complaint must be accepted as true and the motion will be denied if proof of *any* of the averments would entitle Plaintiffs to recover. DiVito v. Greenstein, 55 F.R.D. 58; Supchak v. U.S., 365 F.2d 1269. Plaintiffs are entitled to the benefit of all reasonable doubts and inferences, which might arise in connection with the motion. Braden v. Univ. of Pittsburgh, 552 F.2d 948. Furthermore, civil rights complaints are to be liberally read, and litigation, where possible, should be decided on the merits.

<u>Downs v. Dept. of Public Welfare</u>, 368 F. Supp. 454;
<u>Richardson v. Penn. Dept. of Health</u>, 561 F.2d 489.

Civil rights complaints comply with the notice requirement if they allege the specific conduct violating the Plaintiffs' rights, the time and place of that conduct and the identity of the responding officials. <u>Colburn v. Upper Darby Township</u>, 838 F.2d 663, 666 (3rd Cir. 1988). Plaintiffs' complaint comports to these requirements.

Furthermore, assuming arguendo that the Court finds Plaintiffs' initial pleadings insufficiently specific, dismissal of the action with prejudice is not proper. Rather, the Court should grant Plaintiffs the right to amend their complaint. <u>Borelli v. City of Reading</u>, 532 F.2d 950. Dismissal with prejudice is a harsh sanction to be resorted to only in extreme cases and when less drastic alternatives have been explored. <u>Jones v. Smith</u>, 99 F.R.D. 4; Fed.Rules Civ. Proc 37(b).

III. **LEGAL ARGUMENT**

A.   <u>**Defendant Miller Associates is a "state actor" for purposes of suit under § 1983.**</u>

The law provides that a defendant acts "under color of state law", thereby making him a "state actor", when his conduct is "fairly attributable to the State." <u>Lugar v. Edmondsom Oil Co., Inc.</u>, 457 U.S. 922, 937 (1982). This

occurs if 1) "the deprivation was caused by the exercise of some right or privilege created by the State or by a person for whom the State is responsible and 2) the party charged with the deprivation was a person who may be fairly said to be a state actor. This may be because his is a state official, because he has *acted together with or has obtained significant aid from state officials*, or because his conduct is otherwise chargeable to the State." (emphasis added) <u>Id.</u>

Plaintiffs have alleged in their complaint that Miller Associates and its employees, including but not limited to Mr. Tshudy, acted together with the Union Township Defendants, who are clearly state actors under § 1983, to deprive Plaintiffs of their right to due process. (Complaint ¶ 4, 5, 14, 22, 24, 25, 26, 31).

Furthermore, Courts have held that a private person or entity providing services pursuant to an outstanding contract with the State may act under color of state law for § 1983 purposes. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). Plaintiffs' complaint has alleged that such a relationship existed between Miller Associates and Union Township. (Complaint ¶ 5).

Therefore, Plaintiffs have set forth sufficient facts to withstand the instant Motion to Dismiss in that Defendant Miller Associates are state actors.

**B.    Unconstitutional Conduct of Miller Associates: Denial of Substantive and Procedural Due Process**

The Third Circuit Court of Appeals held in <u>DeBlasio v. Zoning Board of Adjustment</u>, 53 F.3d 592 (3rd Cir. 1995), that a landowning plaintiff whose use or enjoyment of the property has been limited by a governmental decision alleged to be based on political or personal reasons unrelated to the merits of the proposed use of the property, has established possession of a property interest worthy of substantive due process protection. <u>See also,</u> <u>Woodwind Estates, Ltd. V. Gretkowski</u>, 205 F.3d 118, 123 (3d Cir. 2000).

In the case at bar, Plaintiffs are the owners of the property at issue with regard to the Pig Farm operation. They also hold the lease on the Sawmill property owned by the Michaels. Plaintiffs have also alleged sufficient facts to establish for purposes of this motion that the actions taken by the state actors named as defendants, including Miller Associates, were arbitrary and capricious.

Plaintiffs have averred that Defendant Miller Associates and its employees did not as vigorously or strictly enforce or seek enforcement of the zoning code in relation to I.C. Farms which was a significantly larger projects with more

potential environmental impact than Plaintiffs' project. For example, Defendant Miller Associates and their employees, did not require the similarly situated business, such as I.C. Farms/George Christiansen to submit various expensive plans (E&S, manure, development, etc.) before giving Union Township Defendants the "go ahead" to issue written confirmation of use for similarly situated businesses. (Complaint ¶ 25)

Plaintiffs' complaint lists examples of only a few similarly situated landholders who were treated more favorably than the Plaintiffs. It is believed and averred that additional similar evidence will be obtained during the course of discovery.

Plaintiff has also alleged sufficient facts from which a jury could infer that the Defendants actions were tainted by improper motive in that Plaintiffs were singled out due to the personal animosity of several defendants, including but not limited to Mr. Tshudy, toward them. (Complaint ¶ 31). <u>Bello v. Walker</u>, 840 F.2d 1124, 1129 (3d Cir. 1980). Thus, Plaintiffs have set forth a substantive due process claim, which would entitle the Plaintiffs to relief.

To establish a violation of the right to procedural due process, the Plaintiffs must prove that a person acting under color of state law deprived them of a protected property interest and that the state procedure for

C.   **Plaintiffs' state a claim against Miller Associates for conspiracy to deprive Plaintiffs due process of law under the Fourteenth Amendment.**

Plaintiffs have set forth sufficient facts to support a claim against Miller Associates and its employees/agents for conspiracy. In <u>Hampton v. Hanrahan</u>, 600 F. 2d 600, 620-24 (7th Cir. 1979), the 7th Circuit Court defined a civil rights conspiracy as follows:

> A civil conspiracy is a "combination of two or more persons acting in concert to commit an individual act, or to commit a lawful act by unlawful means the principal element of which is an agreement between the parties to "inflict a wrong against or injury upon another," and "an overt act that results in damage".

Plaintiffs have alleged individuals representing or acting on behalf of Miller Associates, including but not limited to Mr. Tshudy, acted together with the Union Township defendants to improperly delay and influence the outcome of Plaintiffs' zoning requests in order to deprive them of their constitutional right to due

process. Contrary to Defendant's argument in their

Motion,

the law provides that:

> In order to prove the existence of a civil conspiracy, a plaintiff is <u>not</u> required to provide direct evidence of the agreement between the conspirators; "[c] circumstantial evidence may

challenging the deprivation does not satisfy the
requirements of due process. See DeBlasio,  53 F.3d at 597
(citing Midnight Sessions. Ltd.City of Philadelphia 94,
F.2d 667, 680 (3d Cir. 1991)).

As set forth above, Plaintiffs as the owner of the pig
farm property and the lessor of the Sawmill property have a
protected property interest at stake. Plaintiffs also set
forth sufficient facts to satisfy the second prong of a
procedural due process claim.

A state provides constitutionally adequate procedural
due process when it provides reasonable and adequate
remedies to rectify a legal error by a local administrative
body. See DeBlasio 53 F.3d at 597 (citing  Bello v. Walker,
840 F.2d 1124, 1128 (3d Cir. 1988)).

The situation that the Plaintiffs found themselves in,
however, did not afford them a "full judicial mechanism
with which to challenge the administrative decision." Bello
v. Walker, 840 F.2d 1124, 1128 (3d Cir. 1988).

Among other acts alleged in the complaint and detailed
in the above factual recitation, Defendant Miller
Associates and its employees intentionally delayed giving
confirmation of use approval to the Plaintiff. Instead,
they required that Plaintiffs first submit a variety of
expensive plans, which they knew that they had not required

other similarly situated businesses to produce. This was

done in order to permit the Union Township Defendants

sufficient time to conduct a legislative "end run" around

Plaintiff by amending the zoning laws. At that juncture,

they had no ability to appeal for relief to any court

pertaining to Miller Associates delay and hindrance.

Furthermore, due process requires that Plaintiff be

afforded a neutral body evaluate and decide zoning issues.

Rogin v. Bensalem Township, 616 F.2d 680, 694 (3rd Cir.

1980). Defendant Miller Associates and its employees,

including but not limited to Mr. Tshudy were responsible in

part for providing the approval necessary to obtain the

permit and for otherwise processing Plaintiffs' zoning

requests. They were, not however, as asserted in

Plaintiffs' complaint neutral toward the Plaintiffs. They

acted to improperly influence the zoning decisions, which

ultimately injured Plaintiffs.

Nor did Plaintiffs have adequate post-deprivation

remedies available to them other than the instant suit.

Under Section 909.1 of the Pennsylvania Municipalities

Planning Code, Act of July 31, 1968, P.L. 805, added by §

87 of the Act of December 21, 1988, P.L. 1329 (Code),

jurisdiction of the Zoning Board is limited to hearing and

deciding appeals related to the Code only: denial of a

permit, issuance of a cease and desist order, refusal to register any non-conforming use, etc. APT Pittsburgh Limited Partnership v. MeKees Rocks Borough Zoning Hearing Board, C.C.P. Allegheny County No. S.A. 534-97, 5/15/98. The wording of the sections "to hear and decide", implies only the power to render decisions, limited to those specific questions consigned to the adjicatory powers of that body by statute." In Re Leopardi, 516 Pa. 115, 532 A.2d 311, 313 (1987); Paulson v. Zoning Hearing Board of Wallace Township, 712 A.2d 785 (Pa. Cmwlth, 1998).

The civil claims brought in the instant action are clearly outside the Code perameters and therefore outside the Zoning Board's jurisdiction. These claims therefore could not have been heard and decided by the Zoning Board.

Furthermore, the Court of Common Pleas sitting in its appellate capacity, hearing a zoning appeal would not have jurisdiction to hear or decide for the first time the civil rights claims presented herein.

Thus, Plaintiffs were without adequate judicial remedy to pursue any other post deprivation remedies other than the instant suit. Thus, Plaintiffs have set forth sufficient facts in support of their procedural due process claims to withstand the instant Motion by Defendant Miller Associates to Dismiss.

provide adequate proof of conspiracy "...absent the
testimony of a co-conspirator, it is unlikely that
direct evidence of a conspiratorial agreement will
exist thus, the question whether an agreement
exists should not be taken from the jury in a civil
conspiracy case so long as there is a possibility
that the jury can "infer from the circumstances
[that the alleged conspirators] had a "meeting of
the minds" and thus reached an understanding "to
achieve the conspiracy's objectives...".

A plaintiff seeking redress need not prove that
each participant in the conspiracy knew the "exact
limits of the illegal plan or the identity of all
participants therein"... an express agreement among
all the conspirators is not a necessary element of
a civil conspiracy.  The participants in the
conspiracy must share the general conspiratorial
objective, but they need not know all the details
of the plan designed to achieve the objective or
possess the same motives for designing the intended
conspiratorial result.  To demonstrate the
existence of a conspiratorial agreement, it simply
must be shown that there was "a single plan, the
essential nature and general scope of which [was]
known to each person who is to be held responsible
for its consequences.

Hampton, 660 F. 2d. 620-24. Under Hampton a conspiracy

will subject to liability all of the Defendants who planned

or acted in concert to deprive the Plaintiffs of their civil

rights. As set forth in the above factual recitation,

Plaintiffs have made sufficient allegations, which if

believed, would enable a reasonable jury to find that Miller

Associate Defendants shared a general conspiratorial

objective with the Union Township Defendants and there was a

single plan, the essential nature and general scope of which

was known by the Miller Associates defendants, including but
not limited to Mr. Tshudy.

Defendants have additionally argued that Plaintiffs
complaint does not provide sufficient information as to
when the conspiracy occurred. Plaintiffs' complaint however
provides in multiple places the specific dates that various
material events occurred on. (Complaint ¶ 8, 13, 19, 20,
22, 24, 25, 27, 28, 31). Furthermore, Plaintiffs
specifically alleges that the acts complained of occurred
during those time periods. (Complaint ¶25). Should the
Court not find this sufficient, the appropriate remedy
would be to permit Plaintiffs to amend the complaint.

These averments are sufficient to withstand a motion
brought pursuant to Fed.R.Civ.P 12(b)(6). Furthermore,
Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163,
122 L.Ed.2d 517, 113 S.Ct. 1160 (1993), dictates that
claims brought under 42 U.S.C. § 1985 do not require a
heightened pleading standard. See Weise v. Syracuse
University, 522 F.2d 397, 408 (2nd Cir. 1975) ("Sketchy"
conspiracy allegations are sufficient where action by the
defendants collectively, in concert, and with invidious
intent is alleged). Novotny v Great American Federal.Sav.
& Loan Ass'n, 584 F.2d 1235 (3rd Cir. 1978)
(allegations that the individual defendants "embarked upon

and pursued a course of conduct the effect of which was to deny" plaintiff's rights sets forth sufficient claims to withstand a 12(b) (6) motion); Marlowe v. Fisher Body 489 F.2d 1057 (6th Cir. 1973) (allegation of "collusion" is sufficient to raise claim of conspiracy). Thus, Plaintiffs conspiracy claim is sufficient set forth to withstand the instant Motion by Defendants to Dismiss.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests the Court to deny Defendant Miller Associates' Motion to Dismiss or in the alternative to grant Plaintiffs leave and time to amend their complaint.

Respectfully submitted,

Teri B. Himebaugh, Esq.
PA ID 53603

## *CERTIFICATE OF SERVICE*

The undersigned counsel for Plaintiffs hereby certifies pursuant to18 Pa.C.S. 4904 that a true and correct copy of the attached Plaintiffs' Response to Defendants' Motion to Dismiss has been mailed first class, postage prepaid this 25th day of January, 2001 upon the following:

U.S. District Court
Federal Bld. Room 1060
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108-0983

James Young, Esq.
Lavery, Faherty, Young
301 Market Street #800
P.O. Box 1245
Harrisburg, PA 17108

Mr. Jonathan K. Hollin, Esq.
Powell, Trachtman, Logan, Carrle
475 Allendale Rd. Suite 200
King of Prussia, PA 19406

Teri B. Himebaugh, Esq.
220 Stallion Lane
Schwenksville, PA 19473
(610) 287-0216
PA ID 53603