IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY F. FROMPOVICZ, JR., CAROL FRAMPOVICZ, t/a FAR AWAY SPRINGS<br><br>v.<br><br>UNION TOWNSHIP,<br>UNION TOWNSHIP BOARD OF SUPERVISORS, SUPERVISOR BARRY L. SWANGER<br>UNION TOWNSHIP BOARD OF SUPERVISORS, SUPERVISOR KENNETH A. KINDT<br>UNION TOWNSHIP BOARD OF SUPERVISORS, SUPERVISOR DAVID A. CARBAUGH<br>UNION TOWNSHIP BOARD OF SUPERVISORS, ZONING OFFICER DONALD TSHUDY,<br>ZONING OFFICER WILSON JONES,<br>DAVID MILLER/ASSOCIATES, INC. | Civil Action No. 00-1750<br><br>FILED<br>HARRISBURG, PA<br><br>FEB 8 2001<br><br>MARY E. D'ANDREA, CLERK<br>Per _____ Deputy Clerk |

**DEFENDANT, DAVID MILLER ASSOCIATES, INC.'S
REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

## I. STATEMENT OF PROCEDURAL HISTORY

On or about January 8, 2000, David Miller Associates, Inc. ("Miller Associates") filed its Motion to Dismiss this matter. Miller Associates Supporting Brief was filed on January 12, 2001. On January 29, 2001, Miller Associates received plaintiffs' Brief in Opposition to the Motion to Dismiss.

Plaintiffs' Brief contains the "stipulation" that Count III of Plaintiffs' Complaint is *not* meant to "relate or refer to actions by defendant, David Miller Associates, Inc." Thus, with respect to that Count, plaintiffs clearly do not state a claim against Miller Associates. (See,

KOP:183090.13445-03

Plaintiffs' Answer to Motion to Dismiss, paragraph 8).

Miller Associates stands by the arguments raised in its original Brief and will not repeat same here. It will, however, briefly reply to certain aspects of plaintiffs' Brief.

## II. ARGUMENT

### THE COMPLAINT FAILS TO STATE A CLAIM AGAINST MILLER ASSOCIATES EITHER DIRECTLY OR THROUGH A CONSPIRACY, FOR VIOLATIONS OF SECTION 1983.

Plaintiffs' Brief carries forward the tactic contained in the Complaint of lumping Miller Associates in with the "Defendants" even though it is one of only eight defendants and, the only non-municipal defendant.

A careful reading of the Complaint and the Plaintiffs' Brief makes it clear that there are only three individually differentiated ways in which Miller Associates was allegedly involved. First, it allegedly hired Mr. Tshudy after he left the Zoning Office and then, when he again became employed as a Zoning Officer for Union Township, it continued to employ him. (Plaintiffs' Brief, page 2).[1] The other aspect of Miller Associates' alleged wrongdoing was that it had allegedly given confirmation of uses *to Union Township* with respect to a non-party entity identified as I.C. Farms. Finally, it is alleged for the first time in the Brief that "employees of Miller Associates, had an acrimonious history with the Plaintiffs and held a personal animosity towards them." (Brief page 6). Those employees are *not* identified nor is the time frame of the acrimony set forth.

---

[1] There are not actually page numbers on Plaintiffs' Brief. Moreover, the plaintiffs cite to paragraphs 4, 14, and 22 of their Complaint in support of that statement in their Brief. The Complaint does *not* actually state that when Mr. Tshudy went back for the second time to act as a Zoning Officer that he was simultaneously employed by Miller Associates.

KOP:183090.13445-03                         2

Plaintiff cites <u>Colburn v. Upper Darby Township</u>, 838 F.2d 663 (3rd Cir. Pa. 1988) for the proposition that civil rights complaints' comply with the notice requirement if they allege the specific conduct violating the plaintiff's rights, the time and place of that conduct and the identity of the responding officials. <u>Id</u> at 666.

Miller Associates does not disagree. However, Miller Associates continues to contend that the plaintiffs have not set forth "specific conduct" *by Miller Associates* "violating the plaintiffs' rights," or the "time and place" of conduct *by Miller Associates* which constitutes unconstitutional conduct. See also, <u>Pace Resources, Inc. v Shrewsbury Twp</u>, 808 F.2d 1023,1035( 3rd Cir. Pa. 1987) ( Substantive due process complaints must allege facts that would support a finding of arbitrary or irrational legislative action by the township - conclusory pleadings do not suffice. <u>Id</u>); <u>Muhammad v. Hilbert</u>, 906 F.Supp. 267, 272, (E.D. Pa. 1995) (A court cannot act on pure guess work or speculation when a plaintiff seeks relief under Section 1983).

### Allegations involving Mr. Tshudy

The Complaint alleges that in August 1997, Mr. Tshudy advised the plaintiffs that their water operation was an acceptable use. He then left the Zoning Office and became employed by Miller Associates (Complaint, 13 and 14). Presumably, the August 1997 conduct by Mr. Tshudy, to the extent it was in any way improper, *cannot* be laid at the feet of Miller Associates as Mr. Tshudy was not its employee at the time. The Complaint then goes on to describe interactions between Plaintiffs' and the new Zoning Officer, Mr. Jones. Mr. Tshudy is not mentioned again until paragraph 22 of the Complaint (after a year has apparently passed by). It is then asserted that:

KOP:183090.13445-03                                 3

> "In August 1998, plaintiffs repeated their request that they be issued a zoning permit (as opposed to a building permit) to Mr. Tshudy, who had now replaced Jones as Zoning Officer. Tshudy reassured plaintiffs that the pig farm operation they proposed was in fact an approved use, however he agreed to take the matter up with the Township Solicitor.

It is unclear how Mr Tshudy allegedly giving such assurance, or offering to take the subject up with the Township Solicitor, violated Plaintiff's due process rights or in any way implicates Miller Associates. One thing that is clear, however, is Mr. Tshudy is never mentioned again in the Complaint. Moreover, in plaintiffs' Memorandum of Law in Support of Their Response to the Union Township Motion to Dismiss they assert that allegations involving actions prior to September 30, 1998 were provided for "historical context" and that "[t[he acts, which form the basis for the claims of denial of due process and conspiracy, date from September 30,1998 and were ongoing thereafter". ( Memorandum pg 18 Sec III A 2). Thus, that would *exclude* the referenced conduct allegedly involving Mr. Tshudy.

### Evaluation of Other Properties

Finally, the last reference in the Complaint to Miller Associates is at paragraph 25 where it is alleged that the Township gave written confirmation of the accepted use of property to I.C. Farms/George Christensen "based in part on evaluations done by Miller Associates." (Complaint paragraph 25). Thus, there is not even an allegation that Miller Associates was involved in any type of evaluation or confirmation concerning the plaintiffs' property let alone that it had any ability to control Township decisions. Moreover, it is far from clear that "a written confirmation of accepted use" is a constitutionally protected "property right". See e.g Myers v Penn Twp Bd. of Commissioners, 50 F. Supp 2d 385, 388-389 (M.D. Pa. 1999) ( First inquiry in every due

process challenge is whether the plaintiff has ben deprived of a protected interest in "property". Id at 388)

### III. Conclusion

As pointed out in the Woodwind Estates case cited by plaintiffs, for the plaintiff to prevail he must establish both that he had a protected property interest and was the victim of "a governmental action that was arbitrary, irrational or tainted by improper motive." Woodwind Estates Limited v. Gretkowski, 205 F.3rd 118, 123 - 124 (3rd Cir. Pa. 2000).[2]

As set forth in Miller Associates' original Brief and hereinabove, plaintiffs have not shown any specific conduct *by Miller Associates* which would make it liable as a state actor or as a co-conspirator or the arbitrary, irrational or tainted governmental action needed to show a due process violation under Section 1983. Accordingly, Miller Associates' Motion to Dismiss should be granted.

                                                Powell, Trachtman, Logan, Carrle, Bowman,
                                                & Lombardo, P.C.

                                                By: _____
                                                      Jonathan K. Hollin

Date: February 6, 2001

---

[2] Note that in Woodwind Estates the Court had found that the claimant had submitted a plan which "indisputably satisfied all of the requirements for approval under the ordinance", and that the ordinance substantially limited the Township's discretion regarding approval so that Woodwind was deemed to have a protective property interest.

## CERTIFICATE OF SERVICE

I, Jonathan K. Hollin, Esquire, hereby certify that a true and correct copy of the foregoing Defendant, David Miller Associates, Inc.'s Reply Brief in Support of Motion to Dismiss was served via first class mail, postage prepaid upon the following:

Teri B. Himebaugh, Esquire
Law Offices of Teri B. Himebaugh
220 Stallion Lane
Schwenksville, PA 19473

James D. Young, Esquire
Frank J. Lavery, Jr., Esquire
Lavery, Faherty, Young & Patterson, P.C.
The Kunkel Building
301 Market Street, Suite 800
P.O. Box 1245
Harrisburg, PA 17108-1245

Powell, Trachtman, Logan, Carrle, Bowman,
& Lombardo, P.C.

By: _____
Jonathan K. Hollin
475 Allendale Road, Suite 200
King of Prussia, PA 19406
(610) 354-9700
Attorneys for David Miller Associates, Inc.

Date: February 6, 2001