



Attorneys for Plaintiff:
    Teri B. Himebaugh
    Thomas W. Scott

Attorneys for Defendants:
    Johnathan K. Hollin
    James Young

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STANLEY F. FROMPOVICZ, JR., CAROL
FRAMPOVICZ, t/a FAR AWAY SPRINGS,

    Plaintiffs

v.

UNION TOWNSHIP
UNION TOWNSHIP BOARD OF SUPERVISORS
et. al.

    Defendants

NO. 1: CV-00-1750

(HON. JUDGE CALDWELL)

JURY TRIAL DEMANDED

## JOINT CASE MANAGEMENT PLAN

    Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

**1.0**     **Principal Issues**

    1.10     Separately and for each party, please give a statement summarizing this case:

**By Plaintiffs:**
    In 1997 Plaintiffs Stan and Carol Frampovicz t/a Far Away Springs purchased a farm located in Union Township, Lebanon County, Pennsylvania. At the time the farm was zoned agricultural, which included a permitted use of intensive animal husbandry. When Plaintiffs purchased the property it was their original intention to use the property to collect and sell spring water. This fact was known to the Township. Plaintiffs were advised by Donald Tshudy, Township Zoning Officer that the water collection operation was a permitted use. In reliance on that information, Plaintiffs incurred substantial costs in the preparation and planning for the water operation. In March of 1998, Plaintiffs were advised by the Township that the proposed water operation was not a permitted use and could only be permitted through a zoning variance. Plaintiffs sought a variance which was eventually denied by the Township. As a result, Plaintiffs original plans were thwarted and they suffered substantial economic losses. Thereafter, Plaintiffs advised the Township of their intention to develop their property as a high intensity

1

hog farm operation, a permitted use in an agricultural zone. Because Plaintiffs had previously been advised by the Township Zoning Officer that the water operation was a permitted use, and had relied to their detriment on that information, incurring thousands of dollars in unrecoverable costs, only to be denied the permit by the Township, before they expended additional sums to prepare for the construction of the hog farm, they sought written confirmation from the Township in the form of a approved use change permit to ensure that the money they spent developing the hog farm would not be wasted should the Township change its position on the permitted use aspect of their operation before actually issuing a building permit. Intensive hog farming was a permitted use as of right when the Plaintiffs requested the use permit and a letter confirming their ability to use their farm for intensive hog farming was drafted by the Township. For improper, personal, political, discriminatory and other impermissible reasons the letter confirming the Plaintiffs right to develop an intensive hog farm on their land was never sent to the Plaintiffs. Instead, their requests for written confirmation of their ability to use the land as a permitted hog farm were denied. In the meantime, the Township declared a moratorium on the development of high intensity agricultural operations such as the pig farm as Plaintiffs proposed. Subsequently, the Township amended its zoning ordinance removing intensive agriculture from the category of a use permitted by right within the Township's agricultural zone and making it a special exception use. Delaying approval of Plaintiffs use, the moratorium and the zoning change were all orchestrated by Defendants to deny Plaintiffs right to use their property in a lawful manner and have subjected Plaintiffs to damages.

  **By Defendant:** (Union Township)
Union Township has raised legal challenges to the sufficiency of the complaint which are currently pending in a form of a 12(b)(6) motion to dismiss. All facts and arguments set forth therein are incorporated in this Joint Case Management Plan. The Township denies any improper motivation or action on the part of its officials or employees or agents. The Township asserts that its actions with regard to the water use and intensive hog farm plans offered by Plaintiffs were consistent with state law and local ordinances and that those decisions were upheld on appeal and do not form the basis for any liability by the Township. The Township claims any challenge to the water withdrawal operation is barred by the statute of limitations and concepts of *res judicata* and collateral estoppel. The Township asserts immunity for the individual defendants.

  **By Defendant:** (David Miller Associates, Inc.)
David Miller Associates, Inc. has raised legal challenges to the sufficiency of the complaint which are currently pending in a form of a 12(b)(6) motion to dismiss. All facts and arguments set forth therein are incorporated in this Joint Case Management Plan. David Miller Associates claims it was not involved in a conspiracy with any township defendants to deprive Plaintiff of any rights. David Miller Associates, Inc. asserts that its sole involvement was always as a paid consultant for the township and that it played no role in making determinations with regard to Plaintiff's property.

  **1.11**   **The principal *factual* issues that the parties *dispute* are:**

    1.12   Whether Defendants discriminated against Plaintiffs in making decisions with regard to their property.

    1.13   Whether Plaintiffs request for a written use permit was improperly delayed or denied.

    1.14   Whether the Township's moratorium and zoning change was improper as to Plaintiffs.

    1.15   Whether David Miller Associates, Inc. conspired with Township defendants to deprive Plaintiff of protected rights.

2

**The principal *factual* issues that the parties *agree* upon are:**

1.20  Plaintiff is the owner of the land.

1.21  Facts concerning times and dates of various filings by Plaintiff and official actions taken by Defendants.

1.30  **The principal *legal* issues that the parties di*spute* are:**

1.31  The legal issues raised in the Motions to Dismiss filed by the Defendants, which are incorporated by reference.

**The principal *legal* issues that the parties *agree* upon are:**

1.40

1.50  Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue: NONE

1.60  Identify any named parties that have not yet been served: NONE

1.70  Identify any additional parties that:
**plaintiff(s) intends to join:** None at this time.

**defendant(s) intends to join:** None at this time.

1.80  Identify any additional claims that:
**plaintiff(s) intends to add:** None at this time.


**defendant(s) intends to add:** None at this time.


2.0  **Alternative Dispute Resolution ("ADR")**

2.10  Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure_____None.__

Date ADR to be commenced_____
Date ADR to be completed_____

2.20  If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

3

Defendant David Miller/Associates, Inc. proposes Middle District mediation in this case after the pending 12(b)(6) motions have been decided and substantial discovery has been completed by the parties.

**2.30** **If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:**

**3.0** **Consent to Jurisdiction by a Magistrate Judge**

**Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:**

All parties agree to jurisdiction by a magistrate judge of this court: __yes  x  no

**4.0** **Disclosures**

**4.100** Separately for each party, list by *name and title/position* each person whose identity has been disclosed.

   4.101  Disclosed by   Plaintiff(s)  :

|       | Name | Title/Position |
|-------|------|----------------|
| 4.102 | Paul Bametzreider, Esquire | Attorney/Solicitor |
|       | Kenneth and Lillian Michaels | |
|       | Bobby Michaels | |
|       | Lou and Rose Portas | |
|       | John Fordy | |
|       | Ellwood Hoover | |
|       | Lebanon Valley Honda | |
|       | Esther Raucsh | |
|       | Harvey Ditzler | |
|       | Leon Hoover | |
|       | Farmer Boy Ag | |

   4.151  Disclosed by Defendant David Miller/Associates, Inc.

|       | Name | Title/Position |
|-------|------|----------------|
| 4.152 | | |
|       | David Miller | employee |
|       | Donald Tshudy | Zoning Officer, Union Township |
|       | Sydney Klime, Jr., RLA | employee |
|       | Wilson Jones, | Zoning Officer, Union Township |
|       | James T. Reilly, Esquire | Solicitor, Union Township |

4

4.200 Separately for each party, describe by *categories* the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

    4.201 Categories of documents disclosed by __Plaintiffs__:

        4.202 Correspondence among Plaintiffs and Defendants; correspondence among Defendants and other similarly situated landowners; minutes of meetings conducted by Defendants; marked up draft of approval letter prepared for Plaintiff but never sent to Plaintiff.

    4.251 Categories of documents disclosed by __Defendant, David Miller/Associates, Inc.__:

        4.252 Township Ordinances, Court Orders in state proceedings, Correspondence between David Miller and Union Township, Corresponsence with prior counsel for Plaintiffs, copies of building and zoning permits.

4.300 *Additional Documents Disclosures:* Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

    4.301 Additional categories of documents __Plaintiffs__ will disclose:

        4.302 Plaintiffs believe Defendants are already in possession of most documents relevant to the case. Plaintiffs expect they will rely on large measure upon documents produced by Defendants in Plaintiffs case.

    4.351 Additional categories of documents __Defendant__ will disclose:

        4.352 Not determined at this time.

4.400 Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:

    4.401 Plaintiffs' calculation of damages: Not determined at this time.

    4.402 Defendant's calculation of offset: N/A

## 5.0 Motions

Identify any motion(s) whose early resolution would *likely* have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| 12(b)(6) Motions to Dismiss | Defendants | Previously filed |
| Possible Summary Judgment | Plaintiffs/Defendants | Close of discovery |

## 6.0 Discovery

6.100 Briefly describe any discovery that has been completed or is in progress:

By Plaintiff(s): First Set of Interrogatories and Request for Production of Documents served. Depositions and additional document requests are anticipated after receiving responses to initial discovery.

By Defendant(s): Defendant David Miller Associates served Interrogatories upon Plaintiffs which are Plaintiffs are in the process of responding to

6.200 Describe any *discovery* that all *parties agree* should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case."):

Plaintiffs anticipate deposing all involved Township officials, employees and agents concerning their roles in acting on Plaintiffs requests as well as acting upon similar requests proposed by others. Plaintiffs also anticipate deposing other township landowners who sought and secured approvals similar to those sought by Plaintiffs. Plaintiffs reserve the right to conduct additional discovery as needs develop.

Defendants anticipate deposing Plaintiffs and others identified by Plaintiffs as having knowledge of the facts. Defendants reserve the right to conduct additional discovery as needs develop.

6.300 Describe any *discovery* that one or more parties want(s) to conduct but to *which another party objects,* indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it: Unknown at this time.

6.400 Identify any *subject area limitations on discovery* that one or more parties would like imposed, at the first stage of or throughout the litigation: N/A

6.500 For each of the following discovery tools, *recommend the per-party or per-side limitation* (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

  6.501 depositions (excluding experts) to be taken by:

  Plaintiff(s): 10    Defendant(s): 10 (Miller)

  6.502 interrogatories to be served by:

  Plaintiff(s): 25    Defendant(s): 25 (Miller)

  6.503 document production requests to be served by:

  Plaintiff(s): None    Defendant(s): None

  6.504 requests for admission to be served by:

6

Plaintiff(s): None    Defendant(s):  None

    6.600  All discovery commenced in time to be completed by:
July 30, 2001 (Plaintiff suggestion)

    6.700  Reports from retained experts due:
from Plaintiff(s) by:
August 15, 2001 (Plaintiff suggestion)

from Defendant(s) by
September 15, 2001

    6.800  Supplementations due:
from Plaintiff(s) by:
October 1, 2001

from Defendant(s) by
October 15, 2001

**7.0**    **Protective Order**

    **7.1**  If entry of a protective order is sought, attach to this statement a copy of the proposed order. N/A

    **7.2**  If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below: N/A

**8.0**    **Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority:

**For Plaintiffs:** Each Plaintiff acting in his or her own capacity through counsel, Teri Himebaugh.

**For Defendant:** Union Township and Township Defendants through counsel, James Young David Miller Associates through counsel, Jonathan Hollin.

**9.0**    **Scheduling**

    **9.1**  **This case may be appropriate for trial in approximately:**

    \_\_\_ 240 Days from the filing of the action in this court.
    \_\_\_ 365 Days from the filing of the action in this court.
    450 Days from the filing of the action in this court. (Plaintiff suggestion)

    **9.2**  **Suggested Date for the Trial:**
February 2002 (Plaintiff suggestion)

    **9.3**  **Suggested date for the final Pretrial Conference:**
January 2002 (Plaintiff suggestion)

7

9.4    **Final date for joining additional parties:**
Plaintiffs    N/A
Defendant    N/A

9.5    **Final date for amending pleadings:**
Plaintiffs: In accord with standard court order.
Defendant: In accord with standard court order.

9.6    **All potentially Dispositive motions should be filed by:**
October 15, 2001 (Plaintiff suggestion)

10.0    **Other Matters**

**Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.**

N/A.

**11.0** Identification of Lead Counsel

Identify by name, address, and telephone number lead counsel for each party:

**For Plaintiffs:**
    Teri B. Himebaugh, Esquire
    220 Stallion Lane
    Schwenksville, PA 19473
    I.D. No. 53603
    (610) 287-0216

Dated: April 13, 2001
        (Signature page attached)
        Teri B. Himebaugh

**For Defendant: (Union Township)**
    James Young, Esquire
    Lavery, Faherty, Young & Patterson, P.C.
    301 Market Street
    P.O. Box 1245
    Harrisburg, PA 17108
    I.D. No. 53904
    (717) 233-6633

        (Signature page attached)
        James Young

**For Defendant: (David Miller Associate**
    Jonathan K. Hollin, Esquire
    Powell, Trachtman, Logan, Carrle
    475 Allentown Road, Suite 200
    King of Prussia, PA 19406
    I.D. No.
    (610) 354-9700

        (Signature page attached)
        Jonathan K. Hollin

For Plaintiffs:

_____  __4/12/01__
Teri B. Himebaugh, Esq.                Date
220 Stallion Lane
Schwenskville, PA 19473

For Defendant: (David Miller Associates)

    Jonathan K. Hollin, Esquire
    Powell, Trachtman, Logan, Carrle
    475 Allentown Road, Suite 200
    King of Prussia, PA 19406
    I.D. No.  36660
    (610) 354-9700

    _____
    Jonathan K. Hollin

11

**For Defendant: (Union Township)**

James Young, Esquire
Lavery, Faherty, Young & Patterson, P.C.
301 Market Street
P.O. Box 1245
Harrisburg, PA 17108
I.D. No. 53904
(717) 233-6633

_____
James Young