*see order*

23
4/24/01

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STANLEY F. FROMPOVICZ, JR.,          :
CAROL FROMPOVICZ,
t/a FAR AWAY SPRINGS,                 :
          Plaintiffs
                                      :
          vs.                              CIVIL ACTION NO. 1:CV-00-1750
                                      :
UNION TOWNSHIP, UNION TOWNSHIP
BOARD OF SUPERVISORS,                 :
SUPERVISOR BARRY L. SWANGER,
SUPERVISOR KENNETH A. KINDT,          :
SUPERVISOR DAVID A. CARBAUGH,
ZONING OFFICER DONALD TSHUDY,         :
ZONING OFFICER WILSON JONES,
DAVID MILLER/ASSOCIATES, INC.,        :
          Defendants

**FILED**
**HARRISBURG, PA**

APR 2 3 2001

MARY E. D'ANDREA, CLERK
PER_____
        DEPUTY CLERK

M E M O R A N D U M

I.    Introduction.

        The Plaintiffs, Stanley F. Frompovicz, Jr., and Carol

Frompovicz, t/a Far Away Springs, filed this 42 U.S.C. § 1983

action against the Defendants, mainly alleging that the Defendants

violated the Plaintiffs' rights to procedural and substantive due

process when they arbitrarily denied them a change-of-use permit

that would have confirmed for them an already-existing right to

develop their land as a high-intensity pig farm.

        The self-styled "Union Township Defendants" are: Union

Township; the three members of the Union Township Board of

Supervisors, Barry L. Swanger, Kenneth A. Kindt, and David A.

Carbaugh; and two Township zoning officers, Donald Tshudy and

Wilson Jones.  The remaining defendant is David Miller Associates,

AO 72A
(Rev.8/82)

Inc., a civil engineering firm that evaluates zoning requests for the Township.  The individual defendants are sued in their individual and official capacities.

We are considering two motions to dismiss under Fed. R. Civ. P. 12(b)(6), one filed by the Union Township Defendants, and the other by David Miller Associates, Inc.  We cannot grant the motions if "under any reasonable reading of the pleadings, the plaintiffs may be entitled to relief . . . " Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000).  In making that decision, we must accept as true all well-pleaded allegations in the complaint, Maio v. Aetna, Inc., 221 F.3d 472, 481-82 (3d Cir. 2000), and construe any reasonable inferences to be drawn from the allegations in the Plaintiff's favor.  See United States v. Occidental Chemical Corp., 200 F.3d 143, 147 (3d Cir. 1999).  When appropriate, we may also rely on public records, such as court filings.  See Churchill v. Star Enterprises, 183 F.3d 184, 190 n.5 (3d Cir. 1999)(citing Pension Benefit Guaranty Corp. v. White Consolidated Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). With this standard in mind, we set forth the background to this litigation, as the Plaintiffs allege it.

II.    Background.

In April 1997, the Plaintiffs purchased the property at issue.  At the time of the purchase, Union Township had zoned it agricultural.  This category included a permitted use of intensive

2

animal husbandry which included pig farming.  The unsuccessful
bidder against the Plaintiffs on the property did intend to use it
as a pig farm; however, the Plaintiffs intended to use it for the
commercial sale of spring water, using the property as the source
of the water.  The Defendants knew of this intended use at the
time the Plaintiffs purchased the property (complaint, ¶ 12), and
in August 1997, some five months after the purchase, defendant
Tshudy, the Township zoning officer at the time, told them it was
an "acceptable use . . . under the . . . zoning code and that they
may proceed."  (Id., ¶ 13).

At some point thereafter Tshudy stopped being the
zoning officer and became employed by defendant Miller Associates.
Tshudy was replaced by defendant Jones.

Contrary to Tshudy's earlier statement, on March 4,
1998, "Plaintiffs were advised" that their water business was not
an acceptable use and that they had to apply for a zoning variance
to permit the collection and sale of spring water.  (Id., ¶ 15).
In June 1998, the request for a variance was denied.  (Id., ¶ 16).

The Plaintiffs filed an appeal with the common pleas
court, arguing that their spring-water business was a permitted
use within an agricultural zone because they were merely
harvesting the water.  On January 13, 1999, the trial court
rejected this contention, (Union Township Defendants' appendix,
exhibit B), and on October 6, 1999, the Pennsylvania Commonwealth
Court affirmed.  See Frompovicz v. Union Township Zoning Hearing

3

Board, No. 316 C.D. 1999 (Commw. Ct. Oct. 6, 1999)(Exhibit C, Union Township Defendants' appendix).

In the meantime, in June 1998, after the variance had been denied, the Plaintiffs decided to operate a pig farm on the land and so advised defendant Jones, the new zoning officer. At that time, Jones "verbally confirmed to Plaintiffs that the property was already zoned for high intensity pig farming under § 402.1(c) of the Union Township Zoning Ordinances." (Complaint, ¶ 17).

The Plaintiffs then applied for a "zoning permit" to confirm that their land could be used for high-intensity pig farming. (Id., ¶ 18). According to the Plaintiffs, even when the Township zoning laws allowed a use, the Defendants routinely issued zoning permits to confirm for property owners that the intended use was a proper one. (Id., ¶ 21). The Plaintiffs applied for such a zoning permit "out of caution and because there would be a change of use," although from one permitted use ("crops and trees") to another permitted use. (Id., ¶ 18).[1] During the pertinent time, "landholders within the Township including but not limited to I.C. Farms/George Christiansen were given written

_____

[1] As we discuss later, according to the common pleas court and the commonwealth court when they reviewed the decision to deny this permit, the Plaintiffs were seeking a "change-in-use" permit. (Union Township Defendants' appendix, exhibits C and E). As far as this court can tell, such a permit does not appear formally in any zoning ordinance but if the complaint is to be believed, appears to have developed by custom.

4

confirmation of the accepted use of their property for high intensity pig farming without being first required to file an E&S plan, a manure plan, a development plan etc.  This confirmation of accepted use was based in part on evaluations done by DAVID MILLER/ASSOCIATES."  (<u>Id.</u>, ¶ 25).

On June 24, 1998, Jones advised the Plaintiffs "that they would need to submit E&S, building, manure, subdivision and other plans before a "building permit" would be granted.  (<u>Id.</u>, ¶ 19).[2]  On June 30, the Plaintiffs explained to Jones "that they were not seeking a building permit but rather only a zoning permit confirming that the property was approved for use as a high intensity pig farm."  (<u>Id.</u>, ¶ 20).

In August 1998, the Plaintiffs repeated their request for a zoning permit to Tshudy, who by then was once again employed as a Township zoning officer while remaining an employee of Miller Associates.  Tshudy "reassured the Plaintiffs that the pig farm operation they proposed was in fact an approved use[;] however, he agreed to take the matter up with the Township Solicitor."  (<u>Id.</u>, ¶ 22).

The Defendants (the Plaintiff's brief says the Union Township Defendants) then prepared a letter confirming that the

---

[2]The third page of the Plaintiff's brief in opposition to the motion to dismiss of Miller Associates adds the following: "It is believed and averred that Mr. Jones based this at least in part upon information obtained by Miller Associates and/or its employee, Mr. Tshudy."

AO 72A
(Rev.8/82)

Plaintiff's property was approved for use as high-intensity pig farm, but they intentionally did not send it. (Id., ¶ 23).

Instead, "[o]n September 30, 1998, Plaintiff's zoning application was denied" for failure "to file all the required plans." (Id., ¶ 24). The Plaintiffs aver that "the denial was deliberate to delay Plaintiffs['] application long enough for the Defendants to pass changes to the Zoning Ordinances which would prevent Plaintiff[s] from operating a pig farm entirely, regardless of whether or not he (sic) submitted all the appropriate plans." (Id.).

The Plaintiffs appealed this denial to the common pleas court, which denied relief on April 7, 1999, (Union Township Defendants' appendix, exhibit C) and then to the commonwealth court, which affirmed the trial court on October 18, 1999. See Frompovicz v. Union Township Zoning Hearing Board, No. 1182 C.D. 1999 (Commw. Ct.) (Exhibit E, Union Township Defendants' appendix). The trial court reasoned that the denial of the permit was proper because the only "use permit" that had to be issued under the Township's zoning laws was for the use of a property after a structure has been placed on it. The commonwealth court decided that a permit was required only when the applicant was going to put a building or structure on the land. Both courts ruled that the law did not compel issuance of a permit for a change of use for an already-permitted use. Additionally, both courts rejected the contention that George Christiansen (spelled Christianson in

6

the commonwealth-court opinion) had been treated more favorably. They noted that Christiansen's permit had sought to put a structure on his land.

In the meantime, about a month after the Township had denied the change-of-use permit, on November 11, 1998, the Township passed a six-month moratorium on the development of property for intensive animal husbandry.  (Id., ¶ 27).  On April 14, 1999, the Township enacted Ordinance No. 75 of 1999.  (Id., ¶ 28).  The ordinance amended the zoning laws to make intensive animal husbandry a special exception rather than a permitted use. The ordinance also imposed certain requirements, including among others, that there be a "nutrient management plan" approved by the Pennsylvania Department of Environmental Protection.  (Id.); Union Township Defendants' appendix, exhibit A.

At some unspecified time, the Plaintiff also filed an application for rezoning to rezone an adjacent piece of land they were leasing for use as a sawmill.  The land had been used for that purpose for some twenty-five years before the Plaintiff made their rezoning request, which was similar to many other rezoning requests that "were promptly processed and granted by the Defendants."  (Id., ¶ 30).

However, at a Township meeting on August 9, 2000, "Plaintiff's Applications related to the pig farm and rezoning request related to the Sawmill were tabled until some unspecified later date.  When questioned why Plaintiffs (sic) applications

7

were not being expeditiously processed and granted as other
businesses (sic) applications were, it was indicated that the
reason Plaintiffs were being treated differently was because
Defendants had an acrimonious history with the Plaintiffs and held
personal animosity toward them." (Id., ¶ 31).[3] The Plaintiff's
brief asserts that paragraph 31 refers to the animosity of
"several defendants, including but not limited to Mr. Tshudy . .
." (Plaintiffs' opposition brief to Miller Associates motion at
unnumbered page 11).

The Plaintiffs aver that the Defendants conspired to
violate their right to procedural and substantive due process by
acting in an arbitrary and capricious way to prevent them from
using their property. They also aver that the Township had a
policy, custom or practice of allowing individual defendants to
act arbitrarily in land-use decisions and failed to train them.
The Plaintiffs seek compensatory and punitive damages and an
injunction allowing them full use of their property.

---

[3]We are unsure what applications related to the pig farm the
Plaintiffs are referring to in paragraph 31, since the only
application alleged in the complaint is the one concerning the
change-of-use permit which was denied on September 30, 1998.

8

III.  Discussion.

    A.  The Union Township Defendants'
       Motion to Dismiss.

       1.  The Statute of Limitations.

In Pennsylvania, a two-year statute of limitations applies to civil rights actions under 28 U.S.C. § 1983.  See Urrutia v. Harrisburg County Police Depart., 91 F.3d 451, 457 (3d Cir. 1996).  This action was filed on October 3, 2000.  The Union Township Defendants thus argue that the action is barred by the statute of limitations to the extent it relies on the Defendants' actions occurring on or before October 3, 1998, two years before its filing date.

In opposition, the Plaintiffs assert that, despite the file date stamped on the complaint, the complaint was filed on or before September 30, 2000.  They explain in their brief that their lawyer sent the complaint by priority mail on September 22, 2000, to the Scranton Clerk's Office.  On October 3, 2000, their attorney called the Clerk's Office and was told by a "clerk that the complaint had been timely received by the Court either just prior to or on September 30, 2000 . . . ."  (Plaintiffs' opposition brief at unnumbered p. 19).  The Plaintiffs therefore maintain that we should treat the complaint as having been filed on September 30, 2000.  From this starting date, their action is timely since "[t]he acts . . . form[ing] the basis for the claims of due process and conspiracy date from September 30, 1998 [the

9

date the application for the change-of-use permit was denied] and were ongoing thereafter." (Plaintiffs' opposition brief at unnumbered p. 18)(brackets added).

Normally, we would consider the complaint filed as of the date it was file-stamped, in this case October 3, 2000. However, based on the Plaintiffs' representations, we will deny the limitations defense at this time. See Urrutia, supra, 91 F.3d at 457 n.8. Nonetheless, we will allow the Union Township Defendants to raise the defense again but the next time with supporting evidentiary material.

2. Ripeness.

The Defendants also argue that the claims are not ripe because the Plaintiffs have not applied for a special exception under the new ordinance, pointing out that the Plaintiffs are not absolutely barred from using their land as a pig farm; all they have to do is show that they have a nutrient management plan.

In opposition, the Plaintiffs assert that the case is ripe because any application they made now would require spot rezoning and the Defendants indicated at a September 2000 hearing they would not consider spot rezoning.

On the basis of the arguments made by the parties, we do not believe we can dismiss this case for lack of ripeness.

10

3. Claim Preclusion (Res Judicata)
And Issue Preclusion (Collateral
Estoppel).

Union Township Defendants argue that this action is barred by claim preclusion (res judicata) and issue preclusion (collateral estoppel), citing <u>Allen v. McCurry</u>, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), and <u>Bailey v. Ness</u>, 733 F.2d 279 (3d Cir. 1984). They rely on the state-court opinions upholding the Township's land-use decisions on the commercial-water venture and the refusal to grant the change-of-use permit.

While there might be something to this argument, we think it has been made a bit too cursorily to accept it at this juncture.

4. The Substantive Due Process Claim.

A substantive due process claim requires a plaintiff to establish (1) a property interest recognized for due process purposes (2) that was violated by an arbitrary exercise of governmental authority. <u>See</u> <u>Woodwind Estates, Ltd. v. Gretkowski</u>, 205 F.3d 118, 124 (3d Cir. 2000). In the instant case, the Union Township Defendants argue that the Plaintiffs cannot establish a substantive due process claim because the new ordinance was enacted for a legitimate public purpose, the regulation of intensive animal husbandry. Hence, the substantive due process claim must fail because the Union Township Defendants could not have been acting arbitrarily.

11

AO 72A
(Rev.8/82)

In opposition, the Plaintiffs point out that the Third
Circuit has ruled that ownership is a sufficient property right
for substantive due process purposes, see DeBlasio v. Zoning Board
of Adjustment, 53 F.3d 592, 600 (3d Cir. 1995), and that they have
alleged that the Defendants acted arbitrarily in regard to their
change-of-use application (which occurred before the ordinance was
amended) and their sawmill application, alleging that the
Defendants admitted doing so because of the parties' acrimonious
history.  They thus contend that their substantive due process
claim has been validly made.  We agree with the Plaintiffs.

5.  The Procedural Due Process Claim.

To establish a procedural due process violation, a
plaintiff must show that a Township official deprived him of a
protected property interest and that the state does not provide a
constitutionally adequate procedure to rectify that error by a
local official.  See DeBlasio, supra, 53 F.3d at 597, citing
Midnight Sessions, Ltd. v. City of Philadelphia, 945 F.2d 667 (3d
Cir. 1991), and Bello v. Walker, 840 F.2d 1124 (3d Cir. 1988).

In moving to dismiss this claim, the Union Township
Defendants argue that Pennsylvania does provide an adequate
postdeprivation remedy, as shown by the judicial review given to
the denial of the Plaintiffs' application for a change-of-use
permit in common pleas court and the commonwealth court.

12

In opposition, the Plaintiffs contend, among other things, that there is no adequate remedy available under state law because the Zoning Board cannot entertain civil rights actions arising from land-use decisions of Township officials.

We reject the Plaintiffs' position.  The issue is not whether a federal civil rights action arising from the Defendants' conduct would be entertained on administrative appeal but whether the conduct itself is subject to review and hence correctable. Here, judicial review was available.  Thus, the procedural due process claim fails.

> 6.  Suit Against the Individual Township
>     Officials in Their Official Capacities.

The Union Township Defendants argue that the suit against the Township officials in their official capacities should be dismissed as redundant since a suit against a state official in his official capacity is really a suit against the state.  <u>See</u> <u>Hafer v. Melo</u>, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed. 2d 301 (1991).  Thus, because Union Township is a defendant in this action, there is no need to join these Defendants in their official capacities, citing among other cases, <u>Busby v. City of Orlando</u>, 931 F.2d 764, 776 (11th Cir. 1991).  We agree and will dismiss the official-capacity suits against the Township officials.  <u>See</u> <u>Ruiz v. Philadelphia Housing Authority</u>, 1998 WL 159038, at *6 (E.D. Pa.)(citing <u>Busby</u> and other cases); <u>Crownhart v. Thorp</u>, 1992 WL 332298, at *7 (N.D. Ill.).

13

7.  Suit Against the Individual Township
    Officials in Their Official Capacities
    For Punitive Damages.

The Union Township Defendants argue that the suit against the Township officials in their official capacities for punitive damages is improper since punitive damages are not recoverable against a municipality, citing <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981).  We agree and will dismiss the claim for punitive damages against these Defendants in their official capacities.

8.  Section 1983 Claims Against the
    Individual Township Defendants
    in Their Individual Capacities.

A claim under section 1983 has two requirements: (1) the violation of a federal constitutional or statutory right; and (2) conduct by the defendant under color of state law.  <u>See</u> <u>Mark v. Borough of Hatboro</u>, 51 F.3d 1137, 1141 (3d Cir. 1995).  The Union Township Defendants contend that the section 1983 claims against the three Township supervisors and the two Township zoning officers should be dismissed because the Plaintiffs have failed to allege a violation of their right to due process or that the individual Township defendants acted under color of state law.  In support of the latter argument, the Defendants point out that the individual defendants have been sued only for actions taken in their official capacities but have been sued only in their individual capacities.

14

We have already rejected the argument that there is no substantive due process claim here.  As to the second argument, we reject it because the Defendants have confused the capacity in which the Township officers are being sued with the capacity in which the officers have allegedly inflicted the injury.  See Hafer, supra, 502 U.S. at 26, 112 S. Ct. at 362, 116 L.Ed.2d at 310.  Contrary to the Defendants' position, a person can be sued in his individual capacity for actions taken under color of state law.  Hafer rejected the identical argument.  Id. at 27, 112 S. Ct. at 363, 116 L.Ed.2d at 311.

    9.  Absolute Legislative Immunity.

Under the doctrine of absolute legislative immunity, the Union Township Defendants argue that the Township supervisors are absolutely immune from suit for their action in passing Ordinance 75 of 1999.  In support, they cite Bogan v. Scott-Harris, 523 U.S. 44, 118 S.Ct. 966, 140 L.Ed.2d 79 (1998) (local officials entitled to absolute legislative immunity for legislative acts).

The Plaintiffs do not dispute this argument, countering only with the point that they have sued the supervisors for nonlegislative acts such as the denial of the applications relating to the pig farm and sawmill.

We agree with the Defendants that the supervisors are entitled to legislative immunity for passage of the Ordinance, but that this is not fatal to the Plaintiffs' substantive due process

15

claim because, as the Plaintiffs point out, they are suing over
other conduct by the Defendants.   (We note, however, that in
proving their claim, the Plaintiffs will not be allowed to delve
into the motives for the Ordinance, as they seem to think they can
on unnumbered page 11 of their opposition brief.)

   10.  Sufficiency of the Conspiracy Allegations.

  The Union Township Defendants argue that the Plaintiffs'
conspiracy allegations are not sufficient, that they are
conclusional rather than factual, in violation of pleading
requirements.

  They rely on the following standard for evaluating the
sufficiency of conspiracy allegations:

> The plaintiffs must plead with particularity
> the "circumstances" of the alleged wrong doing
> in order to place the defendants on notice of
> the precise misconduct with which they are
> charged.  Only allegations of conspiracy which
> are particularized, such as those addressing
> (1) the period of the conspiracy, (2) the
> object of the conspiracy, and (3) certain
> actions of the alleged conspirators taken to
> achieve that purpose, will be deemed
> sufficient.

Labalokie v. Capital Area Intermediate Unit, 926 F. Supp. 503,
508-09 (M.D. Pa. 1996)(quoting Loftus v. Southeastern Pennsylvania
Transportation Authority, 843 F. Supp. 981, 986 (E.D. Pa. 1994)).

  Labalokie sets forth the general standard, see Rose v.
Bartle, 871 F.2d 331, 366 (3d Cir. 1989), but we add some
additional criteria that should inform our judgment.  In addition

16

to the factors set forth in <u>Labalokie</u>, the plaintiff should allege the defendant's general role in the conspiracy. <u>Rose</u>, <u>supra</u>, 871 F.2d at 366. Overall, he must also allege sufficient facts from which agreement or concerted action by the defendants can be inferred, <u>see</u> <u>Flanagan v. Shively</u>, 783 F. Supp. 922, 928 (M.D. Pa. 1992), and the court may look to any factual allegations within the complaint as a whole that have been incorporated in the conspiracy claim. <u>Rose</u>, <u>supra</u>, 871 F.2d at 366.

Under this standard, the Plaintiffs have sufficiently pled conspiracy between the Union Township Defendants and Miller Associates. Most notably, the Plaintiffs have alleged the object of the conspiracy (to prevent the Plaintiffs from operating a high-intensity pig farm) and the actions the Defendants took to achieve that object (delay in deciding the change-of-use permit). There are also allegations of concerted action. Miller Associates does zoning work for the Township, evaluating for the Township requests like the Plaintiffs' application for a change-of-use permit. Miller Associates' recommendations often led to approvals. Tshudy, as zoning officer, and while in the employ of Miller Associates, told the Plaintiffs in August 1998 that their proposed pig farm was an approved use, but the application was denied in September with the comment that the Plaintiffs were being treated differently because "the Defendants" (Tshudy is a defendant) had an acrimonious history with them and had personal animosity for them.

17

We thus reject the argument that conspiracy has not been sufficiently pled.

B.  Miller Associates' Motion to Dismiss.

In moving to dismiss, defendant Miller Associates makes the following arguments.  First, it cannot be held liable under section 1983 because as a private entity it could not have committed the requisite state action.  Second, the Plaintiffs have failed to allege how Miller Associates was involved in a violation of their due process rights.  Third, the Plaintiffs have failed to sufficiently allege a conspiracy claim.  Fourth, Miller Associates cannot be held liable in Count III of the complaint under a theory of municipal liability.

We need not deal with the first and third arguments since we have already decided that there are sufficient allegations of conspiracy with Miller Associates and the conspiracy allegations supply the necessary element of section 1983 liability for the private entity.  See Darr v. Wolfe, 767 F.2d 79 (3d Cir. 1985).  The second argument is an attack on the merits of the substantive due process claim, and we disposed of that in connection with the Union Township Defendants' motion to dismiss.  As to the fourth argument, the Plaintiffs concede that Count III is not directed against Miller Associates despite a reference to all the Defendants in that count.  We will thus dismiss this count as against Miller Associates.

18

We will issue an appropriate order.

William W. Caldwell
United States District Judge

Date:   April 23, 2001

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STANLEY F. FROMPOVICZ, JR.,          :
CAROL FROMPOVICZ,
t/a FAR AWAY SPRINGS,                 :
          Plaintiffs
                                      :
          vs.                              CIVIL ACTION NO. 1:CV-00-1750
                                      :
UNION TOWNSHIP, UNION TOWNSHIP
BOARD OF SUPERVISORS,                 :
SUPERVISOR BARRY L. SWANGER,
SUPERVISOR KENNETH A. KINDT,          :
SUPERVISOR DAVID A. CARBAUGH,
ZONING OFFICER DONALD TSHUDY,         :
ZONING OFFICER WILSON JONES,
DAVID MILLER/ASSOCIATES, INC.,        :
          Defendants

**FILED**
**HARRISBURG, PA**

APR 2 3 2001

MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

O R D E R

AND NOW, this 23rd day of April, 2001, it is ordered
that:

1.  The motion (doc. 8) of the Union Township
Defendants to dismiss the complaint is granted in part
and denied in part as follows:

(a)  The procedural due process claim is
hereby dismissed;

(b)  The suit against the individual
Township defendants in their official
capacities is dismissed;

(c)  The punitive damages claims against
the individual Township defendants in their
official capacities is dismissed;

(d)  Any claim against the Union Township
supervisors based on the passage of Ordinance
75 of 1999 is barred by absolute legislative
immunity;

(e)  In all other respects, the motion is
denied.

AO 72A
(Rev.8/82)

  2.  The motion (doc. 12) of Miller Associates to Dismiss is granted in part and denied in part as follows:

     (a)  Count III of the complaint is dismissed as against Miller Associates;

     (b)  In all other respects, the motion is denied.


                              William W. Caldwell
                              United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

April 23, 2001

Re:  1:00-cv-01750    Frompovicz v. Union Township

True and correct copies of the attached were mailed by the clerk
to the following:

        Teri B. Himebaugh, Esq.
        220 Stallion Ln.
        Schwenksville, PA  19473

        Frank J. Lavery Jr., Esq.
        LAVERY & KAIN
        P.O. Box 1245
        Harrisburg, PA  17108-1245

        Jonathan K. Hollin, Esq.
        Powell, Trachtman, Logan
        Carrie, Bowman & Lombardo, P.C.
        475 Allendale Road
        Suite 200
        King of Prussia, PA  19406

        Gunther O. Carrle, Esq.
        Powell, Trachtman, Logan
        Carrie, Bowman & Lombardo, P.C.
        475 Allendale Road
        Suite 200
        King of Prussia, PA  19406

cc:
Judge                   ( / )          ( ) Pro Se Law Clerk
Magistrate Judge        ( )            ( ) INS
U.S. Marshal            ( )            ( ) Jury Clerk
Probation               ( )
U.S. Attorney           ( )
Atty. for Deft.         ( )
Defendant               ( )
Warden                  ( )
Bureau of Prisons       ( )
Ct Reporter             ( )
Ctroom Deputy           ( )
Orig-Security           ( )
Federal Public Defender ( )

```
Summons Issued              (  ) with N/C attached to complt. and served by:
                                 U.S. Marshal (  )    Pltf's Attorney (  )
Standard Order 93-5         (  )
Order to Show Cause         (  ) with Petition attached & mailed certified mail
                                 to: US Atty Gen   (  )  PA Atty Gen (  )
                                     DA of County  (  )  Respondents (  )
Bankruptcy Court            (  )
Other_____  (  )
```

MARY E. D'ANDREA, Clerk

DATE: _____4/23/01_____          BY: _____
                                          Deputy Clerk