● ORIGINAL ●

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY F. FROMPOVICZ, JR., CAROL FROMPOVICZ, t/a FAR AWAY SPRINGS, Plaintiffs | : : : : | NO. 1:CV00-1750 |
| v. | : : | |
| UNION TOWNSHIP, UNION TOWNSHIP BOARD OF SUPERVISORS, SUPERVISOR BARRY L. SWANGER, SUPERVISOR KENNETH A. KINDT, SUPERVISOR DAVID A. CARBAUGH, ZONING OFFICER DONALD TSHUDY, ZONING OFFICER WILSON JONES, and DAVID MILLER/ ASSOCIATES, INC., Defendants | : : : : : : : : : | JURY TRIAL DEMANDED |

FILED HARRISBURG
MAY 21 2001
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

JCaldwell

## DEFENDANTS UNION TOWNSHIP, UNION TOWNSHIP BOARD OF SUPERVISORS, SUPERVISOR BARRY L. SWANGER, SUPERVISOR KENNETH A. KINDT, SUPERVISOR DAVID A. CARBAUGH, ZONING OFFICER DONALD TSHUDY AND ZONING OFFICER WILSON JONES' ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

AND NOW, come Defendants, Union Township, Union Township Board of Supervisors, Supervisor Barry L. Swanger, Supervisor Kenneth A. Kindt, Supervisor David A. Carbaugh, Zoning Officer Donald Tshudy and Zoning Officer Wilson Jones, by and through their authorized attorneys, Lavery, Faherty, Young & Patterson, P.C., and hereby answer and respond to Plaintiffs' Complaint as follows:

1. Admitted.

2. Admitted in part, denied in part. It is admitted only that Defendant Union Township is a municipal corporation operating under the laws of the Commonwealth of Pennsylvania. The remaining averments of paragraph 2 of Plaintiffs' Complaint are denied as conclusions of law to which no response is required.

3. Admitted in part, denied in part. It is admitted only that Defendants Swanger, Kindt and Carbaugh are members of the Union Township Board of Supervisors. By way of further answer, it is denied that the Union Township Board of Supervisors is an administrative body as alleged. To the extent that further answer may be deemed appropriate, the remaining averments of paragraph 3 of Plaintiffs' Complaint are denied as conclusions of law to which no response is required.

4. Admitted in part, denied in part. It is admitted that Defendants Tshudy and Jones have been employed as the Union Township Zoning Officer and that Defendant Tshudy was previously employed by David Miller Associates. The remaining averments of paragraph 4 of Plaintiffs' Complaint are denied as conclusions of law to which no response is necessary.

5. Admitted in part, denied in part. It is admitted only that Defendant David Miller Associates is a civil engineering and land planning firm and has served as an independent contractor for Union Township to provide engineering services. The remaining averments of paragraph 5 of Plaintiffs' Complaint are denied.

6. Denied. These averments are denied as conclusions of law to which no response is necessary.

7.  Admitted in part, denied in part. It is admitted only that venue is appropriate in the United States District Court for the Middle District of Pennsylvania. The remaining averments of paragraph 7 of Plaintiffs' Complaint are denied.

8.  Admitted.

9.  Admitted.

10. Admitted in part, denied in part. It is admitted only that Esther Rauch was employed as a Union Township Zoning Officer from March 1989 to February 1997. By way of further answer, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the remaining averments of paragraph 10 of Plaintiffs' Complaint and the same are therefore denied with strict proof demanded if relevant.

11. Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11 of Plaintiffs' Complaint and the same are therefore denied with strict proof demanded if relevant.

12. Denied.

13. Denied.

14. Admitted.

15. Denied as stated. Plaintiffs were advised to cease and desist their project because the water extraction operation was not an approved use of the property. Despite the cease and desist order, Plaintiffs continued with the water operation and the

Township obtained an injunction from the Lebanon County Court of Common Pleas prohibiting Plaintiffs from moving forward with the water operation on the property.

16. Denied. By way of further answer, Plaintiffs requested an interpretation from the Zoning Hearing Board that the water extraction operation was a permitted use for the property.

17. Denied.

18. Admitted in part, denied in part. It is admitted only that Plaintiffs applied for a zoning permit and that the Zoning Officer did not issue the zoning permit because no such permit exists under the Township Ordinance. By way of further answer, as to Plaintiffs' motivation for seeking the zoning permit, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of that averment and, therefore, it is denied with strict proof demanded if relevant.

19. Denied.

20. Denied. By way of further response, no such zoning permit exists under the Township Ordinance and, thus, no such permit could be issued. The issue of Plaintiffs' request for a zoning permit was litigated in the Lebanon County Court of Common Pleas which found in favor of the Township's position. Plaintiffs' then filed an appeal and the Commonwealth Court of Pennsylvania affirmed the decision of the Lebanon County Court of Common Pleas.

21. Denied.

22. Admitted in part, denied in part. It is admitted only that Plaintiffs requested that a zoning permit be issued. By way of further answer, no such zoning permit exists under the Township Ordinance, and thus, no such permit could be issued. To the extent that further answer may be deemed appropriate, the averments of paragraph 20 of Answering Defendants' Answer is incorporated herein by reference.

23. Denied. By way of further answer, since no such zoning permit exists under the Township Ordinance, no such zoning permit could be issued.

24. Admitted in part, denied in part. It is admitted only that Plaintiffs' request for a zoning permit was denied and that the Township's position on this issue was affirmed by the Court of Common Pleas of Lebanon County, Pennsylvania and the Commonwealth Court of Pennsylvania. By way of further answer, the remaining averments of paragraph 24 are denied. To the extent that further answer may be deemed appropriate, it is denied that the Ordinance was changed to prevent Plaintiffs from operating a pig farm on the property as alleged.

25. Denied.

26. Denied.

27. Admitted. By way of further answer, at the time that the moratorium was passed, the Plaintiffs were pursuing an appeal from the September 30, 1998 denial of their request for a zoning permit and the Plaintiffs had no pending applications for a building permit and/or for a pig farm.

28. Admitted in part, denied in part. It is admitted only that on April 14, 1999, Ordinance No. 75, 1999 was enacted by the Board of Supervisors. The remaining

averments of paragraph 28 are denied. By way of further answer, in its April 23, 2001 Memorandum and Order, this Honorable Court ruled that any claim against the Union Township Supervisors based on the passage of Ordinance 75 of 1999 is barred by absolute legislative immunity.

29. Denied as stated. It is admitted only that the property had been operating as a sawmill for a number of years. The remaining averments of paragraph 29 are denied.

30. Denied.

31. Denied.

32. Denied.

## COUNT I

33. Answering Defendants incorporate by reference the averments of paragraphs 1 through 32 of their Answer with Affirmative Defenses to Plaintiffs' Complaint as if fully set forth at length herein.

34. Denied. These averments are denied as conclusions of law to which no response is required.

35. Denied. These averments are denied as conclusions of law to which no response is required.

36. Denied. These averments are denied as conclusions of law to which no response is required.

## COUNT II

37. Answering Defendants incorporate by reference the averments of paragraphs 1 through 36 of their Answer with Affirmative Defenses to Plaintiffs' Complaint as if fully set forth at length herein.

38. Denied. These averments are denied as conclusions of law to which no response is required.

## COUNT III

39. Answering Defendants incorporate by reference the averments of paragraphs 1 through 38 of their Answer with Affirmative Defenses to Plaintiff's Complaint as if fully set forth at length herein.

40. Denied. These averments are denied as conclusions of law to which no response is necessary.

41. Denied. These averments are denied as conclusions of law to which no response is necessary.

42. Denied. These averments are denied as conclusions of law to which no response is necessary.

43. Denied. These averments are denied as conclusions of law to which no response is necessary.

WHEREFORE, the Union Township Defendants respectfully request that this Honorable Court dismiss Plaintiffs' Complaint with prejudice and enter judgment in their favor along with the allowable costs of this action.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each of its counts, fails to state claims or causes of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, or some of them, are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

At no time material hereto, were Plaintiffs deprived of any rights, privileges or immunities secured by the United States Constitution and/or federal law.

### FOURTH AFFIRMATIVE DEFENSE

Answering Defendants Swanger, Kindt and Carbaugh enjoy an absolute legislative immunity from liability on the claims asserted against them.

### FIFTH AFFIRMATIVE DEFENSE

In the alternative, Answering Defendant Swanger, Kindt and Carbaugh enjoy a qualified immunity from liability under federal law on Plaintiffs' claims.

### SIXTH AFFIRMATIVE DEFENSE

Answering Defendants Swanger, Kindt and Carbaugh lack the requisite personal involvement in the conduct complained of in Plaintiffs' Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, or some of them, are not ripe for adjudication, since Plaintiffs have not taken any of the necessary steps to establish the intensive animal husbandry use upon their property.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by operation of the doctrines of collateral estoppel and/or res judicata.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to adjudicate the issue of the application for rezoning of the adjacent property.

## TENTH AFFIRMATIVE DEFENSE

At no time material hereto, did the municipal Defendants maintain any unconstitutional policy, practice or custom.

## ELEVENTH AFFIRMATIVE DEFENSE

At no time material hereto, did the municipal Defendant exhibit any deliberate indifference to Plaintiffs' federally protected rights.

...
...

## TWELFTH AFFIRMATIVE DEFENSE

At no time material hereto, did the municipal Defendant ever fail to adequately train and/or supervise the Township employees, including, but not limited to, the zoning officers.

## THIRTEENTH AFFIRMATIVE DEFENSE

Answering Defendant, Union Township Board of Supervisors, is not a separate legal entity and is not a "person" capable of being sued under 42 U.S.C. § 1983.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to assert a cognizable claim for violation of Plaintiffs' due process rights.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim or cause of action for conspiracy pursuant to 42 U.S.C. § 1983 upon which relief can be granted.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state any claim for punitive damages upon which relief can be granted.

## SEVENTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, Answering Defendants acted reasonably, appropriately, lawfully and in furtherance of legitimate governmental objectives.

## EIGHTEENTH AFFIRMATIVE DEFENSE

At no time material hereto did Answering Defendants act in an arbitrary or capricious manner and/or out of bias, ill will or personal animosity toward the Plaintiffs.

WHEREFORE, the Union Township Defendants respectfully request that this Honorable Court dismiss Plaintiffs' Complaint with prejudice and enter judgment in their favor along with the allowable costs of this action.

Respectfully submitted,

LAVERY, FAHERTY, YOUNG & PATTERSON, P.C.

Date: 5/21/2001

By: _____
Frank J. Lavery, Jr., Esquire
Attorney I.D. 42370
James D. Young, Esquire
Attorney I.D. 53904
P. O. Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633
Attorneys for Union Township Defendants

## CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 21st day of May, 2001, I served a true and correct copy of the foregoing UNION TOWNSHIP DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT via U.S. First Class mail, postage prepaid, addressed as follows:

Teri B. Himebaugh, Esquire
220 Stallion Lane
Schwenksville, PA 19473

Jonathan K. Hollin, Esquire
Powell, Trachtman, Logan, Carrle,
   Bowman & Lombardo, P.C.
475 Allendale Road, Suite 200
King of Prussia, PA 19406

_Linda L. Gustin_
Linda L. Gustin