

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY F. FROMPOVICZ, JR.,<br>CAROL FRAMPOVICZ, t/a FAR AWAY SPRINGS<br><br>v.<br><br>UNION TOWNSHIP,<br>UNION TOWNSHIP BOARD OF SUPERVISORS,<br>SUPERVISOR BARRY L. SWANGER<br>UNION TOWNSHIP BOARD OF SUPERVISORS,<br>SUPERVISOR KENNETH A. KINDT<br>UNION TOWNSHIP BOARD OF SUPERVISORS,<br>SUPERVISOR DAVID A. CARBAUGH<br>UNION TOWNSHIP BOARD OF SUPERVISORS,<br>ZONING OFFICER DONALD TSHUDY,<br>ZONING OFFICER WILSON JONES,<br>DAVID MILLER/ASSOCIATES, INC. | FILED<br>HARRISBURG<br><br>MAY 29 2001<br><br>MARY E. D'ANDREA, CLERK<br>Per_____<br>DEPUTY CLERK<br><br>CIVIL ACTION NO. 00-1750<br>Judge Caldwell |

## DEFENDANT DAVID MILLER/ASSOCIATES, INC.'S
## ANSWER WITH AFFIRMATIVE DEFENSES

1.  After reasonable investigation answering defendant, David Miller/Associates is without sufficient information to form a belief as to the truth of the corresponding allegation.

2.  Admitted.

3.  After reasonable investigation answering defendant, David Miller/Associates is without sufficient information to form a belief as to the truth of the corresponding allegation.

4.  Denied as stated. It is admitted only that at various times Donald Tshudy and Wilson Jones have been the Zoning Officers for Union Township. It is believed and therefore averred that Donald Tshudy, through David Miller Associates was Acting Zoning Officer for Union Township from on or about February 1997 to October 1997 and August 1, 1998, to

KOP:190348.13445-03

August 31, 1998. It is believed and therefore averred that Wilson Jones was the Zoning Officer from October 1997 to July 31, 1998 and that Donald Tshudy *after* leaving the employ of David Miller Associates became the Zoning Officer on or about September 1, 1998. The remaining averments are conclusions of law to which no response is required and which are deemed denied.

5. Denied. It is admitted only that David Miller/Associates is a civil engineering firm that has acted as Township Engineer to Union Township. The remainder of the allegations are denied as conclusions of law to which no response is required and which are deemed denied.

6. The corresponding allegation is a conclusion of law to which no response is required and which are deemed denied.

7. The corresponding allegation is a conclusion of law to which no response is required.

8. After reasonable investigation answering defendant, David Miller/Associates is without sufficient information to form a belief as to the truth of the corresponding allegation.

9. Admitted.

10. After reasonable investigation answering defendant, David Miller/Associates is without sufficient information to form a belief as to the truth of the corresponding allegation.

11. After reasonable investigation answering defendant, David Miller/Associates is without sufficient information to form a belief as to the truth of the corresponding allegation.

12. Denied. Answering defendant David Miller Associates had no knowledge on or about April 12, 1997, either of the plaintiffs' alleged purchase of the property or their intended use for same.

KOP:190348.13445-03

13. The corresponding allegation is not directed to answering defendant, David Miller Associates. After reasonable investigation answering defendant, David Miller/Associates is without sufficient information to form a belief as to the truth of the corresponding allegation.

14. Denied as stated. See response to allegation number 4 hereinabove.

15. After reasonable investigation answering defendant, David Miller/Associates is without sufficient information to form a belief as to the truth of the corresponding allegation. By way of further answer, on or about March 4, 1998, answering defendant, David Miller Associates was *not* acting as the Zoning Officer for Union Township.

16. After reasonable investigation answering defendant, David Miller/Associates is without sufficient information to form a belief as to the truth of the corresponding allegation. By way of further answer, in or about June, 1998, answering defendant, David Miller Associates was not acting as the Zoning Officer for Union Township.

17. The corresponding allegation is not directed to answering defendant, David Miller Associates. After reasonable investigation answering defendant, David Miller/Associates is without sufficient information to form a belief as to the truth of the corresponding allegation.

18. After reasonable investigation answering defendant, David Miller/Associates is without sufficient information to form a belief as to the truth of the corresponding allegation. By way of further answer, on or about June, 1998, answering defendant, David Miller Associates was not acting as the Zoning Officer for Union Township.

19. The corresponding allegation is not directed to answering defendant, David Miller Associates. After reasonable investigation answering defendant, David Miller/Associates is without sufficient information to form a belief as to the truth of the corresponding allegation.

20. The corresponding allegation is not directed to answering defendant, David Miller Associates. After reasonable investigation answering defendant, David Miller/Associates is without sufficient information to form a belief as to the truth of the corresponding allegation.

21. The corresponding allegation is a conclusion of law to which no response is required and which is deemed denied. By way of further answer, answering defendant, David Miller Associates does *not* issue either Zoning Permits or Building Permits. Permits may be issued only by the Township or its Zoning Officer.

22. The corresponding allegation is not directed to answering defendant, David Miller Associates. After reasonable investigation answering defendant, David Miller/Associates is without sufficient information to form a belief as to the truth of the corresponding allegation.

23. Denied. At no time did answering defendant, David Miller Associates, prepare a letter such as is referenced in the corresponding allegation. With respect to the other defendants, after reasonable investigation answering defendant, David Miller/Associates is without sufficient information to form a belief as to the truth of the corresponding allegation.

24. Denied. It is admitted only that on or about September 30, 1998, plaintiff's "Building and Zoning Permit" was refused. The remarks section indicated "this application is denied per Section 702.1 of the Union Township Zoning Ordinance. Required plans and documents were not submitted as required. You have the right to appeal this determination. Within thirty days of the receipt of this denial, you may appeal to the Union Township Zoning Board, RR1, Box 1940, Jonestown, PA 17038." The remainder of the corresponding allegation is a conclusion of law to which no response is required and which is deemed denied. By way of further answer, answering defendant, David Miller Associates was not involved in any attempt to

KOP:190348.13445-03

delay the application as alleged in the corresponding allegation.

25. The corresponding allegation is a conclusion of law to which no response is required and which are deemed denied. It is admitted only that *if* requested by the Township, answering defendant, David Miller Associates would provide information concerning land use plans. The remainder of the allegations are denied.

26. The corresponding allegation is a conclusion of law to which no response is required and which are deemed denied. By way of further answer, answering defendant, David Miller Associates was not, at any time relevant hereto, in a position to enforce zoning codes. Enforcement of zoning codes is a function of Union Township's Zoning Office and/or Zoning Officer.

27. After reasonable investigation answering defendant, David Miller/Associates is without sufficient information to form a belief as to the truth of the corresponding allegation.

28. Denied as stated. It is admitted only that on or about April 14, 1999, Union Township's Board of Supervisors passed Ordinance number 75. The Ordinance is a writing which speaks for itself.

29. After reasonable investigation answering defendant, David Miller/Associates is without sufficient information to form a belief as to the truth of the corresponding allegation.

30. The corresponding allegation is a conclusion of law to which no response is required and which are therefore deemed denied.

31. After reasonable investigation answering defendant, David Miller/Associates is without sufficient information to form a belief as to the truth of the corresponding allegation. By way of further answer at no time did answering defendant did not have any "personal animosity"

KOP:190348.13445-03

toward plaintiffs or treat them in any way different from others similarly situated.

32. The corresponding allegation is a conclusion of law to which no response is required and which are therefore deemed denied.

## COUNT I

33. The corresponding allegation requires no response.

34. The corresponding allegation is a conclusion of law to which no response is required and which is therefore deemed denied.

35. The corresponding allegation is a conclusion of law to which no response is required and which is therefore deemed denied. By way of further answer, at no time did answering defendant David Miller Associates in any way act recklessly, intentionally, deliberately, maliciously, or willfully or in an arbitrary and/or capricious manner for personal reasons unrelated to the merits of any proposed use of any property by the plaintiffs or otherwise attempt to deny the plaintiffs' due process of law or treat them differently from similarly situated landowners.

36. The corresponding allegation is a conclusion of law to which no response is required. By way of further answer, at no time did answering defendant, David Miller Associates, act to deprive plaintiff of any procedural due process rights. By way of further answer, pursuant to this Court's Order of April 23, 2001, all plaintiffs' claims involving procedural due process were *dismissed*.

## COUNT II

37. The corresponding allegation requires no response.

38. The corresponding allegation is a conclusion of law to which no response is

KOP:190348.13445-03

required. By way of further answer, at no time did answering defendant, David Miller Associates conspire with any other defendant to deny or attempt to deny plaintiffs' their due process rights.

## COUNT III

39-43. Pursuant to this Court's Order of April 23, 2001 Count III has been dismissed as to the answering defendant.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against answering defendant, David Miller Associates are barred in whole or in part by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

At all times relevant hereto, answering defendant David Miller Associates and/or the persons employed thereby reasonably believed that their actions were lawful and reasonable.

### FOURTH AFFIRMATIVE DEFENSE

Answering defendant, David Miller Associates, asserts that it did not violate any clearly established law and at all times concerned with this litigation acted in a manner which is proper, reasonable and lawful and in exercise of good faith and, to the extent that claims against the answering defendant are based upon answering defendant's actions as Acting Zoning Officer for Union Township it is entitled to immunity.

### FIFTH AFFIRMATIVE DEFENSE

Any complained of actions involving David Miller Associates and/or its employees vis-a-vis plaintiff were in the context of David Miller Associates' acting as zoning officer for Union Township, as such the proper party is the Union Township Zoning Officer in its official capacity and not answering defendant in an individual capacity.

### SIXTH AFFIRMATIVE DEFENSE

If plaintiff suffered any damages as alleged, then such damages were caused by plaintiffs' own willful and/or negligent conduct and not by any alleged civil rights violations.

### SEVENTH AFFIRMATIVE DEFENSE

Answering Defendant asserts all statutory and common law immunities available to it under case law and the Civil Rights Act.

### EIGHTH AFFIRMATIVE DEFENSE

At all times relevant hereto, answering defendant David Miller Associates and its employees acted reasonably, prudently, properly, consciously and with the fullest due care, in accordance with all applicable laws and regulations.

### NINTH AFFIRMATIVE DEFENSE

If plaintiffs suffered any injuries and/or damages, plaintiffs failed to properly mitigate their alleged damages.

### TENTH AFFIRMATIVE DEFENSE

The Complaint contains allegations that are baseless relative to answering defendant, David Miller Associates' warranting the imposition of sanctions, attorney's fees and costs under the Federal Rules of Civil Procedure, Rule 11 and/or 42 U.S.C. §1988.

KOP:190348.13445-03

### ELEVENTH AFFIRMATIVE DEFENSE

It is believed and therefore averred that plaintiffs' did *not* appeal the denial of the September 30, 1998, denial of the Building and Zoning Permit. They therefore failed to either exhaust all remedies or mitigate their damages.

### TWELFTH AFFIRMATIVE DEFENSE

It is believed and therefore averred that prior to initiating the instant litigation, plaintiffs did not seek a permit under Ordinance 75 of 1999. This case was therefore not ripe for adjudication and plaintiffs' failed to mitigate their damages or exhaust all state remedies available to them.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of res judicata and collateral estoppel. Based upon, *inter alia*, the decisions of the Commonwealth Court of Pennsylvania filed October 6, 1999, (No. 316 C.D. 1999), the decision of the Lebanon County Court of Common Pleas dated January 13, 1999, (No. 1998 - 01024), the decision of the Lebanon County Court of Common Pleas dated April 7, 1999 (No. 99-00142), the decision of the Commonwealth Court of Pennsylvania dated October 18, 1999 (No. 1182 C.D. 1999), the decision of the Court of Common Pleas of Lebanon County dated May 8, 1998, (No. 1998 - 00535).

WHEREFORE, answering defendant, David Miller Associates requests this Honorable Court enter judgment in its favor and grant it such other relief as deemed appropriate by the Court.

Powell, Trachtman, Logan, Carrle, Bowman, & Lombardo, P.C.

By:_____
Jonathan K. Hollin

Date: May 24, 2001

KOP:190348.13445-03

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY F. FROMPOVICZ, JR., CAROL FRAMPOVICZ, t/a FAR AWAY SPRINGS<br><br>v.<br><br>UNION TOWNSHIP,<br>UNION TOWNSHIP BOARD OF SUPERVISORS, SUPERVISOR BARRY L. SWANGER<br>UNION TOWNSHIP BOARD OF SUPERVISORS, SUPERVISOR KENNETH A. KINDT<br>UNION TOWNSHIP BOARD OF SUPERVISORS, SUPERVISOR DAVID A. CARBAUGH<br>UNION TOWNSHIP BOARD OF SUPERVISORS, ZONING OFFICER DONALD TSHUDY,<br>ZONING OFFICER WILSON JONES,<br>DAVID MILLER/ASSOCIATES, INC. | CIVIL ACTION NO. 00-1750 |

## JURY TRIAL DEMAND

Defendant, David Miller Associates, Inc. hereby demands a trial by a jury of 12 members.

                          Powell, Trachtman, Logan, Carrle, Bowman,
                          & Lombardo, P.C.

By:_____
                               Jonathan K. Hollin

Date: May 24, 2001

## **CERTIFICATE OF SERVICE**

I, Jonathan K. Hollin, Esquire, hereby certify that a true and correct copy of the foregoing Defendant, David Miller/Associates, Inc.'s Answer with Affirmative Defenses was served via first class mail, postage prepaid upon the following:

Teri B. Himebaugh, Esquire
Law Offices of Teri B. Himebaugh
220 Stallion Lane
Schwenksville, PA 19473

James D. Young
Laverty, Faherty, Young & Patterson P.C.
P.O. Box 1245
Harrisburg, PA 17108-1245

Powell, Trachtman, Logan, Carrle, Bowman,
& Lombardo, P.C.

By: _____
Jonathan K. Hollin

Date: May 24, 2001

KOP:190348.13445-03