ORIGINAL FILED HARRISBURG, PA
NOV 21 2001
MARY E. D'ANDREA, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY F. FROMPOVICZ, JR., <br> CAROL FRAMPOVICZ, t/a <br> FAR AWAY SPRINGS, <br> Plaintiffs | : <br> : <br> : <br> : | NO. 1: CV-00-1750 |
| v. | : <br> : | (HON. JUDGE CALDWELL) |
| UNION TOWNSHIP <br> UNION TOWNSHIP BOARD OF <br> SUPERVISORS et. al. <br> Defendants | : <br> : <br> : <br> : | JURY TRIAL DEMANDED |

## AGREED TO MOTION FOR
## ENLARGEMENT OF TIME

AND NOW, come the Plaintiffs, Stanley F. Frompovicz, Jr. and Carol Frompovicz, t/a Far Away Springs, by and through counsel, Thomas W. Scott and Killian & Gephart, LLP and request a 30 day enlargement of the pretrial discovery and motions portion of the schedule in this case, and in support thereof set forth the following:

1.    The case management conference in this case was held on April 17, 2001. Following that conference a pretrial Order was entered establishing the close of discovery

as August 31, 2001, the deadline for pretrial Motions as October 1, 2001 and setting the case for trial in December 2001.

2. On August 13, 2001, the parties submitted a Joint Motion for Enlargement of Time seeking a 90 day extension of the pretrial deadlines in order that the parties might pursue settlement of the litigation. In response to that motion this court entered a revised pretrial order on October 20, 2001, establishing the cutoff for discovery as November 30, 2001, the deadline for pretrial motions as December 31, 2001 and placing the case on the May 2002 trial list.

3. This case involves a land use dispute between the Plaintiffs and the Township where land they own is located arising out of Plaintiffs' desire to utilize their land for intensive animal husbandry. As reflected in the August 13, 2001 Joint Motion for Enlargement of Time, the parties are actively engaged in settlement negotiations that, if successful, will obviate the need for further litigation.

4. One component of the negotiations is a requirement upon the Plaintiff that they prepare and present a Nutrient Management study consistent with the provisions of the Pennsylvania Nutrient Management Act. This is a predicate to Plaintiffs securing a special exception from the Township that, once granted, would permit them to utilize their property as desired.

5.  When the August 13, 2001 Joint Motion for Enlargement of Time was filed it was reasonably believed that the Nutrient Management study could be prepared and presented within 30 days. That turned out not to be accurate--the study was not completed until earlier this month.

6.  The necessary Nutrient Management study has now been completed by experts retained by the Plaintiffs and has been submitted to the Lebanon County Conservation District, the entity responsible for review and approval of that study. Plaintiffs have no reason to believe that the Nutrient Management study will not be approved in short order, thus clearing the way for the submission of their special exception request to the Township.

7.  While the parties have been pursuing settlement, discovery has also moved forward through the exchange of documents and responses to interrogatories. In addition, Defendants have deposed Plaintiffs and Plaintiffs have identified two defense witnesses that they intend to depose.

8.  The parties remain hopeful that a special exception will be granted to Plaintiff, obviated the necessity for further litigation in this matter.

WHEREFORE, in an effort to mitigate the costs associated with this litigation to the parties if they are able to successfully negotiate its resolution, Plaintiffs respectfully request this Court to grant a further 30 day enlargement of time in the pretrial proceedings in this

3

matter, extending the deadline for discovery until December 31, 2001 and the deadline for filing pretrial motions until January 31, 2002. No extension of the trial date is requested.

Respectfully submitted,

_____
Thomas W. Scott, Esquire
**Killian & Gephart**
218 Pine Street
P. O. Box 886
Harrisburg, PA 17108
(717) 232-1851
Attorney I. D. #15681

Dated: November 21, 2001

Attorneys for Plaintiffs

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY F. FROMPOVICZ, JR., : <br> CAROL FRAMPOVICZ, t/a : <br> FAR AWAY SPRINGS, : <br>     Plaintiffs  : | NO. 1: CV-00-1750 |
| v.  : | (HON. JUDGE CALDWELL) |
| UNION TOWNSHIP : <br> UNION TOWNSHIP BOARD OF : <br> SUPERVISORS et. al. : <br>     Defendants  : | JURY TRIAL DEMANDED |

## CERTIFICATE OF CONCURRENCE

I certify that I have discussed the contents of the within Motion with Frank Lavery, Esquire, counsel for Defendant Union Township, who has indicated that he concurs in the relief requested.

I further certify that I attempted to contact Jonathan K. Hollin, Esquire, counsel for David Miller Associates, Inc. but was unable to speak with him. Jonathan Hollin concurred in the earlier Motion for Enlargement of Time and it is reasonably believed that, if available, he would concur in the present Motion.

Respectfully submitted,

Dated: November 21, 2001

_____
Thomas W. Scott, Esquire
Attorney I.D. #15681
Killian & Gephart, LLP
218 Pine Street, P.O. Box 886
Harrisburg, PA  17108-0886
(717) 232-1851

## **CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing on the following by depositing a true and correct copy in the United States Mail, postage prepaid, addressed as follows:

> Frank J. Lavery, Jr., Esquire
> Lavery, Faherty, Young & Patterson, P.C.
> The Kunkel Building
> 301 Market Street, Suite 800
> P.O. Box 1245
> Harrisburg, PA 17108-1245

> Jonathan K. Hollin, Esquire
> Powell, Trachtman, Logan, Carrle,
>   Bowman & Lombardo
> 475 Allendale Road, Suite 200
> King of Prussia, PA 19406

> Teri B. Himebaugh, Esquire
> 220 Stallion Lane
> Schwenksville, PA 19473

_____
Thomas W. Scott, Esquire
**Killian & Gephart**
218 Pine Street
P. O. Box 886
Harrisburg, PA  17108-0886
(717) 232-1851

Dated: November 21, 2001