


IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY F. FROMPOVICZ, JR., | : | |
| CAROL FRAMPOVICZ, t/a | : | |
| FAR AWAY SPRINGS, | : | |
| Plaintiffs | : | NO. 1: CV-00-1750 |
| | : | |
| v. | : | (HON. JUDGE CALDWELL) |
| | : | |
| UNION TOWNSHIP | : | |
| UNION TOWNSHIP BOARD OF | : | |
| SUPERVISORS et. al. | : | |
| Defendants | : | JURY TRIAL DEMANDED |

### UNCONTESTED MOTION TO MODIFY CASE MANAGMENT ORDER

AND NOW, come the Plaintiffs, Stanley F. Frompovicz, Jr. and Carol Frompovicz, t/a Far Away Springs, by and through counsel, Thomas W. Scott and Killian & Gephart, with the Consent of counsel for Defendants Union Township and Union Township Board of Supervisors, and request a modification of the Case Management Order in this case and in support thereof set forth the following:

1. The case management conference in this case was held on April 17, 2001. Following that conference a pretrial Order was entered establishing the close of discovery

as August 31, 2001, the deadline for pretrial Motions as October 1, 2001 and setting the case for trial in December 2001.

2.  On August 13, 2001, the parties submitted a Joint Motion for Enlargement of Time seeking a 90 day extension of the pretrial deadlines in order that the parties might pursue settlement of the litigation. In response to that motion this court entered a revised pretrial order on October 20, 2001, establishing the cutoff for discovery as November 30, 2001, the deadline for pretrial motions as December 31, 2001 and placing the case on the May 2002 trial list.

3.  On November 21, 2001 a further consented to motion requesting a thirty day extension of the discovery deadline was filed.

4.  This case involves a land use dispute between the Plaintiffs, who own a farm in Union Township, Lebanon County, and the Township where land they own is located, arising out of Plaintiffs' desire to utilize their land for intensive animal husbandry

5.  In the August 13, 2001 Joint Motion for Enlargement of Time, the parties advised the Court that they were actively engaged in settlement negotiations that, if successful, would obviate the need for further litigation.

6.  Since that time settlement discussions have matured into an agreement in principle that provides that the Plaintiffs will settle and discontinue this litigation at such

time as the Township approves a special exception use allowing Plaintiffs to utilize their Union Township farm for intensive agricultural purposes, to wit: a pig farm or Concentrated Animal Feeding Operation.

7. Under the applicable Union Township ordinances, intensive animal husbandry (a pig farm) is a use permitted by special exception on the Plaintiff's farm.

8. Under the Pennsylvania Municipalities Planning Code, and under applicable Union Townhip ordinances, Plaintiffs must seek and secure the requisite special exception from the Union Township Zoning Hearing Board, an independent body appointed by the Township Supervisors, after a hearing conducted by the Zoning Hearing Board, following public notice, an opportunity for citizen comment.

9. Under applicable Union Townhip ordinances, Plaintiffs must present an approved nutrient management plan to the Zoning Hearing Board in order to secure the special exception.

10. Under the Pennsylvania Nutrient Management Law, review and approval of nutrient management plans is lodged with county conservation districts.

11. Immediately after filing the August 13, 2001 request for extension of time, on August 14, 2001, Plaintiffs retained Brubaker Consulting Group to prepare the necessary nutrient management plan.

12. On October 13, 2001, the nutrient management plan was submitted to Lebanon County Conservation District. The Conservation District made comments on the submitted plan that were received by Plaintiffs on November 19, 2001 and responded to on December 19, 2001.

13. Under the Pennsylvania Nutrient Management Act there is a standard 90 day review period for submitted plans. The standard review period for this plan will expire on January 30, 2002. As reflected in the report of Jedd Moncavage, Nutrient Management Specialist at Brubaker Consulting Group, (attached hereto as Appendix A) Mr. Moncavage believes the plan will be approved by that time, most probably at the January 2002 conservation district meeting, and certainly no later than the February 2002 meeting.

14. Plaintiffs are in the process of applying for the necessary special exception by filing a request with the Zoning Hearing Board. Plaintiffs will time their request for a special exception so it can be heard as soon as possible after receiving approval of their nutrient management plan from the Conservation District.

15. Plaintiffs anticipate having their request for a special exception heard by the Union Township Zoning Hearing Board in January or February of 2002.

16. Under the Pennsylvania Municipalities Planning Code a zoning hearing board has 45 days from the close of testimony in a special exception case to render a written decision.

17. Under the Pennsylvania Municipalities Planning Code any person aggrieved by a special exception decision of a zoning hearing board has thirty days from entry of the decision to file an appeal with the court of common pleas.

18. Under the Pennsylvania Municipalities Planning Code uses permitted by special exception are to be granted unless it can be shown that the use would be detrimental to the health, safety or welfare of the community. Plaintiffs are not aware of any basis upon which any person can claim that their proposed intensive agricultural use will be detrimental to the community.

19. Based upon the status of this case at this time, Plaintiffs reasonably believe that their application for a special exception will be complete (including an approved nutrient management plan) and submitted to the zoning hearing board for action no later than February 15, 2002, (hopefully by January 15, 2002) depending upon when the Lebanon County Conservation District acts upon the nutrient management plan.

20. Under this proposed timeline the zoning hearing board should meet, hear and decide the special exception request by no later than April 1, 2002 and the appeal period should expire by May 1, 2002.

21. Plaintiffs know of no legitimate reason why their application for a special exception will not be granted by the zoning hearing board and of no basis upon which such an approval could be legitimately challenged on appeal.

22. While the parties have been pursuing settlement, discovery has also moved forward through the exchange of documents and responses to interrogatories. In addition, Defendants have deposed Plaintiffs, Plaintiffs have identified two defense witnesses that they intend to depose and have noticed those depositions for December 31, 2001.

23. Plaintiffs have been advised by counsel for Defendants that the noticed December 31, 2001 depositions are in conflict with other obligations of counsel.

24. Under the circumstances of this case, which involves a landowner trying to productively utilize its farm, a second class township and their engineers, the parties believe that the most efficient use of their time, money and effort is directed to securing the special exception that will permit the plaintiffs to use their land as desired and will also result in the termination of this litigation. That effort has been and remains ongoing.

25. Unless it is modified, the present Case Management Order will compel the parties to complete discovery, submit and respond to expert reports, submit and defend dispositive motions, and prepare for trial by May of 2002. If the special exception is granted as anticipated in March or April, and the appeal period expires, Plaintiffs are prepared to settle and discontinue this litigation.

WHEREFORE, Plaintiffs respectfully request this Court to modify the Case Management Order by placing this case on a deferred trial calendar that suspends current discovery, expert and dispositive motions deadlines during the pendancy of the proceedings before the zoning hearing board, and for thirty days thereafter, with the further stipulation that the Plaintiffs shall provide the Court with a report on the status of the zoning hearing board proceedings every thirty days until they are completed.

Respectfully submitted,

*/s/ Thomas W. Scott*

Thomas W. Scott, Esquire
**Killian & Gephart**
218 Pine Street
P. O. Box 886
Harrisburg, PA 17108
(717) 232-1851
Attorney I. D. #15681

Dated: December 21, 2001          Attorneys for Plaintiffs


**Brubaker**
CONSULTING GROUP

December 21, 2001

To: Tom Scott, Attorney: Killian & Gephart
From: Jedd Moncavage
Re: Stan Frompovicz – Ridge Road Swine Farm Nutrient Management Plan

On August 14, 2001 Brubaker Consulting Group was contracted by Stan Frompovicz to develop a nutrient management plan for the Ridge Road Swine Farm project. This project is a proposed swine finishing operation located near Jonestown, PA. The nutrient management plan was submitted for review to be approved under the Pennsylvania Act 6 Nutrient Management Act on October 31, 2001. I received review comments from the Lebanon County Conservation District on November 19, 2001. The comments were addressed and returned to the conservation district on December 19, 2001. Additional review comments may or may not need to be addressed before the plan is approved.

Nutrient management plans submitted under Act 6 have a 90 day review period in which review comments are made. If the plan needs further modification in order to meet the requirement of the conservation district, an extension can be requested. The plans are approved at the monthly district board meeting usually in the first week of the month. After a plan has been approved under Act 6 it will be valid for 3 years after which the plan will need to be reviewed.

The nutrient management plan for the Ridge Road Swine project is on track to be approved within the initial 90 day review period. If there are any questions or concerns please feel free to contact me at 717-721-9274.

Respectfully,

*Jedd Moncavage*

Jedd Moncavage
Nutrient Management Specialist

Appendix A

901 Dawn Avenue • Ephrata, PA 17522-1341 • 717-721-9274 • Fax: 717-721-9275 • e-mail: info@brubakergroup.com • www.brubakergroup.com

Quality advice grounded in traditional values

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY F. FROMPOVICZ, JR., CAROL FRAMPOVICZ, t/a FAR AWAY SPRINGS, Plaintiffs | : : : : : | NO. 1: CV-00-1750 |
| v. | : : | (HON. JUDGE CALDWELL) |
| UNION TOWNSHIP UNION TOWNSHIP BOARD OF SUPERVISORS et. al. Defendants | : : : : : | JURY TRIAL DEMANDED |

### CERTIFICATE OF CONCURRENCE

I certify that I have discussed the contents of the within Motion with Frank Lavery, Esquire, counsel for Defendant Union Township, who has indicated that he concurs in the relief requested.

I further certify that I attempted to contact Jonathan K. Hollin, Esquire, counsel for David Miller Associates, Inc. but was unable to speak with him. Jonathan Hollin concurred in the earlier Motion for Enlargement of Time and supports the terms of settlement that are anticipated once the special exception is granted. It is reasonably believed that, if available, he would concur in the present Motion.

Dated: December 21, 2001

Respectfully submitted,

_Thomas W. Scott_
Thomas W. Scott, Esquire
Attorney I.D. #15681
Killian & Gephart, LLP
218 Pine Street, P.O. Box 886
Harrisburg, PA 17108-0886
(717) 232-1851

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing on the following by depositing a true and correct copy in the United States Mail, postage prepaid, and via fax addressed as follows:

Frank J. Lavery, Jr., Esquire
Lavery, Faherty, Young & Patterson, P.C.
The Kunkel Building
301 Market Street, Suite 800
P.O. Box 1245
Harrisburg, PA 17108-1245
Fax: (717) 233-7003


Jonathan K. Hollin, Esquire
Powell, Trachtman, Logan, Carrle,
    Bowman & Lombardo
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Fax: (610) 354-9760


Teri B. Himebaugh, Esquire
220 Stallion Lane
Schwenksville, PA 19473


_____
Thomas W. Scott, Esquire
**Killian & Gephart**
218 Pine Street
P. O. Box 886
Harrisburg, PA 17108-0886
(717) 232-1851

Dated: December 21, 2001