# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY FROMPOVICZ, JR., CAROL FROMPOVICZ, t/a FAR AWAY SPRINGS<br><br>v.<br><br>UNION TOWNSHIP, UNION TOWNSHIP BOARD OF SUPERVISORS, SUPERVISOR BARRY L. SWANGER UNION TOWNSHIP BOARD OF SUPERVISORS, SUPERVISOR KENNETH A. KINDT UNION TOWNSHIP BOARD OF SUPERVISORS, SUPERVISOR DAVID A. CARBAUGH UNION TOWNSHIP BOARD OF SUPERVISORS, ZONING OFFICER DONALD TSHUDY, ZONING OFFICER WILSON JONES, DAVID MILLER ASSOCIATES, INC. | Civil Action No. 00-1750<br><br>(William Caldwell, United States District Judge)<br><br>**FILED SCRANTON**<br><br>DEC 26 2001<br><br>PER _____<br>DEPUTY CLERK |

*ORIGINAL*

32

12/26/01

## MOTION FOR SUMMARY JUDGMENT OF
## DEFENDANT DAVID MILLER ASSOCIATES, INC.

1.      The Movant is David Miller Associates, Inc., Defendant herein.

2.      The Respondents are Stanley Frompovicz, Jr., Carol Frompovicz t/a Far Away Springs, Plaintiffs herein.

3.      Plaintiffs allege that David Miller Associates, Inc. ("DMA") a civil engineering firm engaged in a conspiracy with Union Township, the Union Township Board of Supervisors, Supervisor Barry L. Swanger, Supervisor Kenneth A. Kindt, Supervisor David Carbaugh, Zoning Officer Donald Tshudy, and Zoning Officer Wilson Jones (collectively "Union Township Defendants") to deprive the Plaintiffs of their civil rights by delaying and/or denying the

KOP:207491v1 3445-03

Plaintiffs' September 1998 "Change of Use" application to use their property as a pig farm.

4.    When Plaintiffs initially responded to the Motions to Dismiss filed by DMA and the Union Township Defendants, they asserted that they were ***not*** *complaining of any conduct which took place prior to September 30, 1998*.  They further alleged animosity by employees of DMA toward the Plaintiffs such that it should be inferred, for purposes of the Motion to Dismiss, that DMA engaged in conspiracy with Union Township to deprive the Plaintiffs of their civil rights.  Interrogatories and the depositions of the Plaintiffs have disclosed that there is no such evidence.  A copy of the Interrogatories of David Miller/Associates, Inc. Addressed to Plaintiffs (Second Set) and Plaintiffs' Response to Defendant David Miller Associates' Interrogatory Requests (Second Set) are attached to the Appendix to David Miller Associates' Motion for Summary Judgment as Exhibit "A" and "B".

5.    DMA incorporates by reference the attached Material Facts to Which There Is No Genuine Dispute.

6.    Based upon said Material Facts, DMA is entitled to summary judgment as *inter alia*:

> a.    Donald Tshudy became employed by Union Township as it's Zoning Officer as of September 1, 1998 and DMA ceased acting as Interim Zoning Officer.  See Affidavits of Paul Bametzreider and Donald Tshudy attached to the Appendix as Exhibits "C" and "D" respectively.  Thus, the alleged involvement by DMA occurred *prior* to the time of which Plaintiffs' complain (or alternatively the alleged conduct of DMA falls outside the statute of limitations);

b.     There is no evidence of any animosity or conspiracy by any agent or employee of DMA (including Donald Tshudy while he was employed by DMA);

c.     DMA is protected by the doctrine of qualified immunity for any actions taken by Donald Tshudy while in their employ but acting as the interim Township Zoning Officer. He did not violate any clearly established law. Indeed, to the contrary, he acted at the direction of the Township Solicitor. See Affidavits attached to Appendix; and

d.     Based upon the prior adjudications of the Court of Common Pleas of Lebanon County and the Commonwealth Court of Pennsylvania, Plaintiffs' claims regarding their September 4, 1998 pig farm permit are barred by the doctrines of res judicata and collateral estoppel (copies of the Opinions are attached to the Material Facts as to which there is no dispute).

WHEREFORE, Defendant, David Miller Associates, Inc., respectfully request this Honorable Court enter judgment in its favor and against the Plaintiffs and, grant such other relief as deemed appropriate by the Court.

POWELL, TRACHTMAN, LOGAN,
CARRLE, BOWMAN & LOMBARDO, P.C.


Jonathan K. Hollin, Esquire
Attorneys for Defendant, David Miller
Associates, Inc.
475 Allendale Road, Suite 200
King of Prussia, PA 19406

KOP:207491v1 3445-03

Telephone: (610) 354-9700

Dated: December 21, 2001

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY FROMPOVICZ, JR., CAROL FROMPOVICZ, t/a FAR AWAY SPRINGS<br><br>v.<br><br>UNION TOWNSHIP, UNION TOWNSHIP BOARD OF SUPERVISORS, SUPERVISOR BARRY L. SWANGER UNION TOWNSHIP BOARD OF SUPERVISORS, SUPERVISOR KENNETH A. KINDT UNION TOWNSHIP BOARD OF SUPERVISORS, SUPERVISOR DAVID A. CARBAUGH UNION TOWNSHIP BOARD OF SUPERVISORS, ZONING OFFICER DONALD TSHUDY, ZONING OFFICER WILSON JONES, DAVID MILLER ASSOCIATES, INC. | Civil Action No. 00-1750<br><br><br><br>(William Caldwell, United States District Judge) |

## CERTIFICATE OF CONCURRENCE/NONCONCURRENCE OF DEFENDANT, DAVID MILLER ASSOCIATES, INC.

Counsel for Defendant, David Miller Associates, Inc., spoke to counsel for plaintiff, Terri Himebaugh, on Friday, December 21, 2001, and was advised that plaintiff will not concur with the relief requested in David Miller Associates, Inc.'s motion for summary judgment.  Frank Lavery, counsel for the Union Township Defendants, concurs in the requested relief.

_____
Jonathan K. Hollin, Esq.
Counsel for Defendant, David
Miller Associates, Inc.

Dated: December 21, 2001

KOP:208822v1 3445-03

## <u>CERTIFICATE OF SERVICE</u>

Jonathan K. Hollin, counsel for David Miller Associates, Inc., certifies that he forwarded a true and correct copy of the foregoing Motion for Summary Judgment of David Miller Associates, Inc. to counsel by regular U.S. mail at the addresses below:

Teri B. Himebaugh, Esquire
Law Offices of Teri B. Himebaugh
220 Stallion Lane
Schwenksville, PA 19473

Tom Scott, Esquire
Killian & Gephart
218 Pine Street
PO Box 886
Harrisburg, PA 17108-0886

Frank Lavery, Esquire
Laverty, Faherty, Young & Patterson P.C.
P.O. Box 1245
Harrisburg, PA 17108-1245

POWELL, TRACHTMAN, LOGAN,
CARRLE, BOWMAN & LOMBARDO, P.C.

By: _____
Jonathan K. Hollin

Dated: December 21, 2001

KOP:207491v1 3445-03

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STANLEY FROMPOVICZ, JR.,<br>CAROL FROMPOVICZ, t/a FAR AWAY<br>SPRINGS<br><br>v.<br><br>UNION TOWNSHIP,<br>UNION TOWNSHIP BOARD OF<br>SUPERVISORS,<br>SUPERVISOR BARRY L. SWANGER<br>UNION TOWNSHIP BOARD OF<br>SUPERVISORS,<br>SUPERVISOR KENNETH A. KINDT<br>UNION TOWNSHIP BOARD OF<br>SUPERVISORS,<br>SUPERVISOR DAVID A. CARBAUGH<br>UNION TOWNSHIP BOARD OF<br>SUPERVISORS,<br>ZONING OFFICER DONALD TSHUDY,<br>ZONING OFFICER WILSON JONES,<br>DAVID MILLER ASSOCIATES, INC. | Civil Action No. 00-1750<br><br><br><br>(William W. Caldwell, United States District<br>Judge) |

**MATERIAL FACTS NOT IN DISPUTE SUBMITTED IN CONJUNCTION WITH
DAVID MILLER ASSOCIATES, INC.'S MOTION FOR SUMMARY JUDGMENT**

**Material Facts Not in Dispute**

1.      Plaintiff Stanley Frompovicz testified that he is a "developer" who has, over the years, filed at least fifty (50) permit applications. (Deposition of Stanley F. Frompovicz, Jr., page 190). The deposition of Stanley Frompovicz is attached to the Appendix as Exhibit "E".

2.      From February 12, 1997 to October 8, 1997, David Miller Associates was appointed as interim acting zoning officer for Union Township. From October, 1997 until July 31, 1998 Wilson Jones was the zoning officer for Union Township.

3.    At no time was Wilson Jones an employee of David Miller Associates.

4.    From August 1, 1998 until August 28, 1998, David Miller Associates was again appointed the interim zoning officer for Union Township. That role was filled by it's employee Donald Tshudy.

5.    On August 28, 1998, Mr. Tshudy resigned from David Miller Associates and became employed directly by Union Township as it's zoning officer as of September 1, 1998. (See Affidavit of Paul Bametzreider attached as Exhibit "C" to the Appendix and Deposition of Stanley Frompovicz pg. 171).

6.    At no time did Plaintiffs have any direct contact with *any* employee of David Miller Associates with the exception of Donald Tshudy and then, only at the times that he was acting as zoning officer for Union Township prior to September 1, 1998. (Deposition of Stanley F. Frompovicz, Jr., pages 167-168; Deposition of Carol Frompovicz pg. 18-19). A copy of the deposition transcript of Carol Frompovicz is attached to the Appendix as Exhibit "F".

7.    Plaintiffs' Complaint was filed in this matter on October 3, 2001.

8.    Any contact the Plaintiffs had with Mr. Tshudy was at the Union Township municipal offices. (Deposition of Stanley F. Frompovicz, Jr., page 168).

9.    All conduct of which Plaintiffs complain in this litigation occurred on or after September 30, 1998 (see Plaintiff's Brief in Opposition to Union Township's Motion to Dismiss - Section 3 Statute of Limitations).

10.    Plaintiffs had no contact or communication with any employee of David Miller Associates on or subsequent to September 30, 1998.

11.    Plaintiffs testified that they had no evidence that Mr. Tshudy did anything wrong

with respect to them or their applications up to and including the time of their August 17, 1998 meeting with him. (Deposition of Stanley F. Frompovicz, Jr., pages 165-166; Deposition of Carol Frompovicz pg. 21).

12.    At no time while he was employed by David Miller Associates, did Mr. Tshudy say or do anything with respect to Plaintiffs which would leave them to believe or contend that he had personal animosity toward them. (Deposition of Stanley F. Frompovicz, Jr., pages 212-215; Deposition of Carol Frompovicz pg. 19).

13.    Plaintiffs' complaint with respect to David Miller Associates (vicariously through Mr. Tshudy) is that on or about August 17, 1998, they allegedly asked Mr. Tshudy to give them written assurance that they could use their property as a pig farm and that he did not give that written assurance despite the fact that someone drafted a letter to them (Exhibit 11 to the deposition of Stanley Frompovicz) which letter was not sent. (Deposition of Stanley F. Frompovicz, Jr., pages 171-172, 201).

14.    Plaintiffs acknowledge and their Complaint pleads that, at the August 17,1998 meeting, Mr. Tshudy told the Plaintiffs he would take up their request with the Township Solicitor. (Complaint, paragraph 22, deposition of Stanley Frompovicz, page 192).

15.    As Mr. Tshudy said he would, he passed the Plaintiffs' request for a written assurance on to the Township Solicitor, Paul Bametzreider. After researching the matter, Mr. Bametzreider advised Mr. Tshudy that as Acting Zoning Officer, his authority was limited by the Zoning Ordinance. Further, that the Zoning Ordinance did not give Mr. Tshudy the power to issue advisory opinions or written assurance letters. Mr. Tshudy followed the legal advice of the Township Solicitor advising that he did not have the authority to issue a written assurance letter

such as had been requested by the Plaintiffs and, accordingly, did not issue such an assurance letter. See Affidavit of Donald Tshudy attached to the Appendix as Exhibit D and Affidavit of Paul Bametzreider, Township Solicitor, attached to the Appendix as Exhibit C.

16.     Not receiving the requested written assurance, on September 4, 1998, the Plaintiffs (along with an entity called "Prime Funding, Inc.") filed a "Change of Use Permit Application" with Union Township.  This Application was denied by the Union Township Zoning Officer Donald Tshudy on or about September 30, 1998.  (Deposition of Stanley F. Frompovicz, Jr., pages 217-218.)

17.     The Plaintiffs appealed the denial of their September 4, 1998 "Change of Use Permit Application" to the Union Township Zoning Hearing Board which, upheld the denial. (Deposition of Stanley F. Frompovicz, Jr., pages 218-219).

18.     The Plaintiffs appealed the decision of the Union Township Zoning Hearing Board to the Lebanon County Court of Common Pleas which in a decision authored by the Honorable John C. Tylwalk on April 7, 1999 affirmed the decision of the Zoning Hearing Board. A true and correct copy of Judge Tylwalk's Opinion is attached to the Appendix as Exhibit "G". (Deposition of Stanley F. Frompovicz, Jr., page 219).

19.     Plaintiffs appealed Judge Tylwalk's decision of April 7, 1999 which had affirmed the denial of their September 4, 1998 "Change of Use Permit" to the Commonwealth Court. (Deposition of Stanley F. Frompovicz, Jr., page 219).

20.     Plaintiffs had argued to Judge Tylwalk that they were being treated in a discriminatory fashion because Union Township had issued a permit to George Christianson/IC Farms but not them.  Judge Tylwalk held, in his Opinion, that, unlike the Plaintiffs, IC Farms had

sought and met the conditions for a building permit.

21.    The Commonwealth Court of Pennsylvania affirmed Judge Tylwalk's April 7,

1999 decision on October 18, 1999.  A true and correct copy of the Commonwealth Court's

Order and Opinion is attached to the Appendix as Exhibit "H".  Before the Commonwealth

Court, the Plaintiffs again argued that the Ordinance was discriminatorily applied against them

and that they were treated differently from a prior applicant, George Christianson, "who allegedly

submitted a virtually identical application months earlier".  The Commonwealth Court stated that

the Plaintiffs claimed that "Christianson's application seeking the placement of a pig farm in the

Agricultural Zoning District was not denied but, was held until certain plans and additional

information was received".  Commonwealth Court Opinion, Page 7.  The Commonwealth Court

noted:

> "In response, the Township contends that the Christianson application is factually
> distinguishable from Owner's application and has no bearing on the instant case.
> We agree.
>
> The comparison of Christianson's Permit Application and Owners' Permit
> Application clearly reveals that they were significantly different.  As the
> Township maintains, Christianson applied in writing for a permit to construct a
> new structure on his property for the purpose of conducting intensive animal
> husbandry.  *See* Christianson's Building and Zoning Permit Application; R.R.4a.
> Owners, however, did not request a permit to construct a building to conduct a
> particular use.  Instead, they requested a permit only for a "Change in Use."  *See*
> Owners' Building and Zoning Permit Application; R.R.11a.  As discussed above,
> the Board correctly determined that no Building/Zoning Permit is needed for a
> change in use for that use, i.e. intensive animal husbandry, as a permitted use in
> the Agricultural Zoning District under Section 402.1(C) of the Ordinance.
>
> As the Trial Court correctly noted: "Since the two (2) applications were not for
> the same purpose, we do not find that there was discrimination against the
> Frompoviczes in the Zoning Officer's application of the Zoning Ordinance.""

22.     David Miller Associates, as Township Engineer, reviews plans or drawings for Union Township only when requested by the appropriate township official.  See Affidavit of Paul Bametzreider, Township Solicitor.

23.     Wilson Jones, the Zoning Officer for Union Township from October, 1997 to July, 1998 testified at a Zoning Board hearing on November 23, 1998 that, at no time, did he request David Miller Associates to review any plans or applications involving the Plaintiffs. (Notes of Testimony Zoning Board Hearing November 23, 1998, page 12).  The relevant portion of said Notes are attached to the Appendix as Exhibit "I".

24.     Plaintiffs testified that they had no information that that testimony by Mr. Jones was incorrect.  (Deposition of Stanley F. Frompovicz, Jr., pages 237-238).

25.     There is no evidence that David Miller Associates was at any time asked to opine upon any permit application submitted by the Plaintiffs.  In fact, it was not.  See Affidavit of Paul Bametzreider.  (See also deposition of Stanley Frompovicz pg. 201).

26.     There is no evidence David Miller Associates ever suggested to or directed Union Township to deny any permits to Plaintiffs dealing with their pig farm applications.

27.     On April 14, 1999, Union Township passed Ordinance No. 75 creating a special exception for intensive animal husbandry which exception allows for pig farming.  A true and correct copy of the Ordinance No. 75, is attached to the Stanley Frompovicz deposition transcript as Exhibit "18".

28.     On May 31, 2000 and June 22, 2000, the solicitor for Union Township wrote to Plaintiff's counsel advising of the limited conditions necessary to get the special exception for pig farming and confirming to them that pig farming was permitted within the context of the

KOP:204955v1 3445-03                                6

special exception.  Mr. Frompovicz testified that he received said letters copies of which were marked at his deposition as Exhibits 19 and 20.

29.    To date, the Plaintiffs *have not* filed for a special exception to operate a pig farm.

30.    Plaintiff does not really want to operate a pig farm on his property.  Rather, he wishes to operate a water extraction and pumping business.

31.    Prior to filing their Complaint in connection with this litigation, Plaintiffs had sought permission from Union Township to operate a water extraction business despite the agricultural zoning of their property.  In or about February, 1998, Union Township, through Zoning Officer Wilson Jones, refused the Plaintiffs' Permit Application in connection with their proposed water extraction operation.  The Plaintiffs appealed that decision to the Union Township Zoning Hearing Board which on July 28, 1998 affirmed the Zoning Officer. (Deposition of Stanley Frompovicz pgs. 51-52).

32.    The Plaintiffs appealed the Zoning Hearing Board decision to the Lebanon County Court of Common Pleas which held per the Honorable John C. Tylwalk, that given the zoning of the property, the Plaintiffs were not permitted to operate a water extraction operation at the property.  (Deposition of Stanley Frompovicz, pg. 51-53.)  A true and correct copy of Judge Tylwalk's Order and Opinion dated January 13, 1999 is attached to the Stanley Frompovicz deposition transcript as Exhibit "5".

33.    The Plaintiffs appealed Judge Tylwalk's decision to the Commonwealth Court of Pennsylvania which in a decision issued on October 6, 1999 held that the Plaintiffs were not permitted to maintain a water extraction operation on the property and that the Zoning Officers' refusal to issue the permit.  (Deposition of Stanley Frompovicz pg. 54-55).  A true and correct

copy of the October 6, 1999 Memorandum Opinion is attached to the Stanley Frompovicz

deposition transcript as Exhibit "6".

     34.    There is no evidence that David Miller Associates engaged in a conspiracy with

anyone to violate the Plaintiffs' civil rights.

     35.    There is no evidence that any action or inaction of David Miller Associates with

respect to the Plaintiffs was as a result of any animosity or improper purpose.

                 POWELL, TRACHTMAN, LOGAN,
                 CARRLE, BOWMAN & LOMBARDO, P.C.

                 Jonathan K. Hollin

Dated: December 21, 2001

## CERTIFICATE OF SERVICE

Jonathan K. Hollin, counsel for David Miller Associates, Inc., certifies that he forwarded a true and correct copy of the foregoing Motion for Summary Judgment to counsel by regular U.S. mail and via facsimile, at the addresses below:

Tom Scott, Esquire
Killian & Gephart
218 Pine Street
PO Box 886
Harrisburg, PA 17108-0886

Teri B. Himebaugh, Esquire
Law Offices of Teri B. Himebaugh
220 Stallion Lane
Schwenksville, PA 19473

Frank Lavery, Esquire
Laverty, Faherty, Young & Patterson P.C.
P.O. Box 1245
Harrisburg, PA 17108-1245

POWELL, TRACHTMAN, LOGAN,
CARRLE, BOWMAN & LOMBARDO, P.C.

By: _____

Jonathan K. Hollin

Dated: December 21, 2001

KOP:204955v1 3445-03                                       9